**QUALIFICATIONS OF PETER M. SCOTTI, MAI**
**RHODE ISLAND STATE CERTIFIED**
**RHODE ISLAND CERTIFICATION NO. A00110G**
**MASSACHUSETTS CERTIFICATION NO. 2805**
**REALTOR AND APPRAISAL SPECIALIST**
**PETER M. SCOTTI & ASSOCIATES**

Engaged in Real Estate business for 30 years.

W. Henry Coleman, Inc., Office Manager, 1974-1980
Providence Land Co., Treasurer/Principal, 1980-1983
Henry W. Cooke Co., Chief Appraiser/Principal, 1983-1988
Peter M. Scotti & Associates, President, 1988-Present

Licensed Real Estate Broker State of Rhode Island, License #B14864
Licensed Real Estate Appraiser, State of Rhode Island, License #A00110G
Licensed Real Estate Appraiser, Commonwealth of Massachusetts, License #2805
Graduate of Washington and Jefferson College, Bachelor of Arts Degree, Political Science

Member:

Appraisal Institute Member, MAI
Greater Providence Board of Realtors/Board of Directors, 1987
Vice President, R.I.A.R./CID, 1989
Chairman Rhode Island Appraisal Board 2003
National Association of Realtors
Greater Providence Chamber of Commerce

Successfully completed the following:

| | |
|---|---|
| GRI - | Course #1 & #2 |
| SREA - | Course #101 - Introduction to Appraising Real Property- Challenged 1986 |
| | Course #102 - Applied Property Valuation - Challenged 1986 |
| American Institute - | Course #201 - Principles of Income Property Appraising - 1989 |
| | Course #202 - Applied Income Property Valuation - 1989 |
| | Course #413 - Professional Practice Seminar - 10/89 |
| | Course #1410 - Standards of Professional Practice Part A - 3/93 |
| | Course #1410 - Standards of Professional Practice Part B - 12/95 |
| Appraisal Institute - | USPA Update – 1/97 |
| | Course #430 – USPAP – 4/98 |
| | USPAP -4 /03 |
| | Course #600 – Income Valuation Mixed Use – 3/01 |
| Seminars - | Appraising Apartments Seminar |
| | FNMA/Multi-Family, Condo Seminar & Workshop - 7/90 |
| | Demonstration Report Seminar - 11/91 |
| | Comprehensive Review Seminar - 2/93 |
| | Appraisal of Complex Residential Properties - 3/93 |
| | Feasibility Analysis - 5/93 |
| | Valuation of Leased Fee Interest - 10/93 |
| | Appraising Troubled Properties Seminar - 6/94 |
| | Highest & Best Use Seminar |
| | Market Extractions Income Properties - 4/95 |
| | Appraisal Practices for Litigation - 9/95 |
| | Mock Trial Seminar - 9/95 |

Economic Factors in Real Estate Appraisal - 4/96
Comprehensive Appraisal Workshop - 9/96
Appraising 1-4 Family Income Properties – 11/96
Eminent Domain & Condemnation – 10/97
Expert Witness – 2/97
High-Tech Appraisal Office – 2/97
Appraising High Value & Historic Homes – 3/97
Economic Factors in RE Appraisal – 3/97
Data Collection, Analysis & Rep. – 10/97
Loss Prevention – 11/97
Condemnation Case Studies – 2/98
Zoning Ordinances – 3/98
Issues – Appraising Lodging Properties – 9/99
Local Economic – 5/01
Real Estate Disclosure – 11/01

Instructor - University of Rhode Island, Extension Division
"Introduction to Real Estate Appraisal"
"Fundamentals of Real Estate"
"Income Property Appraisal"
Guest Lecturer, Johnson & Wales College,
"Fundamentals of Real Estate"

Qualified as an Expert Witness in the following Cities and/or Towns, Zoning Board of Review:

Barrington, Bristol, Burrillville, Central Falls, Coventry, Cranston, Cumberland, East Greenwich, East Providence, Exeter, Foster, Glocester, Jamestown, Johnston, Lincoln, Middletown, Narragansett, Newport, New Shoreham, North Kingstown, North Providence, Pawtucket, Portsmouth, Providence, Richmond, Smithfield, South Kingstown, Tiverton, Warren, Warwick, West Warwick, Seekonk, MA.

Town of Barrington, Tax Review Board
Town of Bristol, Tax Review Board
City of Cranston, Tax Review Board
Town of Cumberland, Town Council
Town of Johnston, Tax Review Board
Town of Lincoln, Town Council
Town of Narragansett, Tax Review Board
Town of North Kingstown, Tax Review Board
Town of North Kingstown, Town Council
Town of North Providence, Town Council
City of Pawtucket, Tax Review Board
City of Providence, Tax Review Board
Town of South Kingstown, Tax Review Board
City of Warwick, Tax Review Board
Town of West Greenwich, Tax Review Board

Qualified as a Real Estate Expert to Testify:
Family Court, District Court, Superior Court - State of Rhode Island; United States Bankruptcy Court; U.S. District Court

Appraisals for:

Fleet National Bank
Citizens Trust Company
First Bank & Trust Company
Bank Rhode Island
Home Loan & Investment Co.
First International Bank of New England
First Bank & Trust Company
Compass Bank, Massachusetts
Westminster Development Bank
Union Bank
Greenwood Credit Union
Coastway Credit Union
Merrill-Lynch Relocation
Home-Equity
Texaco Corporation
Merritt Oil Co.
Blue Cross/Blue Shield
Metropolitan Insurance Corporation
Puritan Life Insurance Company
City of Providence
City of Woonsocket
City of Pawtucket
Town of North Kingston
Town of Middletown
Town of Richmond
Town of Somerset
Town of Portsmouth
Coastal Resource Management Council/State of Rhode Island
Department of Environmental Management/State of Rhode Island
Department of Transportation/State of Rhode Island
Department of Administration / State of Rhode Island
State of Rhode Island Port Authority
United States GSA/U.S. Small business Administration
Rhode Island Housing Mortgage Finance Corporation
Bristol County Water Authority
Providence Water Supply Board
Edwards & Angell
Winograd, Shine & Zacks
Blais, Cunningham, Crowe, Chester
Lynch & Greenfield
Carroll, Kelly & Murphy
Boyajian, Harrington & Richardson
Hinckley, Allen, Snyder & Comen
Adler Pollack & Sheehan
Vetter & White

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

1999 FEB 11 A 10: 23
BANKRUPTCY COURT
DISTRICT OF
RHODE ISLAND

In re:

C. R. AMUSEMENTS, LLC
Debtor

BK-R99-10154
CHAPTER 7

TRUSTEE'S APPLICATION TO EMPLOY REAL ESTATE BROKER

The application of Andrew S. Richardson, trustee represents:

1. On the 14TH day of January, 1999, the debtor filed a petition herein under Chapter 7 of the Bankruptcy Code.

2. The debtor's primary asset is a parcel of real estate located in Warwick, Rhode Island consisting of approximately 124 acres.

3. The principals of the debtor and the largest secured creditor have advised the trustee that they want the real estate sold by the trustee in this proceeding.

4. The trustee wishes to employ a real estate agent to assist the trustee in selling the real estate owned by the debtor located in Warwick, Rhode Island.

5. Peter M. Scotti is a real estate principal at Peter M. Scotti & Associates, 246 Hope Street, Providence, Rhode Island 02906, and is familiar with the subject property.

6. Peter M. Scotti represents no interest adverse to the estate of the debtor and has experience in the matters for which the services are to be rendered.

7. Your applicant has selected said real estate agent because he specializes in the sale of real estate.

8. It is necessary for the trustee to employ a real estate agent to render such professional services.

9. To the best of the trustee's knowledge, Peter M. Scotti & Associates is a

disinterested party and has no connection with the creditors or any party in interest or their respective attorneys which would preclude them from performing services for the estate.

10. Applicant believes that the employment of Peter M. Scotti & Associates would be in the best interest of this estate.

WHEREFORE, the trustee prays that he be authorized to employ and appoint Peter M. Scotti & Associates as a real estate agent in this proceeding under Chapter 7 of the Bankruptcy Code at a rate of compensation to be determined by the Court.

Within ten (10) days after service (twenty [20] days for U.S. government officers and agencies thereof), any party against whom a "pleading" is filed, or any other party to the action who objects to the relief sought therein, shall serve and file an objection to that pleading. If no objection is filed to a pleading within the time prescribed herein, the pleading will be deemed unopposed and will be granted, unless (1) the requested relief is prohibited by law; or (2) the requested relief is against public policy; or (3) in the opinion of the Court the interest of justice requires sua sponte denial of the unopposed motion.

Andrew S. Richardson, Trustee
Boyajian, Harrington & Richardson
182 Waterman Street
Providence, RI 02906
Tel. (401) 273-9600
Fax. (401) 273-9605

Dated: February 5, 1999

Granted Denied Approved

Arthur N. Votolato
U.S. Bankruptcy Judge
Date: 2/26/99

Entered on docket
Date 2/26/99

July 18, 2003

Mr. M.C. Ponte, Jr.
Irving Shechtman & Co. Inc.
1006 Reservoir Avenue
Cranston, RI 02910

**Re: Auction – Rocky Point**

Enclosed is a list of my customers for Rocky Point to be registered with you prior to the auction. If you should have any questions, please do not hesitate to contact me at (401) 421-8888.

Best regards,

Peter M. Scotti, MAI
President

Cc: Stephen J. Shechtman, Esq.
Andrew S. Richardson, Esq.

**Honorable Philip Noel**
**McGovern, Noel & Benik**
**One BankBoston Plaza**
**Providence, RI 02903**

Mr. James L. Carr, Jr.
J. Carr & Sons, Inc.
100 Royal Little Drive
Providence, RI 02904-9088

**Mr. Howard Kaufman,EVP**
**Leyland Development**
**16 Sterling Lake Road**
**Tuxedo, NY 10987-9735**

**Mr. Michael J. Walton, EVP**
**Realty Financial Partners**
**10 Post Office Square, Ste.750**
**Boston, MA 02109**

**Mary Boorman**
**Pinnacle Communites, Ltd.**
**225 Millburn Ave., Ste. 209**
**Millburn, NJ 07041**

**Mr. Richard Kirby**
**Macktaz, Keefer & Kirby**
**72 Pine Street**
**Providence, RI 02903**

**Senator Jack Reed**
**Federal Building**
**Kennedy Plaza**
**Providence, RI 02903**

**Mr. Andrew Montelli**
**Fairfield Residential**
**1424 Post Road**
**Fairfield, CT 06403**

**Mr. Ted Adams**
**Adams World**
**136 Grosvenor Rd.**
**Needham, MA 02492**

**Mr. Rick Terrill**
**Fafard Real Estate**
**290 Eliot Rd.**
**Ashland, MA 01721**

**John Rocchio Corp.**
**Attn: John Rocchio**
**20 Lark Industrial Pkwy.**
**Smithfield, RI**

**Mr. Steve Richmond**
**444 Angell St.**
**Providence, RI 02906**

**Mr. Bill Sikes**
**323 Great Island Rd.**
**Narragansett, RI 02882**

**Mr. Al Malpa**
**Leaders Real Estate**
**276 Main St.**
**Farmington, CT 06032**

**Mr. Joe Harney**
**Alexander Assocs.**
**11 Alexander Rd.**
**Hopkinton, MA 01748**

Mr. Larry Gothesdiener
2150 Washington Street
Newton, MA 02462

Mr. Gary Adelson
34 Brantwood Rd.
Arlington, MA 02476

Mr. Dan Lynch
Atlantic Retail Prop.
71 Second Ave.
Waltham, MA 02451

Mr. Ted Tylaska
H.T. Ashfort Co.
38 Bayside
Noank, CT 06340

Mary Kerr-Lynch
Palmer-Russel Co.
1284 Bacon St.
Brookline, MA 02446

Mr. Patrick Wheyland
Archstone Properties
9970 East Progress Cr.
Englewood, CO 80111

Mr. Richard Fahey
Trammell-Crow
125 High Street
Boston, MA 02110

Mr. Paul M. Tortora
Albert B. Ashforth, Inc.
300 Summer St.
Stamford, CT 06905-4392

Mr. Paul Halloran
Real Estate Services
2 Owings Stone Rd.
Barrington, RI 02806

Patricia Gips
Westwod Exec.Center
200 Lowder Brook Dr.
Suite 2000
Westwood, MA 02090

Mr. Rick Mulvee
Tower Realty Group
1750 Elm Street
Suite 801
Manchester, NH 03104

Mr. Christopher Brocheau
Picerne Properties
75 Lambert Lind Hwy.
Warwick, RI 02886

Mr. James Callahan
269 Chapman St.
Canton, MA 02021

Thomas A. Tarro, III, Esq.
The Summit East-Ste.330
300 Centerville Rd.
Warwick, RI 02886

Mr. Bal Ross
The Providencia Partnership
1450 S. Johnston Ferry Rd.
Atlanta, GA 30319

Mr. Whitney Hatch
Trust for Public Land
33 Union Street
Boston, MA 02108

Mr. Andew McLord
Trust for Public Land
33 Union Street
Boston, MA 02108

H. Curtis Spalding
Save the Bay
434 Smith Street
Providence, RI 02908

Mr. Gerald F. Cerce
Management Solutions
10 Dorrance Street
Ste. 500
Providence, RI 02903

Mr. Scott Abedisian
200 Atlantic Avenue
Warwick, RI 02888

Dr. Anthony Guglielmi
108 Orchard Meadow Dr.
Smithfield, RI 02917

Mr. Patrick Luce
Warwick Beacon
1944 Warwick Ave.
Warwick, RI 02889

Mr. Steven Lewenstien
PO Box 2341
Boston, MA 02208

Mr. Arnold B. Chace
731 Old Hospital Trust
Providence, RI 02903

Mr. Robert Gilbane
Gilbane Bldg.Co.
7 Jackson Walkway
Providence, RI 02903

Mr. Tim Fay
Churchill & Banks, Ltd.
167 Point St.
Providence, RI 02903

Mr. Fred Carpionato
Carpionato Properties, Inc.
1414 Atwood Avenue
Johnston, RI 02919

Mr. John Picerne
Picerne Properties
75 Lambert Lind Hwy.
Warwick, RI 02886

Mr. Richard Colardo
Colardo Real Estate
1481 Atwood Avenue
Johnston, RI 02919

Mr. Austin Ferland
Ferland Corp.
30 Monticello Rd.
Pawtucket, RI 02861

Mr. Lee Castignetti, Jr.
Toll Brothers, Inc.
321 Commonwealth Road
Suite 102
Wayland, MA 01778

Mr. James Sullivan
Diocese of Providence
One Cathedral Sq.
Providence, RI 02903

Mr. Ronald Marsella
Marsella Development
1 Citizens Plaza
Providence, RI 02903

Mr. Frank Paolino
F. Paolino Homes Inc.
1150 New London Ave.
Cranston, RI 02920

Mr. Joseph Paolino, Jr.
Paolino Properties
76 Dorrance St.
Providence, RI 02903

Mr. David Wasserman
Wasserman Associates
174 Wickenden Street
Providence, RI 02903

Mr. Nicholas Cambio
Universal Properties
207 Quaker Lane
West Warwick, RI 02893

Mr. Robert Peretti
1536 Westminster St.
Providence, RI 02903

Mr. Carl D. Marcello
Las Vegas Development Co.
4813 Paradise Road
Las Vegas, NV 89109

Mr. Lee Castignetti, Jr.
Toll Brothers, Inc.
321 Commonwealth Road
Ste. 102
Wayland, MA 01778

Mr. John Gervasio
Real Estate Services
43 Jodi Drive
Wallingford, CT 06492

Mr. Mattew B. Winn, VP
Starwood Asset Management
591 West Putnam Avenue
Greenwich, CT 06830

Mr. Matthew B. Winn, VP
Starwood Asset Management, LLC
591 West Putnam Avenue
Greenwich, CT 06830

William Lonergan
Commercial Facilities
10 Vaughn Mall
Suite 4
Portsmouth, NH 03801

Mr. Robert DePasquale
1565 Douglas Avenue
North Providence, RI 02904

Mr. Gary Coltek
Providencia Partnership
1450 S. Johnston Ferry Rd.
Atlanta, GA 30319

Mr. Brian M. Morris
MorPak
PO Box 911
East Greenwich, RI 02818

Mr. Ernest Johnson
PM Realty Group
910 Travis Street
Suite 1000
Houston, TX 77002

Mr. Philip F. Godfrin
Kimberly Corporation
176 Eddie Dowling Highway
N. Smithfield, RI 02896

Mr. Ted Harrison
The Trust for Public Land
418 Montezuma Street
Santa Fe, NM 87501

Mr. Christopher V. Basso
President
Quench Design Group, Inc.
99 Chestnut Street
Providence, RI 02903

The Newton Group, LLC
Stephen D. Puliafico
100 Second Avenue
Needham, MA 02494

Mr. Keith Lowey
Pertolino & Lowey
124 Washington St.
Foxborough, MA 02035

Mr. John Gervasio
Real Estate Services
43 Jodi Drive
Wallingford, CT 06492

Mr. Stephen D. Puliafico
the Newton Group, LLC
100 Second Avenue
Needham, MA 02494

Paul P. Mihailides
Bernard Golf
2091 Nooseneck Hill Rd.
Coventry, RI 02816

Mr. James P. Sabra
Equity Real Estate Inc.
362 Prospect Street
Fall River, MA 02720

Mr. David W. Ferdinand
Resorts Solutions Int'l.
PO Box 7322
Warwick, RI 02887

Mr. Douglas H. Anderson, President
Highland Management Group
354 Turnpike Street, Ste. 202
Canton, MA 02021

Mr. Steven J. Maun, President
Leyland Development, LLC
16 Sterling Lake Road
Tuxedo, NY 10987-9735

Lino C. Bernardo
Marriott
Senior Living Services
Marriott Dr., Dept. 831.60
Washington, DC 20058

David Skidmore
Hunneman New Homes
159 Belmont St.
Southeaston, MA 02375

Mr. Michael F. Geisser
Senior Project Manager
Beta Engineering, Inc.
6 Blackstone Valley Place
Lincoln, RI 02865

Mr. Randall L. Harwood
Cushman & Wakefield
125 Summer Street, Ste. 1500
Boston, MA 02110

BOYAJIAN, HARRINGTON & RICHARDSON COUNSELLORS AT LAW

JOHN BOYAJIAN
ALDEN C. HARRINGTON
ANDREW S. RICHARDSON

THOMAS P. QUINN

182 WATERMAN STREET
PROVIDENCE
RHODE ISLAND 02906
(401) 273-9600
FAX 273-9605

April 18, 2003

**VIA FACSIMILE (202-481-0324) and FIRST-CLASS MAIL**

Attorney Arlene M. Embrey
Office of the General Counsel
United States SBA
409 3rd St., S.W., 7th Floor
Washington, DC 20416

RE: C. R. Amusements, LLC

Dear Arlene:

Pursuant to your request, I am writing to you with respect to the issue of compensation for me and my firm for services rendered in this matter as well as the issue of compensation to Scotti & Associates for their efforts toward the sale of the Rocky Point property.

By way of background, C. R. Amusements filed its Chapter 7 bankruptcy petition in February of 1999. I was appointed as trustee and I undertook an investigation with respect to the value of the debtor's property and the amount of the encumbrances thereon. As a result of that investigation, I immediately determined that the amount of the mortgages and tax liens on the real estate in all probability exceeded its value.

Under these circumstances, I filed a "Trustee's Petition for Instructions" with the Bankruptcy Court. The specific purpose of this petition was to advise the Court of the fact that this case involved over-encumbered property which normally is not administered by a bankruptcy trustee. However, in this case all of the parties in interest - the owners of the property and the lienholders – were requesting that it be listed and sold by the bankruptcy trustee. The property had been subject to State Court receivership proceedings for a number of years and those proceedings had precluded any attempt to sell the property.

**VIA FACSIMILE (202-481-0324) and**
**FIRST-CLASS MAIL**
Attorney Arlene M. Embrey
Office of the General Counsel
United States SBA
April 18, 2003
Page Two

As a result of that hearing, and with the support of all parties in interest, including the predecessor in interest to the receiver, the Bankruptcy Court entered an Order on April 27, 1999 which authorized the trustee to lease the cottages at Rocky Beach, pay all expenses incurred by the estate for the property's preservation and protection, and retain a broker for the sale of the real estate. Furthermore, the Order specifically provided that the trustee could sell the real estate regardless of whether or not the proceeds were sufficient to pay all lienholders in full.

It was only as a result of the entry of that Order that I was prepared to go forward in this case. Over the course of the last four years, my firm has invested over 700 hours in performing both trustee functions and acting as counsel for the trustee pursuant to an Order of the Court dated March 10, 1999 authorizing the retention of Boyajian, Harrington & Richardson.

The administration of Rocky Point Park has been no easy task. The Park consists of approximately 125 acres which include a number of vacant and abandoned buildings. The Park has been a haven for trespassers, and more seriously, individuals who have committed repeated acts of vandalism against the property. During the course of this period of time, there has been one major fire which created significant concerns on the part of officials of the City of Warwick.

The trustee's duties have also included the leasing of approximately 50 cottages in Rocky Beach and handling all of the attendant responsibilities such as negotiating leases, ensuring the provision of services, and evicting tenants when necessary.

During this period of time, I have also been responsible for addressing three separate notices of violation from the R.I. Department of Environmental Management. Working with the D.E.M., I retained the services of environmental consultants and proceeded to clean up an abandoned dump area, remove underground storage tanks, remove numerous hazardous substances stored in Rocky Point buildings, and clean up an oil spill which ran into Narragansett Bay.

Besides these duties, I also spent a considerable period of time meeting with potential buyers of the property. These meetings generally involved an explanation of the legal status of the case as well as the procedures involved in a potential sale. A number of these buyers were actually referred to the receiver by my office, and as you are aware, we negotiated purchase and sale agreements on two separate occasions, the most recent one being for the purchase price of $9,000,000.

During the course of the proceeding, I have collected the sum of $490,000 and paid out expenses totaling $464,000, none of which have been paid to my firm. All of the expenses have related to payments for insurance, utilities (gas, electricity and water), services, trash/snow removal, etc., repairs, security, and the remediation of environmental problems.

It is my belief that most, if not all, of the expenses paid by me as trustee would qualify for reimbursement from the receiver as a secured creditor under the provisions of 11 U.S.C. §506(c). All of the expenses were specifically related to the maintenance and preservation of the property which forms the collateral for the receiver's claim. It is due to the fact that the estate has paid virtually all of these bills that it has been rendered administratively insolvent.

With respect to compensation, the trustee is normally compensated in two ways. First of all, the trustee receives a percentage of the funds disbursed under the provisions of 11 U.S.C. §326. In this case, the compensation calculates out to be approximately $27,000. However, a number of cases have held that the trustee's fees are not limited to those awarded under §326 in circumstances where the trustee has provided substantial services but, due to factors beyond his control, he was unable to fully administer the case. *See e.g.*, In re Washington, 232 B.R. 814 (Bankr. S.D. Fla. 1999); In re Collins, 210 B.R. 538 (Bankr. N.D. Ohio 1997). I would also note that at a recent hearing Judge Votolato awarded me the trustee's fee based upon a rate of $325 per hour.

With respect to the attorneys' fees, we routinely charge a bankruptcy estate $250 an hour for my services and $175 an hour for the services of my associate. These hourly rates have been approved by the Bankruptcy Court on a number of occasions. If I had been allowed to sell Rocky Point for $9,000,000, the trustee's fee alone would have been approximately $300,000.

Our firm undertook the substantial investment of time in this case on the basis that we would ultimately be fairly compensated for our services. After the appointment of the receiver in 2000, it was agreed that we would continue to administer this property. In doing so, we have relieved the receiver of having to perform most of the same functions which my office has been performing for the last three years.

**VIA FACSIMILE (202-481-0324) and**
**FIRST-CLASS MAIL**
Attorney Arlene M. Embrey
Office of the General Counsel
United States SBA
April 18, 2003
Page Four

Under the circumstances, I believe that a total fee for all services in this matter in the amount of $175,000 is reasonable. If this is agreeable, I would ask that the receiver agree to pay into the bankruptcy estate an amount sufficient to provide for this compensation as reimbursement of expenses under §506(c). Naturally, these fees would be subject to the approval of the Bankruptcy Court, and I also understand the receiver may need to get approval from the Federal District Court in order to make the payment.

With respect to Peter Scotti, he has also spent hundreds of hours on this matter. As requested, he will provide you with a complete list of all of the individuals and parties to whom he has showed this property. If one of these parties/entities ends up purchasing the property, it is certainly only fair that Mr. Scotti be compensated for having produced the buyer. He is requesting that he receive a commission of 4% of the purchase price if the ultimate buyer was a customer produced by him. As an alternative, Mr. Scotti would accept a payment now of $200,000 to release any claims to a commission.

Thank you for your consideration of this matter and I look forward to hearing from you.

Very truly yours,

Andrew S. Richardson

ASR:jla

cc: Thomas E. Carlotto, Esq. – **VIA FACSIMILE (272-1403) and First-Class Mail**
Shechtman Halperin Savage, LLP
86 Weybosset Street
Providence, RI 02903

Mr. Peter M. Scotti - **VIA FACSIMILE (331-3018) and First-Class Mail**
Peter M. Scotti & Associates
246 Hope Street
Providence, RI 02906

LAW OFFICES OF

# JEFFREY B. PINE ESQ.

A PROFESSIONAL CORPORATION

Jeffrey B. Pine
*Attorney General 1993-1999*

Thomas M. Dickinson

Harris K. Weiner
*Of Counsel*

321 South Main Street, Suite 302, Providence, RI 02903
TELEPHONE 401.351.8200 FAX 401.351.9032
www.pinelaw.com

*Attorneys are admitted in Rhode Island and Massachusetts*

April 7, 2004

FILE COPY

Attorney Arlene M. Embrey
Office of the General Counsel
United States Small Business Administration
409 3rd Street, S.W., 7th Floor
Washington, D.C. 20416

*Re: C.R. Amusements, LLC and United States v. Moneta Capital Corp., C.A. No.: 99-565L, U.S. District Court, D.R.I.*

Dear Attorney Embrey:

This office represents Peter M. Scotti and Associates (hereinafter "Scotti") in the sale of The Rocky Point property in Rhode Island. It has been reported in the local media that the buyer is one of the prospects that Scotti, though its marketing efforts and expertise, brought to the transaction and expressly identified to the Small Business Administration (hereinafter "S.B.A."). This letter serves as the second[1] written notice of Scotti's administrative expense claim for its earned real estate commission upon final sale of the property.

## Background

Rocky Point, which includes the site of the Rocky Point Amusement Park and a summer community, is over a mile of shoreline property on Narragansett Bay totaling approximately 124 acres. It is a federal receivership asset in the above-captioned matter involving Moneta Capital Corporation (hereinafter "Moneta"), a small business investment company which was petitioned into receivership by the United States Small Business Administration in February of 2000. Among the assets of Moneta is a majority membership in C.R. Amusements, LLC, a Rhode Island limited liability company (hereinafter "C.R. Amusements"). Moneta owns 51% of the LLC. At one point Moneta also held a mortgage and security interest on all of the assets of C.R. Amusements.

[1]The first written notice of Scotti's commission was by letter to you on April 18, 2003 from Bankruptcy Trustee Andrew Richardson, Esq.

That mortgage and security agreement were subsequently assigned and are currently held by a third-party corporation, Acropolis Enterprises, Inc.

C.R. Amusements filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Rhode Island in January of 1999 (BK. 99-10154). C.R. Amusement's assets include all of the real estate and property in Warwick, Rhode Island at the location commonly referred to as "Rocky Point Amusement Park".

Peter M. Scotti, the principal of Peter M. Scotti and Associates, is a duly licensed and experienced Rhode Island real estate agent whose firm was engaged, with federal bankruptcy court approval pursuant to 11 U.S.C. § 327, by the bankruptcy trustee for C.R. Amusements to market Rocky Point. The S.B.A, as a creditor in the bankruptcy case, was fully aware of Scotti's engagement.

Scotti aggressively marketed the property from April 1999 through July 2003. These efforts included, but were not limited to, researching the property, developing marketing packages, identifying prospects, soliciting prospects, coordinating negotiations between prospects and local government officials regarding permitting, targeted mailings and advertisements, serving as an information clearing house, showing the property to prospects, negotiating terms, orchestrating a preliminary auction and serving as a liaison to the bankruptcy trustee. All this was done with the S.B.A's knowledge.

By letter to auctioneer M.C. Ponte, Jr. of Irving Schechtman & Co., Inc., dated July 18, 2003, and copied to the S.B.A's local counsel and the bankruptcy trustee, Scotti notified the S.B.A that Arnold Goodstein was among its prospects for the property. Further, Scotti identified Toll Brothers, Inc. as a prospect. The S.B.A had this information.

The bankruptcy trustee and Scotti planned a preliminary auction to identify the best prospects and generate competition among them. While these plans were underway, Scotti presented several offers to the bankruptcy trustee for as much as $12.5 million.

In July 2003, the receiver conducted an auction at which the S.B.A purchased the property for $8.5 million. The great majority of the bidders at the S.B.A's auction were Scotti's identified prospects with whom it had worked on this project.

In November 2003, the local media reported that Arnold Goodstein, a developer from the South to whom Scotti had presented Rocky Point, had agreed to purchase the property for $25 million. It was further reported that Goodstein's purchase is in conjunction with Toll Brothers, Inc. or one of its subsidiaries. Scotti was the procuring cause of this agreement.

## Legal Discussion

"It is the well-settled law of this state that when a broker is the effective agent in bringing about a sale or, stated otherwise, if he is the procuring cause, that is, a sale results from his efforts or negotiations, he is entitled to a commission even though the sale actually was accomplished through other persons." Gettler v. Caftier, 165 A.2d 730 (R.I. 1960). "That such a broker was the effective agent, or the procuring cause, may be established by showing that he was the first broker to interest the prospective purchaser in the property, that he caused such purchaser to inspect or view the property, and that he conducted negotiations concerning a sale thereof." Kirby v. Weiler, 276 A.2d 285 (R.I. 1971). These indicia of procuring cause are all present in the facts supporting Scotti's claim.

It would be inequitable for the S.B.A to unjustly enrich the receivership by avoiding payment of Scotti's earned fee. See Rustigian v. Celona, 478 A.2d 187 (R.I. 1984). Moreover, the S.B.A's above-referenced knowledge of Scotti's engagement and activities as well as the S.B.A's own actions, estop the receiver from denying payment of Scotti's commission. See Judd Realty, Inc. v. Tedesco, 400 A.2d 952 (R.I. 1979). In fact, you as the S.B.A's authorized agent represented to the bankruptcy trustee that Scotti would be paid by the receiver.

## Conclusion

All parties wish to see Rocky Point sold on the best possible terms for the creditors and for this valuable Rhode Island resource to be productively and properly reused. Scotti is proud to have been a central participant in achieving these objectives. If Scotti's commission is addressed by the S.B.A with fairness and reasonableness, this mater can be resolved administratively.

I look forward to your response.

Sincerely,

Harris K. Weiner, Esq.

HKW:ae

Cc: Peter M. Scotti
Steven Schechtman, Esq.
Lisa Dinerman, Esq.
Allan Hanson, Esq.
Stephen D. Jones

H:\Scotti, Peter M. & Associates\Corr. to Embrey.doc

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, ) | |
| v. ) | CIVIL CASE NO. 99-565-L |
| MONETA CAPITAL CORPORATION, Defendant ) | |

**AFFIDAVIT OF ANDREW S. RICHARDSON**

I, Andrew S. Richardson, upon oath depose and swear as follows:

1. I am the duly appointed bankruptcy trustee in the case of In re C. R. Amusements, LLC, Debtor, BK. 99-10154 pending in the United States Bankruptcy Court for the District of Rhode Island.

2. With the Bankruptcy Court's approval, I engaged Peter M. Scotti as the real estate agent for the bankruptcy estate to market the real property identified as Rocky Point in Warwick, Rhode Island, which included Warwick Assessors Plat 379, Lots 8, 9, 158, 159, 425, 426 and 425, Plat 380, Lot 1, Plat 381, Lots 38, 39, 40 and 41. *See* Court Approval of February 11, 1999 attached hereto.

3. Peter M. Scotti and his staff diligently marketed the property described above beginning in 1999 and continuing into 2003.

4. The SBA was aware of Scotti's activities on behalf of the trustee and the subsequent federal Receiver and it encouraged and accepted Scotti's continued professional services.

5. At a court proceeding before Judge Lagueux on or about November 4, 2002, Peter Scotti and I spoke to Arlene Embrey, Esq. of the General Counsel's office of the Small Business

Administration and Thomas Carlotto, Esq., of Schectman Halperin Savage, local counsel for the SBA, outside Judge Lagueux's chambers.

6. During this conversation Ms. Embrey, the duly authorized representative of the Small Business Administration, assured Peter Scotti that he would be compensated if one of his prospects purchased any of the Rocky Point property. Attorney Carlotto agreed with Ms. Embrey's representation. It was at this time that it was suggested that Mr. Scotti compile a list of all parties with whom he had had contact in the marketing of the property.

7. Peter M. Scotti provided to the Small Business Administration a list of prospects he had worked with, including Arnold Goodstein, manager of Vanderbilt Capital, LLC, and Toll Brothers.

8. Upon information and belief, Vanderbilt, LLC signed a purchase and sale agreement with the Small Business Administration to purchase Rocky Point for $25,000,000. I understand that Toll Brothers is part of the Vanderbilt Group. I had numerous contacts and meetings with representatives of Toll Brothers regarding the purchase of Rocky Point beginning in early 2000. It is also my understanding that Mr. Scotti had contacts with Arnold Goodstein while he was marketing the real estate.

9. I am informed that the Small Business Administration has failed to respond to Mr. Scotti's demand for his commission upon the sale to Mr. Goodstein's group or to otherwise recognize his entitlement to a commission.

10. On April 13, 2003 I wrote to the Small Business Administration concerning legal fees owed for extensive work I performed for the bankruptcy estate, as well as Mr. Scotti's claim for a fee. A copy of the letter is attached.

11. I received no response to that letter with respect to Mr. Scotti's fee.

12. In my opinion, Peter M. Scotti duly earned a standard commission as the Real Estate Agent for Rocky Point on any sale to any of his listed prospects.

Andrew S. Richardson

Subscribed and sworn to before me this 18th day of November, 2004.

Notary Public
My Commission Expires: 9/8/2005

(JLA\BK\CR AMUSEMENTS\USA v MONETA\Affidavit of ASR re Scotti)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

1999 FEB 11 A 10: 23

In re:

C. R. AMUSEMENTS, LLC
Debtor

BK. 99-10154
CHAPTER 7

BANKRUPTCY COURT
DISTRICT OF
RHODE ISLAND

TRUSTEE'S APPLICATION TO EMPLOY REAL ESTATE BROKER

The application of Andrew S. Richardson, trustee represents:

1. On the 14TH day of January, 1999, the debtor filed a petition herein under Chapter 7 of the Bankruptcy Code.

2. The debtor's primary asset is a parcel of real estate located in Warwick, Rhode Island consisting of approximately 124 acres.

3. The principals of the debtor and the largest secured creditor have advised the trustee that they want the real estate sold by the trustee in this proceeding.

4. The trustee wishes to employ a real estate agent to assist the trustee in selling the real estate owned by the debtor located in Warwick, Rhode Island.

5. Peter M. Scotti is a real estate principal at Peter M. Scotti & Associates, 246 Hope Street, Providence, Rhode Island 02906, and is familiar with the subject property.

6. Peter M. Scotti represents no interest adverse to the estate of the debtor and has experience in the matters for which the services are to be rendered.

7. Your applicant has selected said real estate agent because he specializes in the sale of real estate.

8. It is necessary for the trustee to employ a real estate agent to render such professional services.

9. To the best of the trustee's knowledge, Peter M. Scotti & Associates is a

disinterested party and has no connection with the creditors or any party in interest or their respective attorneys which would preclude them from performing services for the estate.

10. Applicant believes that the employment of Peter M. Scotti & Associates would be in the best interest of this estate.

WHEREFORE, the trustee prays that he be authorized to employ and appoint Peter M. Scotti & Associates as a real estate agent in this proceeding under Chapter 7 of the Bankruptcy Code at a rate of compensation to be determined by the Court.

Within ten (10) days after service (twenty [20] days for U.S. government officers and agencies thereof), any party against whom a "pleading" is filed, or any other party to the action who objects to the relief sought therein, shall serve and file an objection to that pleading. If no objection is filed to a pleading within the time prescribed herein, the pleading will be deemed unopposed and will be granted, unless (1) the requested relief is prohibited by law; or (2) the requested relief is against public policy; or (3) in the opinion of the Court the interest of justice requires sua sponte denial of the unopposed motion.

Andrew S. Richardson, Trustee
Boyajian, Harrington & Richardson
182 Waterman Street
Providence, RI 02906
Tel. (401) 273-9600
Fax. (401) 273-9605

Dated: February 5, 1999

Granted Denied Approved

Arthur N. Votolato
U.S. Bankruptcy Judge
Date: 2/26/99

Entered on docket
Date 2/26/99

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

1999 FEB 11 A 10:23

BANKRUPTCY COURT
DISTRICT OF
RHODE ISLAND

In re:

C. R. AMUSEMENTS, LLC
Debtor

BK 99-10154
CHAPTER 7

TRUSTEE'S APPLICATION TO EMPLOY REAL ESTATE BROKER

The application of Andrew S. Richardson, trustee represents:

1. On the 14TH day of January, 1999, the debtor filed a petition herein under Chapter 7 of the Bankruptcy Code.

2. The debtor's primary asset is a parcel of real estate located in Warwick, Rhode Island consisting of approximately 124 acres.

3. The principals of the debtor and the largest secured creditor have advised the trustee that they want the real estate sold by the trustee in this proceeding.

4. The trustee wishes to employ a real estate agent to assist the trustee in selling the real estate owned by the debtor located in Warwick, Rhode Island.

5. Peter M. Scotti is a real estate principal at Peter M. Scotti & Associates, 246 Hope Street, Providence, Rhode Island 02906, and is familiar with the subject property.

6. Peter M. Scotti represents no interest adverse to the estate of the debtor and has experience in the matters for which the services are to be rendered.

7. Your applicant has selected said real estate agent because he specializes in the sale of real estate.

8. It is necessary for the trustee to employ a real estate agent to render such professional services.

9. To the best of the trustee's knowledge, Peter M. Scotti & Associates is a

disinterested party and has no connection with the creditors or any party in interest or their respective attorneys which would preclude them from performing services for the estate.

10. Applicant believes that the employment of Peter M. Scotti & Associates would be in the best interest of this estate.

WHEREFORE, the trustee prays that he be authorized to employ and appoint Peter M. Scotti & Associates as a real estate agent in this proceeding under Chapter 7 of the Bankruptcy Code at a rate of compensation to be determined by the Court.

Within ten (10) days after service (twenty [20] days for U.S. government officers and agencies thereof), any party against whom a "pleading" is filed, or any other party to the action who objects to the relief sought therein, shall serve and file an objection to that pleading. If no objection is filed to a pleading within the time prescribed herein, the pleading will be deemed unopposed and will be granted, unless (1) the requested relief is prohibited by law; or (2) the requested relief is against public policy; or (3) in the opinion of the Court the interest of justice requires sua sponte denial of the unopposed motion.

Andrew S. Richardson, Trustee
Boyajian, Harrington & Richardson
182 Waterman Street
Providence, RI 02906
Tel. (401) 273-9600
Fax. (401) 273-9605

Dated: February 5, 1999

**Granted** **Denied** **Approved**

**Arthur N. Votolato**
**U.S. Bankruptcy Judge**
**Date:** 2/26/99

Entered on docket
Date 2/26/99

BOYAJIAN, HARRINGTON & RICHARDSON

COUNSELLORS AT LAW

JOHN BOYAJIAN
ALDEN C. HARRINGTON
ANDREW S. RICHARDSON

THOMAS P. QUINN

182 WATERMAN STREET
PROVIDENCE
RHODE ISLAND 02906
(401) 273-9600
FAX 273-9605

April 18, 2003

**VIA FACSIMILE (202-481-0324) and**
**FIRST-CLASS MAIL**

Attorney Arlene M. Embrey
Office of the General Counsel
United States SBA
409 3rd St., S.W., 7th Floor
Washington, DC 20416

RE: C. R. Amusements, LLC

Dear Arlene:

Pursuant to your request, I am writing to you with respect to the issue of compensation for me and my firm for services rendered in this matter as well as the issue of compensation to Scotti & Associates for their efforts toward the sale of the Rocky Point property.

By way of background, C. R. Amusements filed its Chapter 7 bankruptcy petition in February of 1999. I was appointed as trustee and I undertook an investigation with respect to the value of the debtor's property and the amount of the encumbrances thereon. As a result of that investigation, I immediately determined that the amount of the mortgages and tax liens on the real estate in all probability exceeded its value.

Under these circumstances, I filed a "Trustee's Petition for Instructions" with the Bankruptcy Court. The specific purpose of this petition was to advise the Court of the fact that this case involved over-encumbered property which normally is not administered by a bankruptcy trustee. However, in this case all of the parties in interest - the owners of the property and the lienholders – were requesting that it be listed and sold by the bankruptcy trustee. The property had been subject to State Court receivership proceedings for a number of years and those proceedings had precluded any attempt to sell the property.

VIA FACSIMILE (202-481-0324) and
FIRST-CLASS MAIL
Attorney Arlene M. Embrey
Office of the General Counsel
United States SBA
April 18, 2003
Page Two

As a result of that hearing, and with the support of all parties in interest, including the predecessor in interest to the receiver, the Bankruptcy Court entered an Order on April 27, 1999 which authorized the trustee to lease the cottages at Rocky Beach, pay all expenses incurred by the estate for the property's preservation and protection, and retain a broker for the sale of the real estate. Furthermore, the Order specifically provided that the trustee could sell the real estate regardless of whether or not the proceeds were sufficient to pay all lienholders in full.

It was only as a result of the entry of that Order that I was prepared to go forward in this case. Over the course of the last four years, my firm has invested over 700 hours in performing both trustee functions and acting as counsel for the trustee pursuant to an Order of the Court dated March 10, 1999 authorizing the retention of Boyajian, Harrington & Richardson.

The administration of Rocky Point Park has been no easy task. The Park consists of approximately 125 acres which include a number of vacant and abandoned buildings. The Park has been a haven for trespassers, and more seriously, individuals who have committed repeated acts of vandalism against the property. During the course of this period of time, there has been one major fire which created significant concerns on the part of officials of the City of Warwick.

The trustee's duties have also included the leasing of approximately 50 cottages in Rocky Beach and handling all of the attendant responsibilities such as negotiating leases, ensuring the provision of services, and evicting tenants when necessary.

During this period of time, I have also been responsible for addressing three separate notices of violation from the R.I. Department of Environmental Management. Working with the D.E.M., I retained the services of environmental consultants and proceeded to clean up an abandoned dump area, remove underground storage tanks, remove numerous hazardous substances stored in Rocky Point buildings, and clean up an oil spill which ran into Narragansett Bay.

Besides these duties, I also spent a considerable period of time meeting with potential buyers of the property. These meetings generally involved an explanation of the legal status of the case as well as the procedures involved in a potential sale. A number of these buyers were actually referred to the receiver by my office, and as you are aware, we negotiated purchase and sale agreements on two separate occasions, the most recent one being for the purchase price of $9,000,000.

During the course of the proceeding, I have collected the sum of $490,000 and paid out expenses totaling $464,000, none of which have been paid to my firm. All of the expenses have related to payments for insurance, utilities (gas, electricity and water), services, trash/snow removal, etc., repairs, security, and the remediation of environmental problems.

It is my belief that most, if not all, of the expenses paid by me as trustee would qualify for reimbursement from the receiver as a secured creditor under the provisions of 11 U.S.C. §506(c). All of the expenses were specifically related to the maintenance and preservation of the property which forms the collateral for the receiver's claim. It is due to the fact that the estate has paid virtually all of these bills that it has been rendered administratively insolvent.

With respect to compensation, the trustee is normally compensated in two ways. First of all, the trustee receives a percentage of the funds disbursed under the provisions of 11 U.S.C. §326. In this case, the compensation calculates out to be approximately $27,000. However, a number of cases have held that the trustee's fees are not limited to those awarded under §326 in circumstances where the trustee has provided substantial services but, due to factors beyond his control, he was unable to fully administer the case. *See e.g.*, In re Washington, 232 B.R. 814 (Bankr. S.D. Fla. 1999); In re Collins, 210 B.R. 538 (Bankr. N.D. Ohio 1997). I would also note that at a recent hearing Judge Votolato awarded me the trustee's fee based upon a rate of $325 per hour.

With respect to the attorneys' fees, we routinely charge a bankruptcy estate $250 an hour for my services and $175 an hour for the services of my associate. These hourly rates have been approved by the Bankruptcy Court on a number of occasions. If I had been allowed to sell Rocky Point for $9,000,000, the trustee's fee alone would have been approximately $300,000.

Our firm undertook the substantial investment of time in this case on the basis that we would ultimately be fairly compensated for our services. After the appointment of the receiver in 2000, it was agreed that we would continue to administer this property. In doing so, we have relieved the receiver of having to perform most of the same functions which my office has been performing for the last three years.

VIA FACSIMILE (202-481-0324) and
FIRST-CLASS MAIL
Attorney Arlene M. Embrey
Office of the General Counsel
United States SBA
April 18, 2003
Page Four

Under the circumstances, I believe that a total fee for all services in this matter in the amount of $175,000 is reasonable. If this is agreeable, I would ask that the receiver agree to pay into the bankruptcy estate an amount sufficient to provide for this compensation as reimbursement of expenses under §506(c). Naturally, these fees would be subject to the approval of the Bankruptcy Court, and I also understand the receiver may need to get approval from the Federal District Court in order to make the payment.

With respect to Peter Scotti, he has also spent hundreds of hours on this matter. As requested, he will provide you with a complete list of all of the individuals and parties to whom he has showed this property. If one of these parties/entities ends up purchasing the property, it is certainly only fair that Mr. Scotti be compensated for having produced the buyer. He is requesting that he receive a commission of 4% of the purchase price if the ultimate buyer was a customer produced by him. As an alternative, Mr. Scotti would accept a payment now of $200,000 to release any claims to a commission.

Thank you for your consideration of this matter and I look forward to hearing from you.

Very truly yours,

[signature]

Andrew S. Richardson

ASR:jla

cc: Thomas E. Carlotto, Esq. – VIA FACSIMILE (272-1403) and First-Class Mail
Shechtman Halperin Savage, LLP
86 Weybosset Street
Providence, RI 02903

Mr. Peter M. Scotti - VIA FACSIMILE (331-3018) and First-Class Mail
Peter M. Scotti & Associates
246 Hope Street
Providence, RI 02906