SHECHTMAN
HALPERIN
SAVAGE
ATTORNEYS AT LAW

*A Limited Liability Partnership*

May 2, 2005

Harris K. Weiner, Esq.
Law Offices of Jeffrey B. Pine, P.C.
321 S. Main Street, Suite 302
Providence, RI 02903

Re: "Rocky Point"
United States of America vs. Moneta Capital Corporation (the "Receivership")
C.A. No.: 99-565L, United States District Court for Rhode Island

Dear Mr. Weiner:

As you are aware, the United States Small Business Administration was appointed as the Receiver (the "Receiver") for Moneta Capital Corporation in the above-referenced Receivership. The Receiver has completed a review of Mr. Scotti's request for a real estate commission relative to the sale of the property (the "Property") commonly known as "Rocky Point". While the Receiver recognizes that Mr. Scotti was employed by the Bankruptcy Trustee as the broker for the Property, the Receiver disagrees with Mr. Scotti's assertion that he is entitled to a commission from the auction sale of the Property.

As you know, the Receiver conducted a foreclosure sale of the Property in July 2003, at which the Receiver was the successful purchaser. As a result of the foreclosure sale and the marketing efforts conducted in connection therewith, the Receiver was contacted by numerous prospective purchasers relative to the sale of the Property. Subsequent to the foreclosure sale, the Receiver worked with many prospective purchasers in deciding the ultimate framework to qualify a purchaser with which the Receiver would negotiate a purchase and sale agreement. Ultimately, the Receiver conducted a telephone auction at which Vanderbilt Capital, LLC ("Vanderbilt") was the successful bidder and obtained the exclusive right to negotiate a purchase and sale agreement for the Property. Thereafter, the Receiver and Vanderbilt undertook extensive negotiations culminating in two purchase and sale agreements for the Property (the "Purchase and Sale Agreements"). This past winter the Receiver obtained conditional Court approval for the sale to

Vanderbilt and again advertised the Property for sale to the highest bidder in accordance with the terms and conditions set forth in the Purchase and Sale Agreements. As no additional qualifying bids were received the Court ultimately approved the sale to Vanderbilt upon the terms and conditions contained in the Purchase and Sale Agreements.

The foregoing process was undertaken by the Receiver without any assistance from Mr. Scotti. Mr. Scotti had no involvement with the Receiver in connection with the foreclosure of the Property or the telephone auction that conferred upon Vanderbilt the exclusive right to negotiate the terms of sale with the Receiver. The contract negotiations for the sale of the Property were conducted exclusively between the Receiver and Vanderbilt without any participation on the part of Mr. Scotti. The fact that Mr. Scotti had limited contact with an individual who is involved with the successful purchaser of the Property is not in anyway surprising given the length of time Mr. Scotti served as broker for the Trustee. However, Mr. Scotti's contact with said individual does not give rise to a commission from the sale of the Property. Given that Mr. Scotti played no role in the Receiver's marketing and sale of the Property it is clear that he was not the "procuring cause" of the sale to Vanderbilt.

Based upon the foregoing the Receiver has concluded that Mr. Scotti is not entitled to a commission. If you have any questions or would like to further discuss the merits of Mr. Scotti's claim please contact me.

Very truly yours,

Thomas E. Carlotto