**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Case No. 99-565-L** |
| **MONETA CAPITAL CORPORATION** | ) | **Judge Lagueux** |
| **Defendant.** | ) | |

# RECEIVER'S OBJECTION TO THE MOTION OF PETER M. SCOTTI AND PETER M. SCOTTI & ASSOCIATES FOR REAL ESTATE COMMISSION

The United States Small Business Administration as Receiver (the "Receiver") for Moneta Capital Corporation hereby Objects to the motion of Peter M. Scotti and Peter M. Scotti & Associates, Inc. seeking payment of a real estate commission relative to the sale of property located in the City of Warwick and commonly known as Rocky Point. In support hereof, the Receiver relies upon the Memorandum of Law filed contemporaneously herewith and incorporated herein by reference.

WHEREFORE, the Receiver respectfully requests that this Court sustain the Objection and deny the requested real estate commission.

Respectfully submitted,

Dated: June 8, 2005

By: ______________________

Thomas E. Carlotto, Esquire
Shechtman Halperin Savage, LLP
As Attorneys for the Receiver of
Moneta Capital Corporation
86 Weybosset Street
Providence, RI 02903
Telephone: (401) 272-1400
Facsimile: (401) 272-1403

**CERTIFICATE OF SERVICE**

***I HEREBY CERTIFY***, that a true and correct copy of the foregoing Receiver's Objection to the Motion of Peter M. Scotti and Peter M. Scotti & Associates for Real Estate Commission and Supporting Memorandum of Law was furnished via U.S. Mail, postage pre-paid to the following counsel of record on this 8th day of June, 2005.

Jeffrey C. Schreck, Esquire
One Providence Washington Plaza
Fifth Floor
Providence, RI 02903

Northeast Capital Pension Trust
c/o Arnold Kilberg & Co.
642 Blackstone Boulevard
Providence, RI 02906

William J. Delaney, Esq.
Tillinghast, Licht, Perkins, Smith & Cohen, LLP
10 Weybossett Street
Providence, RI 02903

Louis A. Geremia, Esq.
Geremia & DeMarco, Ltd.
99 Wayland Avenue
Providence, RI 02906

Joseph Ferrucci, Esquire
Ferrucci Russo
55 Pine Street
Providence, RI 02903

Eugenia Carris, Esq.
Assistant United States Attorney
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

Allan E. Hanson, Esq.
U.S. Small Business Administration
380 Westminster Street
Providence, RI 02903

Andrew S. Richardson, Esq.
Ch. 7 Trustee
C.R. Amusements, LLC
182 Waterman Street
Providence, Rhode Island 02906

Jeffrey H. Gladstone, Esq.
Robert Taylor, Esq.
Partridge, Snow & Hahn
180 South Main Street
Providence, RI 02903

Edward Bertozzi, Esq.
Edwards & Angell, LLC
2800 Financial Plaza
Providence, RI 02903-2499

Norman J. Bolotow, Esquire
95 Chestnut Street
Providence, RI 02903

Patricia Betz
238 Armington Street
Cranston, RI 02905

Patricia Betz
c/o Wayne Kezirian, Esq.
128 Dorrance Street
Providence, RI 02903

Gregory T. Parkos Revocable Trust 1994
Joan M. Parkos Revocable Trust 1994
c/o Norman J. Bolotow, Esq.
95 Chestnut Street
Providence, RI 02903

Ruth Haber Schonbrun
3507 Oak Way
Palm Air
Apartment 508
Pompano Beach, FL 33068

Estate of Arthur Schonbrun
c/o Lynn Stand, Executrix
555 North Avenue
Fort Lee, NJ 07024

Leon Stand
Attorney at Law
360 Lexington Avenue
New York, NY 10017

Gibraltar Corporation
1 Richmond Square
Providence, RI 02906

Paul Agatiello, 401K Pension Plan
220 Sanctuary Drive
East Greenwich, RI 02818

Joan Kilberg
642 Blackstone Blvd
Providence, RI 02906

Jeannine Bourassa
71 Bliss Road
Newport, RI 02840

Peter G. Berman, Esq.
Raskin & Berman
116 East Manning Street
Providence, RI 02906

Craig M. Scott, Esq. and
Stacey Nakasian, Esq.
Duffy & Sweeney, Ltd.
300 Turks Head Building
Providence, RI 02903

Lawrence L. Goldberg, Esq.
96 Jefferson Boulevard
Warwick, Rhode Island 02888

Richmond Square Capital Corp.
Attn: Harold Schein
1 Richmond Square
Providence, RI 02906

Pamela Lynn Colon
Law Office of Lee Rohn
1101 King Street
Christiansted, St Croix,
U.S. Virgin Islands 00820

K. Joseph Shekarchi, Esq.
33 College Hill Road, Suite 15-E
Warwick, RI 02886

Harris K. Weiner, Esquire
Law Office of Jeffrey B. Pine, Esq. PC
321 South Main Street, Ste. 302
Providence, RI 02903

Dick & Hague, Ltd.
1239 Hartford Avenue
Suite 3A
Johnston, RI 02919

Waste Management of Rhode
Island
575 West Street # 210
Mansfield, MA 02048-1164

Thomas Almeida, Town Solicitor
Town of Cumberland
PO Box 7
Cumberland, RI 02864

Township of Hopewell, N.J.
c/o Steven P. Goodell, Esquire
Herbert Van Ness Cayci & Goodell, P.C.
22 Chambers
Princeton, NJ 08542

Tax Collector
Cumberland Fire District
1530 Mendon Road
Cumberland, RI 02864

Town of Dighton, Massachusetts
Attn: Brendan Herbeck
Office of Town Clerk
979 Somerset Avenue
Dighton, MA 02715

Ocean State Planners
1255 Oaklawn Avenue
Cranston, RI 02920

John C. Gyorgy, Esquire
Noel & Gyorgy, LLP
50 South Main Street
Providence, RI 02903

John Dean, Esquire
Boisseau, & Dean LLP
155 South Main Street, Ste. 405
Providence, RI 02903

City of Providence
Tax Collector
City Hall
25 Dorrance
Providence, RI 02903

Richard Michaels, Esq.
Mintz Levin
1 Financial Center
Boston, MA 02111

Ann Mitchell, Esquire
Toll Brothers
3103 Philmont Avenue
Huntington Valley, PA 19006

Francis and Rita DiMento
c/o DiMento & Sullivan
7 Fanueuil Hill Marketplace
Boston, MA 02169

Henry Varra
350 Chestnut Street
West Newton, MA 02465

James Callahan
269 Chapman Street
Canton, MA 02021

167 Hotel on the Cay Timeshare Owners
c/o Donovan M. Hamm, Jr.
Attorney at Law
5030 Anchor Way, Gallows Bay
St Croix, U.S. Virgin Islands 00820

Belisle Group
c/o Donovan M. Hamm, Jr.
Hamm & Barry
5030 Anchor Way, Christianstead
U.S. Virgin Islands 00820

Rodio & Brown, Ltd.
Stephen A. Rodio, Esq.
91 Friendship Street
Providence, RI 02903

Jeniffer C. Christopher
c/o Pamela Lynn Colon
Law office Lee J. Rohn
101 King Street, Suite 2
Christianstead St. Croix 00820

Northeast Capital Corporation
c/o Joseph Ferrucci, Esq.
55 Pine Street
Providence, RI 02903

Phillip Belisle
1916 Rimsdale Drive
Myrtle Beach, SC 29575

City Collector
City Hall
25 Dorrance Street
Providence, RI 02903

United States Department of Labor
Office of the Solicitor
John F. Kennedy Federal Building
Room -375
Boston, MA 02203

Frank D. Kirby, Esquire
Frank D. Kirby & Associates
320 West Second Street Ofc
Boston, MA 02127

Thomas W. Rigby, III, Esq.
SBA as Receiver for Fairway Capital Corp.
Office of General Counsel
4093rd Street, SW, 7th Floor
Washington, DC 20416

Metacom Medical Assoc., Inc.
Profit Sharing Plan
Paul Agatiello Pension Plan
220 Sanctuary Drive
East Greenwich, RI 02818

Amy Page Oberg, Esquire
Hinckley, Allen & Snyder, LLP
1500 Fleet Center
Providence, Rhode Island 02903

Joseph M. DiOrio, Esquire
10 Dorrance Street, Ste. 1200
Providence, Rhode Island 02903

Cheryl Asquino, Esquire
Narragansett Bay Commission
One Service Road
Providence RI 02905

Gregory Hamilton, Esquire
Law Offices of Gregory Hamilton
319 Hope Street
Providence, RI 02906

Liu & Lu Realty, LLC
2856 Main Street
Glastonbury, CT 06033

Ming Zhang & Qui Zhang
130 Surrey Drive
Wethersfield, CT 06109

Gary Dale Kilberg
90 Irving Avenue
Providence, Rhode Island 02906

Karen Davidson, Esquire
1 Ship Street
Providence, RI 02903

Arnold Goodstein
Vanderbilt Capital, LLC
136 West Richardson Avenue
Summerville, SC 29483

Neal J. McNamara, Esquire
Holland & Knight, LLP
One Financial Plaza
Suite 1800
Providence, RI 02903

Steven M. McInnes, Esquire
Attorney for American Shipyard Company, LLC
38 Bellevue Ave.
Newport, RI 02840

Gina Martin, Esquire
GOODWIN PROCTER, LLP
53 State Street
Exchange Place
Boston, MA 02109

Vincent A. Indeglia, Esq.
Indeglia & Associates
1485 South County Trial, 2nd Floor
East Greenwich RI 02818

Richard Levine, Esquire
Adler Pollock & Sheehan P.C.
175 Federal Street
Boston MA 02110

William R. Grimm, Esquire
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903

Patrick Conley, Esq.,
1445 Wampanoag Trail
Suite 203
East Providence, RI 02915

Blish & Cavanagh, LLP
30 Exchange Terrace
Providence RI 02903

Everett Petronio, Esquire
1239 Hartford Avenue
Johnston, RI 02919

Mark A. Fay, Esquire
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Kevin McKenna, Esquire
23 Acorn Street
Providence, RI 02903

Timothy T. More, Esquire
50 South Main Street
Providence RI 02903

Domestic Bank
815 Reservoir Avenue
Cranston, RI 02910

Frank T. Caprio, Esq.
Caprio & Caprio
One Center Place
Providence, RI 02903

Joseph Avanzato, Esquire
Adler Pollock & Sheehan PC
2300 Financial Plaza
Providence RI 02903

David B. Sholem
Meyer Capel, A Professional Corporation
306 West Church Street
P.O. Box 6750
Champaign, IL 61826-6750

Anna-Marie Ciccio

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. 99-565-L** |
| | ) | |
| **MONETA CAPITAL CORPORATION** | ) | **Judge Lagueux** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**RECEIVER'S MEMORDUNDUM IN SUPPORT OF ITS OBJECTION TO THE MOTION OF PETER M. SCOTTI AND PETER M. SCOTTI & ASSOCIATES FOR REAL ESTATE COMMISSION**

In response to the motion ("Scotti's Motion") filed by Peter M. Scotti and Peter M. Scotti & Associates, Inc. (together, "Scotti") seeking allowance of a real estate commission[1] in the above-captioned action, the United States Small Business Administration ("SBA") as Receiver ("the Moneta Receiver") for Moneta Capital Corporation ("Moneta") states as follows:

## BACKGROUND

By Order dated February 2, 2000 ("the Moneta Receivership Order") this Court appointed SBA as receiver for Moneta. The Receiver was made aware that Moneta held an interest in a syndicated loan ("the Loan") made to C.R. Amusements, LLC ("CRA"), which loan was collateralized by a mortgage on real property consisting of 124 acres in Warwick, Rhode Island ("the Property").

Prior to seeking leave to foreclose the Property, the Receiver had several discussions with the Bankruptcy Trustee for CRA relative to the potential for a sale of the Property in the

[1] The document filed is entitled as "Appeal of Peter M. Scotti and Peter M. Scotti & Associates, Inc. from Receiver's Denial of Entitlement to Real Estate Commission" but appears to be in the nature of motion seeking an administrative claim for a real estate commission.

Bankruptcy Proceeding. Because the Trustee and his broker, Peter Scotti, were unable to procure a buyer that would agree to certain conditions of the Receiver, the Receiver obtained relief from the automatic stay in the Bankruptcy Proceeding to foreclose its mortgage on the Property.

During the period that the Receiver entertained offers from the Bankruptcy Trustee in 2003, the Receiver consistently informed Scotti that if any client of his was the successful purchaser as a result of Scotti's efforts, he would be entitled to some form of compensation. Scotti has provided no contracts, documents, or other materials other than a list of prospects and two letters to support his claim to a real estate commission. Both of the letters sent on Scotti's behalf were devoid of any supporting documentation. Affidavit of Stephen Jones, ("Jones Affidavit") at ¶10, a copy of which is attached hereto as Exhibit A and incorporated by reference herein[2]. In fact, after countless requests by the Receiver for a list of entities Scotti contacted regarding the sale of the Property, the only document that appears to have been submitted was the letter and contact list allegedly sent by mail to the auctioneer conducting the foreclosure sale, a copy of which was purportedly sent to the Receiver's local counsel in Providence, Rhode Island.[3] No documents supporting the contact list accompanying the letter to the auctioneer have been submitted to any of the Receiver's representatives. Jones Affidavit, ¶11.

The Receiver became the titled owner of the Property as the result of the foreclosure sale held on or about July 29, 2003. Title to the Property is currently held for the benefit of the Receivership Estate and on behalf of various co-investors in a syndicated loan. Jones Affidavit, ¶3. After the Receiver bid in its outstanding mortgage at the foreclosure sale and became the titled owner, the Receiver made public its intent to sell the Property with the initial bidding to

[2] Mr. Jones's original affidavit is on file with the Court having previously been submitted in connection with the Receiver's Objection to Scotti's Motion to Intervene and his Petition for Real Estate Commission.
[3] Local counsel has no record of ever having received a copy of the list of contacts mailed to the auctioneer eleven days before the advertised foreclosure sale.

take place via telephone auction. All registered bidders at the foreclosure sale and other interested parties that were present at that sale were made aware of the post-foreclosure auction process that the Receiver intended to undertake. In addition, numerous interested purchasers contacted the Receiver relative to the procedure for the post-foreclosure auction, none of which informed the Receiver that they were dealing with, or had contracted with Scotti to broker the sale of the Property. Jones Affidavit, ¶5.

At the onset of the bidding process that is prior to November, 2003, the Receiver's principal agent personally asked the representative of Vanderbilt Capital, LLC (the "Buyer"), Arnold Goodstein, whether the Buyer had a broker. He was told by the Buyer that it did not have a broker. Jones Affidavit, ¶8. Buyer was selected by Seller after Buyer emerged as the successful bidder in a preliminary telephone auction held in November, 2003 that established the purchase price of $25,000,000. Jones Affidavit, ¶7. Subsequently, the contracts relative to the prospective sale were extensively and exclusively negotiated over several months by the Buyer, Seller and their respective counsel. When asked specifically about Scotti, Buyer informed the Receiver that Scotti did not contact the Buyer, but rather the Buyer initiated contact with Mr. Scotti after finding out about the Property through another source. Buyer indicated that the extent of his involvement with Scotti included Scotti's showing Buyer the Property and the provision of certain information contained in Scotti's files.[4] Jones Affidavit, ¶12.

Ultimately in May 2004, the Receiver entered into two purchase and sale agreements (the "Purchase and Sale Agreements") for the Property. The first purchase and sale agreement in the amount of $11,250,000 relates to approximately 29 acres ("the Rocky Beach Parcel"). The second purchase and sale agreement is in the amount of $13,750,000 and relates to the remaining acres ("the Rocky Point Parcel"). Jones Affidavit, ¶6.

[4] At the time, Scotti was acting in his capacity as the broker to the bankruptcy estate.

On June 3, 2004, the Receiver filed a motion for approval and confirmation of the sale contemplated by the Purchase and Sale Agreements. (Docket No. 314). Scotti initially filed an objection to this motion on June 22, 2004 (Docket No. 321) alleging, as the basis for the objection, that the agreement "fails to account for Scotti's earned real estate commission" and that both buyer and seller "misrepresented that no realtor was involved in the proposed sale . . . ". Scotti also sought to intervene in this proceeding in order to press his objection to the sale of the Property.

The Receiver responded to Scotti's objection primarily on the basis that it was procedurally defective as the basis for his objection was in actuality a request for an administrative claim. The Receiver also outlined the deficiencies in the administrative claim sought by Scotti. After hearing, this Court agreed with the Receiver's position and denied Scotti's requested intervention. The Court further instructed Scotti to file his request for an administrative claim with the Receiver. In response to the Court's instruction, Scotti filed the "Petition of Peter M. Scotti & Associates, Inc. to the Receiver for Real Estate Commission" which is appended to Scotti's Motion as Exhibit A (the "Petition").

The Petition recites the services Scotti performed on behalf of the Bankruptcy Trustee including certain marketing efforts and showing the property to interested parties. Scotti contends that certain of the prospects developed as a result of his marketing efforts submitted bids for the Property for as much as $12.5 million, however, the Receiver's "prohibitive conditions, including a non-refundable deposit, frustrated any such sales."[5] Scotti further alleges that the Receiver was aware of his activities on behalf of the Bankruptcy Trustee and accepted Scotti's services after the bankruptcy was "converted to a federal receivership." Petition at 4. Scotti fails to note that he and the Bankruptcy Trustee were well aware of the federal

[5] It is noteworthy that the "prohibitive condition" sought by the Receiver is incorporated in sales agreement entered into by the present Buyer.

receivership and were denied permission on more than one occasion to move forward with a sale of the Property by this Court. Scotti makes no claim that he ever submitted an offer on behalf of the Buyer or ever had any discussion with said Buyer relative to any offer for the Property. Scotti does not contend that the Buyer was at any time his client and fails to address any of the deficiencies highlighted by the Receiver in the Receiver's initial response to Scotti's objection to the sale of the Property.

1. Scotti Has Failed to Prove His Entitlement to a Commission Under Rhode Island Law.

The Rhode Island Supreme Court has "established as the law of this state that a real estate broker, acting on authority expressed or implied, is entitled to a commission for his services *if and when* they are the procuring cause of obtaining a purchaser ready, willing and able to buy at a price or terms satisfactory to the seller." Fine v. Hoffman, 88 R.I. 1, 4, 143 A.2d 294, 296 (1958). The determination of whether a broker was the procuring cause is one of fact. Id. In the present case, Scotti has failed in all respects to show that he was the procuring cause of obtaining a purchaser ready, willing and able to buy at a price or terms satisfactory to the Receiver.

Scotti claims he was the broker for the Bankruptcy Trustee prior to the Receiver taking title to the Property, however, that relationship has no bearing on either the Receiver or the Buyer. The Receiver never engaged Scotti as a broker or sought his employment through the Receivership Court. Prior to the foreclosure, the Receiver did consistently inform Scotti that if any client of his was the successful purchaser as a result of Scotti's efforts, he would be entitled to some form of compensation. The Receiver continues to stand by this position, however, Scotti has failed to substantiate any claim for any type of fee due.

Scotti has come forth with no contracts, documents, or other materials indicating his relationship with the Buyer other than the list of contacts purportedly forwarded to the auctioneer

in advance of the foreclosure sale of the Property. Scotti never submitted any offer on behalf of the Buyer and the Receiver was never presented with any offer from Scotti that was acceptable to the Receiver. Scotti admittedly was unable to procure a buyer that would meet the Receiver's "prohibitive conditions, including a non-refundable deposit . . ." Both of the letters sent on Scotti's behalf seeking a commission were devoid of any supporting documentation. Jones Affidavit, ¶10. In fact, the letter sent by Mr. Richardson preceded Scotti's provision of his list of prospects by some three months and generally claimed that Scotti's marketing efforts on behalf of the Trustee entitled Scotti to a commission. Additionally, Mr. Scotti played no role on behalf of the Receiver in connection with the foreclosure sale, the subsequent marketing of the Property, the telephonic auction, or the negotiation of the Purchase and Sale Agreements approved by the Court. Therefore, the Receiver is of the opinion that the Purchase and Sale Agreements resulted in no way from the efforts of Peter Scotti. Jones Affidavit, ¶12.

2. Scotti is not Entitled to Compensation Under the Equitable Doctrines Identified in His Petition.

In addition to his claim that the Receiver is contractually bound to pay a commission, Scotti contends that the equitable doctrines of promissory estoppel and unjust enrichment entitle him to compensation. Promissory estoppel requires as its basis a promise that the promisor reasonably expects to induce some action or inaction and which does in fact induce such action or inaction by the promisee. See R.I. Bhd. of Corr. Officers v. Rhode Island, 264 F. Supp. 2d 87 (Dist.R.I. 2003). Unjust enrichment may be invoked by a Court to prevent one person from retaining a benefit when such benefit was known to the person and under the circumstances it is inequitable for such person to retain the benefit without the payment of its value. Id.

As of 2000, Mr. Scotti was on notice of this receivership proceeding and the judicial stay preventing the Bankruptcy Trustee from selling the Property. The Receiver never promised to

compensate Scotti for his efforts on behalf of the Bankruptcy Trustee and the Receiver never consented to any marketing efforts by Scotti. Scotti never sought to be employed by the Receiver. While the judicial stay was in effect in this proceeding, both the Bankruptcy Trustee and Scotti pursued the sale of the Property at their own peril knowing full well that the Receiver did not consent to a sale in the Bankruptcy Proceeding. The Receiver made clear its objection to the sale of the Property by the Bankruptcy Trustee and successfully opposed the Bankruptcy Trustee's motions seeking leave from this Court to permit the sale through the Bankruptcy Proceeding.

Notwithstanding it opposition to the sale by the Bankruptcy Trustee, in 2003, the Receiver made a commitment that Scotti would receive some form of compensation if one of his client's through Scotti's efforts was the successful purchaser of the Property. The Receiver also entertained offers submitted by the Trustee and Scotti, however, the Receiver found such offers lacking in numerous respects. When the Receiver communicated that certain conditions were non-negotiable, thc Bankruptcy Trustee indicated that he and Scotti would be unable to procure a buyer agreeable to those conditions. Thereafter, the Receiver determined that it would proceed with foreclosure and, if necessary, a sale pursuant to 28 U.S.C. §2001.

Without any involvement of Scotti, the Receiver proceeded with a foreclosure sale in July 2003 at which the Receiver was the successful bidder. Thereafter, the Receiver, through its principal agent and other representatives, devised a plan to conduct an auction for the purposes of procuring a buyer to negotiate with for the sale the Property. The result of the Receiver's chosen course of action was the selection of a buyer agreeable to negotiating sales contracts with certain pre-determined terms and conditions for a sales price totaling $25 million. Scotti also had no involvement with the Receiver's sale efforts post-foreclosure.

Scotti's provision of a contact list eleven days prior to an advertised foreclosure auction simply did not result in the Receiver procuring a buyer for the Property. The individuals primarily involved in the planning for the telephone auction and discussions with prospective purchasers were unaware that a list had been provided to the auctioneer. Furthermore, Arnold Goodstein who is the principle of the Buyer and with whom the Receiver's representatives had contact with leading up to the telephone auction is not even identified on Scotti's contact list.

Given the circumstances it is evident that Scotti has no basis for a recovery under either of the equitable theories set forth in his Petition. The commitment made by the Receiver, required Scotti to bring forth a buyer. Scotti concedes that he was unable to find a buyer willing to agree to the conditions imposed by the Receiver. As such, the Receiver did not breach any promise to Scotti and therefore, a recovery under promissory estoppel in unavailable. Scotti also proceeded at his own peril knowing that the Receiver did not condone his and the Bankruptcy Trustee's attempts to market and sell the Property and further, he has failed to show that he conferred any benefit for which it would be inequitable to withhold compensation. Thus, Scotti's claim for unjust enrichment must also fail.

## CONCLUSION

Scotti has failed to set forth facts sufficient to justify an administrative claim in this proceeding. Scotti did not procure a buyer for the Receiver and therefore, has no entitlement to any real estate commission. Additionally, the conduct and actions of Scotti as well as the Receiver do not provide a basis for recovery under a theory of promissory estoppel or unjust enrichment. Based upon the foregoing, Scotti's Motion seeking a real estate commission should be denied.

Respectfully submitted,

Dated: June 8, 2005

By: 

Thomas E. Carlotto, Esquire
Shechtman Halperin Savage, LLP
As Attorneys for the Receiver of
Moneta Capital Corporation
86 Weybosset Street
Providence, RI 02903
Telephone: (401) 272-1400
Facsimile: (401) 272-1403

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Case No. 99-565L |
| MONETA CAPITAL CORPORATION | ) | |
| Defendant. | ) | |

**AFFIDAVIT IN SUPPORT OF RECEIVER'S OPPOSITION TO OBJECTION OF PETER SCOTTI TO RECEIVERS MOTION FOR ORDER FOR LEAVE TO PROCEED WITH A PRIVATE SALE OF REAL PROPERTY**

DISTRICT OF COLUMBIA | SS:

The undersigned, Stephen D. Jones, swears and says that:

1. I have served as the Principal Agent for the U.S. Small Business Administration ("SBA" or "Receiver") in its capacity as the court-appointed Receiver of Moneta Capital Corporation ("Moneta") since February 2, 2000. Moneta was placed in receivership, and SBA was appointed the Receiver for Moneta, by an Order of this Court dated February 2, 2000.

2. In my position as Principal Agent, I am responsible for the maintenance and safekeeping of the official books and records of Moneta.

3. Moneta currently holds title to 124 acres of real property ("the Property") located in Warwick, Rhode Island, which property was formerly titled in the name of CR Amusements, LLC and was acquired by the Receiver at a foreclosure sale. Title is held on Moneta's behalf and on behalf of various co-investors in a syndicated loan securing a loan for which the Property was collateral.

EXHIBIT A

4. The Receiver did not at any time contract with any entity or individual to broker the sale of the Property.

5. After the Receiver made public its intent to foreclose on the Property, the Receiver received numerous calls from interested purchasers. None of the interested parties informed me that they were dealing with, or that their deal, if any, would be brokered by Peter Scotti.

6. The Receiver has entered into two purchase and sale agreements for the Property with Vanderbilt, LLC ("Buyer"). Buyer was the successful bidder in a preliminary telephone bid held in November, 2003 that established the purchase price, which is $25,000,000. The first purchase and sale agreement in the amount of $11,250,000 consists of approximately 29 acres ("the Rocky Beach Parcel")currently occupied by the Rocky Beach Home Owner's Association ("the Association"). The second purchase and sale agreement is for $13,750,000 consists of the remaining acres ("the Rocky Point Parcel").

7. The Purchase and Sale Agreements were extensively negotiated over a period of months by the Buyer, Seller and their counsels. Buyer was selected by Seller after Buyer emerged as the successful bidder in a preliminary telephone bid held in November, 2003 that established the purchase price, which is $25,000,000.

8. At the onset of the bidding process, that is prior to November, 2003, I personally asked the Buyer's representative, Arnold Goodstein, whether the Buyer had a broker. I was told Buyer did not.

9. Prior to the foreclosure I had no contact with Peter Scotti, although I have contacted his office on other receivership matters. Since the foreclosure, at which time the

Receiver became the titled owner of the Property, I have had no contact with Scotti or with his office.

10. I have reviewed two letters from Scotti's representatives, one prior to the bidding process that resulted in the selection of the current Buyer, opining that Scotti should be compensated for his role in selling the Property. These letters were devoid of any supporting documentation.

11. After countless requests by the Receiver to Scotti for a list of entities Scotti contacted regarding the sale of the Property, the only document that appears to have been submitted was the copy of a letter to the auctioneer at the foreclosure which was supposedly sent to the Receiver's counsel in Providence, Rhode Island. No documents supporting this contact list was, or has been, submitted to me or, to the best of my knowledge, any of the Receiver's representatives.

12. I do not believe that the Purchase and Sale Agreements resulted in any way from the efforts of Peter Scotti. I have been personally assured by the Buyer that Scotti did not contact the Buyer, but rather the Buyer contacted Scotti. The Buyer indicated that Scotti showed the Buyer the Property at one time and also showed the Buyer some information contained in his files.

13. Regardless, any claim for any type of fee, whether brokerage fee, finder's fee or other, is an administrative claim and should be forwarded to the Receiver, along with all supporting documentation. To date, no such claims have been supplied to the Receiver by Peter Scotti.

14. Any claim for brokerage, sales commission for other fees resulting from the sale of the Property is grossly premature. The closing is contingent on Buyer's obtaining various

approvals from governmental and quasi-governmental bodies which may take several years. The sale cannot be final until the contingencies are met.

"I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge."

Executed on this 2nd day of July, 2004.

Stephen D. Jones

Subscribed and sworn to me on this 2nd day of July, 2004.

Notary Public

My commission expires on:

Keisha Monroe
Notary Public District of Columbia
My Commission Expires 5/14/2009