**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. 99-565-L** |
| | ) | |
| **MONETA CAPITAL CORPORATION** | ) | **Judge Lagueux** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**RECEIVER'S OBJECTION TO THE MOTION**
**OF THE ROCKY BEACH ASSOCIATION, INC. TO QUASH SUBPOENA**

The United States Small Business Administration as Receiver (the "Receiver") for Moneta Capital Corporation hereby Objects to the Motion to Quash filed by the Rocky Beach Association Inc. in the above-captioned action. In support hereof, the Receiver relies upon the Memorandum of Law filed contemporaneously herewith and incorporated herein by reference.

WHEREFORE, the Receiver respectfully requests that this Court sustain the Objection and provide for sanctions under 28 U.S.C. §1927 against movant's counsel as the Court deems appropriate.

Respectfully submitted,

Dated: June 13, 2005

By: Arlene M. Embrey

Arlene M. Embrey, Esq. by TGC
Trial Attorney
U.S. Small Business Administration, as
Receiver for Moneta Capital Corporation
409 3rd Street, SW
Washington, D.C. 20416
Telephone: (202) 205-6976
Facsimile: (202) 481-0324

# CERTIFICATE OF SERVICE

*I HEREBY CERTIFY*, that a true and correct copy of the foregoing Receiver's Objection to the Motion of the Rocky Beach Association, Inc. to Quash Subpoena and Supporting Memorandum of Law was furnished via U.S. Mail, postage pre-paid to the following counsel of record on this 13th day of June, 2005.

Jeffrey C. Schreck, Esquire
One Providence Washington Plaza
Fifth Floor
Providence, RI 02903

Northeast Capital Pension Trust
c/o Arnold Kilberg & Co.
642 Blackstone Boulevard
Providence, RI 02906

William J. Delaney, Esq.
Tillinghast, Licht, Perkins, Smith & Cohen, LLP
10 Weybossett Street
Providence, RI 02903

Louis A. Geremia, Esq.
Geremia & DeMarco, Ltd.
99 Wayland Avenue
Providence, RI 02906

Joseph Ferrucci, Esquire
Ferrucci Russo
55 Pine Street
Providence, RI 02903

Eugenia Carris, Esq.
Assistant United States Attorney
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

Allan E. Hanson, Esq.
U.S. Small Business Administration
380 Westminster Street
Providence, RI 02903

Andrew S. Richardson, Esq.
Ch. 7 Trustee
C.R. Amusements, LLC
182 Waterman Street
Providence, Rhode Island 02906

Jeffrey H. Gladstone, Esq.
Robert Taylor, Esq.
Partridge, Snow & Hahn
180 South Main Street
Providence, RI 02903

Edward Bertozzi, Esq.
Edwards & Angell, LLC
2800 Financial Plaza
Providence, RI 02903-2499

Norman J. Bolotow, Esquire
95 Chestnut Street
Providence, RI 02903

Patricia Betz
238 Armington Street
Cranston, RI 02905

Patricia Betz
c/o Wayne Kezirian, Esq.
128 Dorrance Street
Providence, RI 02903

Gregory T. Parkos Revocable Trust 1994
Joan M. Parkos Revocable Trust 1994
c/o Norman J. Bolotow, Esq.
95 Chestnut Street
Providence, RI 02903

Ruth Haber Schonbrun
3507 Oak Way
Palm Air
Apartment 508
Pompano Beach, FL 33068

Estate of Arthur Schonbrun
c/o Lynn Stand, Executrix
555 North Avenue
Fort Lee, NJ 07024

Leon Stand
Attorney at Law
360 Lexington Avenue
New York, NY 10017

Gibraltar Corporation
1 Richmond Square
Providence, RI 02906

Paul Agatiello, 401K Pension Plan
220 Sanctuary Drive
East Greenwich, RI 02818

Joan Kilberg
642 Blackstone Blvd
Providence, RI 02906

Jeannine Bourassa
71 Bliss Road
Newport, RI 02840

Peter G. Berman, Esq.
Raskin & Berman
116 East Manning Street
Providence, RI 02906

Richmond Square Capital Corp.
Attn: Harold Schein
1 Richmond Square
Providence, RI 02906

Harris K. Weiner, Esquire
Law Office of Jeffrey B. Pine, Esq. PC
321 South Main Street, Ste. 302
Providence, RI 02903

Thomas Almeida, Town Solicitor
Town of Cumberland
PO Box 7
Cumberland, RI 02864

Town of Dighton, Massachusetts
Attn: Brendan Herbeck
Office of Town Clerk
979 Somerset Avenue
Dighton, MA 02715

John Dean, Esquire
Boisseau, & Dean LLP
155 South Main Street, Ste. 405
Providence, RI 02903

Ann Mitchell, Esquire
Toll Brothers
3103 Philmont Avenue
Huntington Valley, PA 19006

James Callahan
269 Chapman Street
Canton, MA 02021

Rodio & Brown, Ltd.
Stephen A. Rodio, Esq.
91 Friendship Street
Providence, RI 02903

Craig M. Scott, Esq. and
Stacey Nakasian, Esq.
Duffy & Sweeney, Ltd.
300 Turks Head Building
Providence, RI 02903

Pamela Lynn Colon
Law Office of Lee Rohn
1101 King Street
Christiansted, St Croix,
U.S. Virgin Islands 00820

Dick & Hague, Ltd.
1239 Hartford Avenue
Suite 3A
Johnston, RI 02919

Township of Hopewell, N.J.
c/o Steven P. Goodell, Esquire
Herbert Van Ness Cayci & Goodell, P.C.
22 Chambers
Princeton, NJ 08542

Ocean State Planners
1255 Oaklawn Avenue
Cranston, RI 02920

City of Providence
Tax Collector
City Hall
25 Dorrance
Providence, RI 02903

Francis and Rita DiMento
c/o DiMento & Sullivan
7 Fanueuil Hill Marketplace
Boston, MA 02169

167 Hotel on the Cay Timeshare Owners
c/o Donovan M. Hamm, Jr.
Attorney at Law
5030 Anchor Way, Gallows Bay
St Croix, U.S. Virgin Islands 00820

Jeniffer C. Christopher
c/o Pamela Lynn Colon
Law office Lee J. Rohn
101 King Street, Suite 2
Christianstead St. Croix 00820

Lawrence L. Goldberg, Esq.
96 Jefferson Boulevard
Warwick, Rhode Island 02888

K. Joseph Shekarchi, Esq.
33 College Hill Road, Suite 15-E
Warwick, RI 02886

Waste Management of Rhode
Island
575 West Street # 210
Mansfield, MA 02048-1164

Tax Collector
Cumberland Fire District
1530 Mendon Road
Cumberland, RI 02864

John C. Gyorgy, Esquire
Noel & Gyorgy, LLP
50 South Main Street
Providence, RI 02903

Richard Michaels, Esq.
Mintz Levin
1 Financial Center
Boston, MA 02111

Henry Varra
350 Chestnut Street
West Newton, MA 02465

Belisle Group
c/o Donovan M. Hamm, Jr.
Hamm & Barry
5030 Anchor Way, Christianstead
U.S. Virgin Islands 00820

Northeast Capital Corporation
c/o Joseph Ferrucci, Esq.
55 Pine Street
Providence, RI 02903

Phillip Belisle
1916 Rimsdale Drive
Myrtle Beach, SC 29575

City Collector
City Hall
25 Dorrance Street
Providence, RI 02903

United States Department of Labor
Office of the Solicitor
John F. Kennedy Federal Building
Room -375
Boston, MA 02203

Frank D. Kirby, Esquire
Frank D. Kirby & Associates
320 West Second Street Ofc
Boston, MA 02127

Thomas W. Rigby, III, Esq.
SBA as Receiver for Fairway Capital Corp.
Office of General Counsel
4093rd Street, SW, 7th Floor
Washington, DC 20416

Metacom Medical Assoc., Inc.
Profit Sharing Plan
Paul Agatiello Pension Plan
220 Sanctuary Drive
East Greenwich, RI 02818

Amy Page Oberg, Esquire
Hinckley, Allen & Snyder, LLP
1500 Fleet Center
Providence, Rhode Island 02903

Joseph M. DiOrio, Esquire
10 Dorrance Street, Ste. 1200
Providence, Rhode Island 02903

Cheryl Asquino, Esquire
Narragansett Bay Commission
One Service Road
Providence RI 02905

Gregory Hamilton, Esquire
Law Offices of Gregory Hamilton
319 Hope Street
Providence, RI 02906

Liu & Lu Realty, LLC
2856 Main Street
Glastonbury, CT 06033

Ming Zhang & Qui Zhang
130 Surrey Drive
Wethersfield, CT 06109

Gary Dale Kilberg
90 Irving Avenue
Providence, Rhode Island 02906

Karen Davidson, Esquire
1 Ship Street
Providence, RI 02903

Arnold Goodstein
Vanderbilt Capital, LLC
136 West Richardson Avenue
Summerville, SC 29483

Neal J. McNamara, Esquire
Holland & Knight, LLP
One Financial Plaza
Suite 1800
Providence, RI 02903

Steven M. McInnes, Esquire
Attorney for American Shipyard Company, LLC
38 Bellevue Ave.
Newport, RI 02840

Gina Martin, Esquire
GOODWIN PROCTER, LLP
53 State Street
Exchange Place
Boston, MA 02109

Vincent A. Indeglia, Esq.
Indeglia & Associates
1485 South County Trial, 2nd Floor
East Greenwich RI 02818

Richard Levine, Esquire
Adler Pollock & Sheehan P.C.
175 Federal Street
Boston MA 02110

William R. Grimm, Esquire
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903

Patrick Conley, Esq.,
1445 Wampanoag Trail
Suite 203
East Providence, RI 02915

Blish & Cavanagh, LLP
30 Exchange Terrace
Providence RI 02903

Everett Petronio, Esquire
1239 Hartford Avenue
Johnston, RI 02919

Mark A. Fay, Esquire
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Kevin McKenna, Esquire
23 Acorn Street
Providence, RI 02903

Timothy T. More, Esquire
50 South Main Street
Providence RI 02903

Domestic Bank
815 Reservoir Avenue
Cranston, RI 02910

Frank T. Caprio, Esq.
Caprio & Caprio
One Center Place
Providence, RI 02903

Joseph Avanzato, Esquire
Adler Pollock & Sheehan PC
2300 Financial Plaza
Providence RI 02903

David B. Sholem
Meyer Capel, A Professional Corporation
306 West Church Street
P.O. Box 6750
Champaign, IL 61826-6750

Anna-marie Ciaccio

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. 99-565-L** |
| | ) | |
| **MONETA CAPITAL CORPORATION** | ) | **Judge Lagueux** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**RECEIVER'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO MOTION OF THE ROCKY BEACH ASSOCIATION, INC. TO QUASH**

In support of its Objection to the Motion to Quash filed by the Rocky Beach Association Inc. (the "Association") relative to the Subpoena served upon Andrew Richardson, Trustee, the United States Small Business Administration ("SBA") as Receiver (the "Receiver") for Moneta Capital Corporation ("Moneta") states as follows:

**BACKGROUND**

By Order dated February 2, 2000 (the "Receivership Order") this Court appointed SBA as receiver for Moneta. The appointment of SBA as receiver was predicated on Moneta's numerous violations of the Small Business Investment Act, 15 U.S.C. §661, et. seq. (the "Act") and the Regulations promulgated thereunder at 13 C.F.R. §107.1 et. seq. (the "Regulations"). The Moneta Receiver's powers and its duties to Moneta, its creditors, shareholders and the receivership estate are enumerated and fully described in the Moneta Receivership Order (the "Receivership Order"). In these proceedings and the administration of the respective receivership estate, SBA acts in its capacity as the

separate and independent receiver of the Moneta estate and in accordance with the Orders of this Court.

At or about the time of its appointment, the Receiver was made aware that Moneta held an interest in a syndicated loan ("the Loan") made to C.R. Amusements, LLC ("CRA"), which loan was collateralized by a mortgage on real property consisting of 124 acres in Warwick, Rhode Island ("the Property"). Moneta was also the majority member of CRA itself.

The Receiver became the titled owner of the Property at a foreclosure sale held on or about July 29, 2003. Since that date, the Receiver has been the titled owner of the Property. The Receiver has paid the past due real estate taxes and has undertaken maintenance and safety measures on the Property. The Receiver, with Court approval, has entered into two purchase and sale agreements for the Property with Vanderbilt Capital, LLC ("Buyer"). The Order entered approving the sale to the Buyer provided the Association up to May 8, 2005, to exercise a statutory right of first refusal. The Association failed to exercise that right of first refusal.

On or about May 13, 2005, the Receiver served a subpoena upon Andrew Richardson, Esq. in his capacity as Trustee of C.R. Amusements, LLC. The subpoena seeks the production of information relative to the persons occupying the Property. On or about May 31, 2005, the Association filed a Motion to Quash the subpoena served upon Mr. Richardson.

**ARGUMENT**

1. The Objection to the Motion to Quash Should be Sustained as the Receiver's Actions are Authorized by the Receivership Order

A receiver is generally viewed as an officer of the Court owing a duty of good faith and impartiality to persons holding an interest in property of the receivership estate. S.E.C. v. Elfindepan, S.A.U, 169 F.Supp.2d 420 (Distr.N.C. 2001). The powers conferred upon a receiver are traditionally set out in the Order appointing the Receiver. Id.

The Receivership Order entered in this proceeding specifically provides as follows:

> The Receiver has the power, pursuant to the Federal Rules of Civil Procedure, to seek discovery from Moneta's past/or present officers, directors, agents, shareholders, employees, debtors, creditors, and partners of Moneta, and other appropriate persons (including, without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns). . . In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information or any other form of discovery concerning Moneta and the assets of Moneta, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due Moneta, the Receiver shall make its discovery request in compliance with the Federal Rules of Civil Procedure.[1]

As is clear from the Receivership Order, the Receiver has the power to seek information relative to the operation or administration of the Receivership. The Property represents one of the most significant assets of the Receivership estate and its management and disposition are central to the administration of these proceedings. In connection with the management and disposition of the Property, the Receiver has requested information

[1] The pertinent provisions of the Receivership Order are annexed hereto as Exhibit A.

from the Trustee who previously controlled the Property and entered into leases with occupants on the Property. Given that the Trustee had dealings with certain occupants on the Property, the Receiver is entitled to more detailed information regarding the transactions between the occupants and the Trustee.

The Association seeks to quash the subpoena served by the Receiver on the grounds that "[a]lthough this Court still has jurisdiction over the Receivership, it is inappropriate for the SBA to be seeking documents from the Association at this stage of its proceedings with the Association." The Association fails to cite any authority or to otherwise provide any legal basis for its conclusion that the Receiver's actions are inappropriate. Furthermore, the Receiver is not seeking documents from the Association in this instance but rather is requesting documents from Mr. Richardson. The obvious reason that no authority is proposed in support of the Association's position is that there is nothing to justify the objection to the production of material necessary to the proper administration of this Receivership estate.

2. The Motion to Quash and Supporting Memorandum Provide No Legal Support and Have Not Been Filed in Good Faith.

As the Receivership Order grants to the Receiver the appropriate authority to seek discovery related to the administration of the Receivership it is entirely appropriate for the Receiver to obtain information relative to the occupancy of the Property. In order for the Receiver to carry out its duties to manage and liquidate assets of the estate including the Property, the Receiver must gather all information relative to the present condition and status of each asset. The purported occupancy of a portion of the Property by

members of the Association impacts upon the present condition of the Property as well as its ultimate disposition. As such, the information sought by the Receiver is crucial to the management of the Receivership estate, and the future course of conduct to be undertaken by the Receiver.

The Association has utterly failed to in any way justify its standing to object to the production of the requested materials from the Trustee. Concluding that the grant of limited intervention to object to the sale of the Property provides the Association with the right to interfere with discovery necessary to the administration of the Receivership is without merit or support under the law. As previously indicated, the powers and duties of the Receiver are determined by the Receivership Order, which has not been modified or amended in any way to affect the right to discovery. Because the Association failed to posit even a remote legal justification for the Motion to Quash, the Court should conclude that it was not filed in good faith.

Pursuant to 28 U.S.C. §1927, this Court may sanction an attorney for conduct which unreasonably and vexatiously multiplies the proceedings. A sanction under §1927 is proper when an attorney's actions are without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay. See Cruz v. Savage, 896 F.2d 626 (1st Cir. 1990). Given the failure to provide any legal justification for its Motion to Quash it is evident that the intent of the Association is to delay this matter regardless of the merits of its claims.

appropriate persons (including, without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns). In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery from Moneta's past or present officers, directors, agents, shareholders, employees, debtors, creditors, and partners of Moneta and other appropriate persons (including, without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns). In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information or any other form of discovery concerning Moneta and the assets of Moneta, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due Moneta, the Receiver shall make its discovery request in compliance with the Federal Rules of Civil Procedure.

7. The parties to any and all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or any other actions of any nature involving Moneta or any assets of Moneta, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving Moneta, the Receiver or any of Moneta's past or present officers or directors sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding

the sums borrowed, which certificates will bear interest at or about 10 percent *per annum* and will have a maturity date no later than 18 months after the date of issue. The Certificates of Indebtedness shall be treated as administrative expenses.

10. This Court determines and adjudicates that Moneta has violated the Act and the Regulations. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that Moneta's license be revoked.

SO ORDERED this 2nd day of February, 2000.

Mary M. Lisi
United States District Court Judge

ENTER:

Moneta, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation, debt, or distribution with respect to a partnership interest to Moneta shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if Moneta had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions, to extend credit on behalf of Moneta, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the Receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate.

6. The Receiver has the power, pursuant to the Federal Rules of Civil Procedure, to seek discovery from Moneta's past and/or present officers, directors, agents, shareholders, employees, debtors, creditors, and partners of Moneta, and other