**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Case No. 99-565L** |
| **MONETA CAPITAL CORPORATION** | ) | |
| **Defendant.** | ) | |

MOTION FOR ENTRY OF JUDGMENT AS A MATTER OF LAW

Pursuant to Federal Rule of Civil Procedure 52(c), the United States Small Business Administration ("SBA") as Receiver (the "Moneta Receiver") for Moneta Capital Corporation ("Moneta"), hereby moves this Court to enter judgment in favor of the Receiver as a matter of law. In support of this Motion, the Receiver states as follows:

1. Federal Rule of Civil Procedure 52(c) authorizes the Court to enter judgment for the moving party after the opposing party has been fully heard at trial, if the non-moving party's claim cannot be maintained under controlling law.

2. In order to succeed on a claim that an oral contract to pay a real estate commission existed, Peter Scotti and Scotti and Associates (together, "Scotti") must have an admission from the Receiver that such an agreement existed. Adams-Riker, Inc. v. Nightingale, 383 A.2d 1042, 1044-45 (R.I. 1978). Scotti claims that the Receiver agreed to pay a commission in the event that one of its "prospects" was the purchaser of the property in question. The Receiver disputes Scotti's contention that such an agreement existed and the testimony from the Receiver's representatives is contrary to Scotti's allegations. Because the Receiver has not admitted that it agreed to pay a commission if

Denied: Ronald R. Lagueux Sr. USDJ 9/23/05

one of Scotti's "prospects" was the purchaser of the Property, R.I.G.L. §9-1-4(6) bars the claim for a commission.

3. Even assuming that Scotti's version of the discussion regarding a commission being paid by the Receiver were accepted as true, as a matter of law, Scotti's claims are still barred by the statute of frauds. Under the sole exception to R.I.G.L. §9-1-4(6), the essential terms of the brokerage agreement must have been agreed to and acknowledged by the party from whom the commission is sought. See Adams-Riker, Inc. 383 A.2d 1042, See also Peacock Realty Company v. E. Thomas Crandall Farm, Inc., 108 R.I. 593; 278 A.2d 405 (1971) (written agreement, along with judicial admission as to the amount of commission held to satisfy statute of frauds). Because it is apparent from the testimony of the parties that the essential terms of an agreement for a commission were never even discussed (most notably the amount of a commission), Scotti's claim must fail. See Peacock Realty Company v. E. Thomas Crandall Farm, Inc., 108 R.I. 593; 278 A.2d 405 (1971) (written agreement, along with judicial admission as to the amount of commission held to satisfy statute of frauds). Without an agreement in writing or via judicial admission as to the amount of its compensation, Scotti cannot prevail as a matter of law. Id. Moreover, to the extent that Scotti relies on equitable theories such as estoppel, reliance, unjust enrichment and quantum meruit, Rhode Island law is clear that such theories cannot form the basis of any recovery of a real estate commission. Heyman v. Adeack Realty Company, 228 A.2d 578, 580-81 (R.I. 1967); Dooley v. Lachut, 234 A.2d 366, 368 (R.I. 1967).

WHEREFORE, the Receiver requests that the Court enter judgment as a matter of law denying the administrative claim sought by Scotti for payment of a real estate commission and for such other relief the Court deems just.

U.S. Small Business Administration as
Receiver For Moneta Capital Corporation,
By its Attorneys,

Preston W. Halperin #5555
SHECHTMAN HALPERIN SAVAGE LLP
86 Weybosset Street
Providence, Rhode Island 02903
(401) 272-1400
(401) 272-1403 (fax)

Dated: September 27, 2005