IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>FAIRWAY CAPITAL CORPORATION<br>Defendant. | Civil Case No. 00-035L |

**[redacted] ORDER GRANTING RECEIVER'S MOTION TO LIFT OF STAY AND INJUNCTION REGARDING KILBERG ENTITIES AND TO CONFIRM JURISDICTION AND SCOPE OF RECEIVERSHIP ORDER**

The Motion of the United States Small Business Administration, as Receiver (the "Fairway Receiver") for Fairway Capital Corporation ("Fairway"), to lift the judicial stay and injunction contained in this Court's Order dated March 13, 2000 (the "Receivership Order") for a limited purpose and to confirm the jurisdiction and scope of the Fairway Receivership is hereby GRANTED.

1. The Court finds that assets of Fairway were improperly transferred to Governor Financial Center, LLC, Rosedale Properties, LLC, Northeast Capital Corporation, Acropolis Enterprises, Inc., Hamlet Properties, LLC, and Pantheon Enterprises, Inc. The Court further finds that Governor Financial Center, LLC, Rosedale Properties, LLC, Northeast Capital Corporation, Hamlet Properties, LLC, Acropolis Enterprises, Inc., Pantheon Enterprises, Inc., Arnold Kilberg & Co., and London Exchange are alter egos of Arnold Kilberg ("Arnold Kilberg") and of each other, and that the Fairway Receiver may seek recovery from each of them of any valid claims it has against any one of them, or against Arnold Kilberg. The Court finds

that its exercise of jurisdiction under 15 U.S.C. § 687c contained in the Receivership Order includes jurisdiction over Governor Financial Center, LLC, Rosedale Properties, LLC, Northeast Capital Corporation, Hamlet Properties, LLC, Acropolis Enterprises, Inc., and Pantheon Enterprises, Inc.

2. The judicial stay in the Receivership Order is lifted for the limited purpose of allowing the Fairway Receiver, and any other interested persons or parties, including, without limitation, the Receivers of Wallace Capital Corp. and Moneta Capital Corp., to take action in civil legal proceedings with respect to Governor Financial Center, LLC, Rosedale Properties, LLC, Northeast Capital Corporation and/or Hamlet Properties, LLC, subject to the limitations below. The judicial stay is maintained with respect to Acropolis Enterprises, Inc. and Pantheon Enterprises, Inc., except as otherwise provided by Order of this Court.

3. The judicial stay is further lifted for the limited purpose of allowing Rhode Island state court receivership proceedings involving Governor Financial Center, LLC, Rosedale Properties, LLC and Northeast Capital Corporation to manage their respective receivership estates, including the liquidation of all real and personal property held by the estates, pursuant to their respective receivership orders; provided that the Court expressly retains its jurisdiction under 15 U.S.C. § 687c with respect to all assets of the Fairway Receivership Estate, including, without limitation, the exclusive jurisdiction over the nature, validity and amount of all of Fairway's assets, wherever located, and its claims against Governor Financial Center, LLC, Rosedale Properties, LLC, Northeast Capital Corporation, Hamlet Properties, LLC, Arnold Kilberg & Co. and London Exchange.

4. The lifting of the judicial stay in this Order is further limited as follows: to the extent that Governor Financial Center, LLC, Rosedale Properties, LLC, Northeast Capital

Corporation and/or Hamlet Properties, LLC are or will be the subject of state court receivership proceedings: (a) those proceedings involve Fairway and/or assets of Fairway and are subject to the judicial stay contained in the Receivership Order; (b) no claims of Fairway against Governor Financial Center, LLC, Rosedale Properties, LLC, Northeast Capital Corporation, or Hamlet Properties, LLC may be decided in such proceedings without further order of this Court; (c) the nature, validity and amount of any claims by Fairway against Governor Financial Center, LLC, Rosedale Properties, LLC, Northeast Capital Corporation, and Hamlet Properties, LLC shall be decided in this Court; provided, that upon presentation of such determination of Fairway's claims by this Court to the appropriate state court receivership proceeding, the determination of the order and priority of Fairway's claims may then be decided in the appropriate state court receivership proceedings in relation to the other claims presented in such proceedings; and (d) no distribution of funds or assets to creditors, other than for payment of administrative and other ordinary expenses of such receivership, may be made in such proceedings until further Order of this Court.

5. The abstention of jurisdiction by this Court necessary to effectuate this Order is hereby made without prejudice and only to the extent absolutely necessary to effectuate this Order.

6. In all other respects and as pertaining to all other matters, claims and assets for which relief has not been specifically granted previously by this Court, the judicial stay and injunction contained in the Receivership Order shall remain in full force and effect.

By Order,

[signature]
Deputy Clerk

Date: 1-8-04, 2003

ENTER:

[signature]
Ronald R. Lagueux
United States District Judge

1/6/04