**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff | : | |
| CITY of WARWICK,<br>Applicant for Intervention | : | |
| v. | : | Civil Case No. 99-565-L |
| MONETA CAPITAL CORPORATION,<br>Defendant | : | |

**MOTION OF CITY OF WARWICK, RHODE ISLAND**
**TO INTERVENE FOR LIMITED PURPOSE**

Now comes the City of Warwick, Rhode Island, through its city solicitor, and moves for leave to intervene as a plaintiff in this action for the limited purpose of joining the United States Small Business Administration ("SBA") in its Motion for Determination and Order concerning the City of Warwick's Demand to Demolish Certain Structures at the former "Rocky Point Amusement Park" location. Warwick seeks to intervene only for the limited purpose of securing an appropriate Order of this Court determining that the Receiver is obligated, and authorized, to comply forthwith with the City's demand for remediation at the "Rocky Point" location. The City does not seek to intervene at this time as to any other issue raised in SBA's motion, or as to any other issue in this action.

In support of its application to intervene, Warwick states that: (1) as the municipality in which the Rocky Point property is located, charged with certain public

safety responsibilities (including, but not limited to, fire and police protection to the former Rocky Point property and surrounding neighborhoods), Warwick has a unique interest in such property and the subject matter of SBA's motion; (2) the disposition of SBA's motion may create a practical impediment to Warwick's ability to protect its interests and to carry out its public safety responsibilities effectively; (3) although SBA has indicated its general agreement with Warwick's position regarding the necessity of razing certain structures at the Rocky Point property, neither SBA nor any other existing party stands in Warwick's position as the municipal governmental body charged with public safety responsibilities involving and affecting the Rocky Point property and, therefore, no existing party can adequately represent the city's interests; and (4) the within application to intervene is timely and limited in scope, and will not unduly prejudice any existing party nor delay any pending proceedings.

WHEREFORE, the City of Warwick requests that it be permitted to intervene in this matter for the limited purpose of joining in SBA's motion for an Order determining that the Receiver has the responsibility (and authority) to comply promptly with the demand of the City of Warwick for the demolition or other remediation of certain structures located on the said Rocky Point property.

City of Warwick, Rhode Island
By its City Solicitor,

/s/John G. Earle

John G. Earle, R.I. Bar No. 2406
Breslin, Sweeney & Earle, LLP
222 Jefferson Blvd., Suite 300
Warwick, RI 02888
Tel. (401) 737-8484
Fax (401) 738-6935
Email: jearle@bselaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the within Motion to Intervene and accompanying memorandum were transmitted electronically on December 8, 2006, to the following who are currently on the court list to receive e-mail notices for this case.

- **Joseph Avanzato**
  javanzato@apslaw.com vlanctot@apslaw.com
- **Peter G. Berman**
  peter@raskinberman.com
- **Jeffrey S. Brenner**
  jbrenner@nixonpeabody.com
  ProEfile@nixonpeabody.com;mryone@nixonpeabody.com
- **Christopher R. Bush**
  cbush@riag.ri.gov randrade@riag.ri.gov
- **Thomas E. Carlotto**
  tcarlotto@shslawfirm.com
- **Eugenia M. Carris**
  eugenia.carris@usdoj.gov
- **Robert Clark Corrente**
  robert.corrente@usdoj.gov paulette.gamache@usdoj.gov;usari-ecf@usdoj.gov
- **William J. Delaney**
  wdelaney@tllaw.com
- **John William Dineen**
  jwdineen1@yahoo.com
- **Arlene Embrey**
  arlene.embrey@sba.gov
- **Mark A. Fay**
  mark@murphyandfay.com
- **Jeffrey H. Gladstone**
  jhg@psh.com
- **William R. Grimm**
  wgrimm@haslaw.com
- **Preston W. Halperin**
  phalperin@shslawfirm.com dsmith@shslawfirm.com

- **Kevin D. Heitke**
  kdh@kevinheitke.com
- **Vincent A. Indeglia**
  vaindeglia@aol.com
- **Stephen A. Izzi**
  sizzi@mosesafonso.com
- **James P. Redding**
  reddingj@gtlaw.com
- **Jeffrey C. Schreck**
  JSchreck@msn.com
- **Robert K. Taylor**
  rkt@psh.com; tlc@psh.com
- **H. Marc Tepper**
  marc.tepper@bipc.com
- **Harris K. Weiner**
  hkw@pinelaw.com; ilk@pinelaw.com

Copies of the motion and memo were also sent electronically on December 8, 2006 to:

Robert I. Stolzman, Esq.
Adler Pollock & Sheehan
1 Citizens Plaza, 8th Floor
Providence, RI 02903
rstolzman@apslaw.com

I further certify that a true copy of the within Motion to Intervene and accompanying memorandum were mailed on December 8, 2006 to the following attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing).

**Edward J. Bertozzi, Jr**
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

**Frank Caprio**
Caprio & Caprio
One Center Place
Providence, RI 02903

**Michael W. Carroll**
Law Office of Michael W. Carroll
72 Pine Street
Providence, RI 02903

**Joseph Michael DiOrio**
Law Office of Joseph M. DiOrio
10 Dorrance Street
Suite 1200
Providence, RI 02903

**Douglas J. Gervolino**
Kirby & Marullo
314 West Second Street
South Boston, MA 02127

**Frank D. Kirby**
Kirby & Marullo
314 West Second Street
South Boston, MA 02127

**Timothy T. More**
50 South Main Street
Providence, RI 02903

**Everett A. Petronio, Sr**
Law Offices of Everett A. Petronio, Inc.
1239 Hartford Avenue
Johnston, RI 02919

**Andrew S. Richardson**
182 Waterman Street
Providence, RI 02906

**K. Joseph Shekarchi**
33 College Hill Road, Suite 15-E
Warwick, RI 02886

**Robert D. Wieck**
MacAdams & Wieck Incorporated
101 Dyer Street
Providence, RI 02903

/s/ John G. Earle

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>CITY of WARWICK,<br>Applicant for Intervention<br><br>v.<br><br>MONETA CAPITAL CORPORATION,<br>Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Case No. 99-565-L |

**MEMORANDUM IN SUPPORT OF**
**MOTION OF CITY OF WARWICK, RHODE ISLAND**
**TO INTERVENE FOR LIMITED PURPOSE**

In support of its motion for leave to intervene as a plaintiff in this action under Rule 24, the City of Warwick files this memorandum.

**<u>INTRODUCTION and BACKGROUND</u>**

The City of Warwick agrees with and adopts generally the factual background offered by the United States Small Business Administration ("SBA" or the "Receiver") and set forth in its Memorandum in Support of Motion for Determination and Order concerning the City of Warwick's Demand to Demolish Certain Structures at the former "Rocky Point Amusement Park" location. Warwick seeks to intervene only for the limited purpose of securing an appropriate Order of this Court determining that the Receiver is obligated and authorized to comply forthwith with the City's demand for remediation at the "Rocky Point" location. The City does not seek to intervene at this time as to any other issue raised in SBA's motion, or as to any other issue in this action.

As correctly recited by the SBA in its Memorandum, since the closure of the Rocky Point Amusement Park, there have been several fires at that property which have destroyed or damaged a number of structures thereon. The last fire, which totally destroyed the large "Cliff House" structure at the site, occurred in October of this year. The "midway" area of the property, however, continues to host a significant number of remaining structures--all in various states of disrepair.

Although the principal entrances to the park are fenced and gated, the property is large (approximately 125 acres) and apparently accessible through a number of points, including the shoreline of Narragansett Bay. Despite past attempts to maintain security, the abandoned buildings at Rocky Point have been used surreptitiously over the last decade by a variety of persons and for a variety of purposes. (Based upon police reports over the years, in addition to the predictable visits by juveniles, some of the structures have been used at times by persons seeking shelter from the elements; for others, the structures have provided clandestine locations for cult gatherings and satanic rituals or for other illicit activities.)

One clarification is necessary, however, with respect to the Receiver's memorandum in support of its motion for an order in this matter. The Receiver's memorandum correctly notes that Warwick's Building Official determined that the structures on the former midway at the Rocky Point property are "unsafe" within the meaning of that term as used in Rhode Island's Building Code, R.I. Gen. Laws §23-27.3-100, et seq. The Receiver's memorandum also refers to a determination by Ted Sarno, "Director of Administration for the City of Warwick," declaring all the structures located on the former midway as constituting a "hazard" within the Building Code definitions.

Mr. Sarno is not the "Director of Administration" for the City of Warwick. Rather, Mr. Sarno is Director of Administration *for the Building Department* within the City. As such, Mr. Sarno acts as the agent of the Building Official and his determination that the structures constitute a "hazard," requiring immediate attention and action, should be regarded as an appropriate determination by the Building Department in the City of Warwick.

## ANALYSIS

The City of Warwick generally agrees with and adopts the analysis set forth in the Receiver's Memorandum in Support of its Motion for a determination and order permitting the demolition of the structures at the former Rocky Point Amusement Park midway. The Receiver's motion also seeks a determination by this court that the "Buyer" under certain purchase and sale agreements with the Receiver is obligated to pay for the demolition and remediation. It would be inappropriate for the City of Warwick to attempt to take a position with regard to the issue of who should be responsible for such payment. The City does have a direct and immediate interest, however, in seeing that the unsafe and hazardous structures at the Rocky Point midway are demolished as soon as possible.

### Public Safety Concerns

The City's obligation to provide public safety services (fire and police) to the Rocky Point property and the neighborhoods surrounding the Rocky Point property cannot reasonably be disputed. Every time the City is required to devote police or fire resources to the Rocky Point property, other areas of the City are subjected to enhanced risks. (As just one example, the water pressure situation in the Warwick Neck area where the Rocky Point property is located is such that directing significant amounts of water to

firefighting efforts at the Rocky Point location would severely impact water pressure and water quality to the other residential neighborhoods in the Warwick Neck area--posing yet additional public safety and health concerns.)

Because of their nature and location, the dilapidated structures at the midway on the Rocky Point property possess an "attractive" nature in the perception of certain individuals and groups. Numerous fires have been started at the former amusement park location over the years, as confirmed by the Receiver's motion and memorandum. Additionally, individuals and groups have surreptitiously used and/or occupied these structures at Rocky Point on numerous occasions over the years for a variety of purposes. As evidenced by materials left on the site, and spray-painted slogans and messages, it appears that satanic activities have occurred there over time. The structures readily provide attractive shelter from the elements for homeless persons. The very nature of the buildings and their history as "amusement park" structures enhance their attractiveness to curious persons and juveniles. In light of these facts, no one can seriously debate the City's and the Receiver's reasonable determinations that the structures at the midway area at the Rocky Point property constitute unsafe and/or hazardous structures and they pose an immediate threat to the public as fire hazards or as structures in danger from collapse because of their dilapidated condition.

Intervention under Rule 24

To be successful under Rule 24 of the Federal Rules of Civil Procedure, a potential intervener must show that (1) its motion to intervene has been filed in a timely fashion; (2) it has an interest relating to the property or transaction that forms the basis of the ongoing litigation; (3) the disposition of the action threatens to create a practical

impediment to its ability to protect its interests; and (4) no existing party adequately represents its interests. B. Fernandez & HNOS., Inc. v. Kellogg USA, Inc., 440 F.3rd 541 (1st Cir., 2006).

The City of Warwick asserts that is motion to intervene has been filed in a timely fashion and that it has a readily-apparent interest in the Rocky Point property and the "demolition order" which forms the basis of the Receiver's pending motion.

Warwick appreciates the Receiver's commendable and responsible actions in seeking this Court's authority for and approval of the Receiver's compliance with the City Building Official's order to secure or to demolish the Rocky Point midway structures. Nevertheless, as a governmental entity, the City desires to assert and to protect its interests in this matter as an intervener for the limited purpose of supporting the Receiver's motion, to ensure that the City's voice will be heard by the Court with respect to the its police and fire obligations and its practical concerns in dealing with the Rocky Point midway structures as immediate hazards to public safety. Notwithstanding the Receiver's laudable intent to carry out the Building Official's order of demolition, the Receiver does not stand in the municipality's shoes as the party obligated to provide police and fire protection to the Rocky Point property and, more importantly, to the surrounding residential neighborhoods. Insofar as the Receiver cannot assume this police power role, it is unable (despite its good intentions) to represent the municipality's interests adequately, or to ensure the practical and effective enforcement of the building code and the protection of life and property.

## CONCLUSION

The City's motion to intervene has been filed in a timely fashion and is limited in scope. To ensure that the City of Warwick may participate in a direct and meaningful manner in this motion before the Court and to carry out its public safety functions in an effective and prompt manner, Warwick should be permitted to intervene as a party-plaintiff and co-movant with the Receiver in connection with the pending motion. As no other party can effectively and adequately represent the interests of the City of Warwick as the governmental provider of public safety functions to the inhabitants and properties within the City's jurisdiction, no existing party adequately can represent the City's interests in this regard. The City should be permitted to intervene on the limited basis requested.

Wherefore, the City of Warwick respectfully requests leave to intervene in this matter as a co-movant with the United States Small Business Administration in seeking an order of this Court determining that SBA, as Receiver, is obligated to secure or to demolish the midway structures at the former Rocky Point amusement park location as ordered by the Warwick Building Department and Building Official.

City of Warwick, Rhode Island
By its City Solicitor,

/s/John G. Earle

John G. Earle, R.I. Bar No. 2406
Breslin, Sweeney & Earle, LLP
222 Jefferson Blvd., Suite 300
Warwick, RI 02888
Tel. (401) 737-8484
Fax (401) 738-6935
Email: jearle@bselaw.com