UNITED STATES SMALL BUSINESS ADMINISTRATION
RECEIVER FOR MONETA CAPITAL CORPORATION
666 11TH STREET, N.W.
WASHINGTON, D.C. 20001

CERTIFIED MAIL

December 29, 2006

Arnold Goodstein
Vanderbilt Capital, LLC
136 West Richardson Avenue
Summerville, SC 29483

Re: Rocky Point and Rocky Beach, Warwick, RI

Dear Mr. Goodstein:

Reference is hereby made to those certain purchase and sale agreements each dated May 19, 2004, between the United States Small Business Administration as Receiver for Moneta Capital Corporation (the "Receiver") and Vanderbilt Capital, LLC ("Vanderbilt') one of which relates to Assessor's Plat 380, Lot 281 and Lot 3 (the "Rocky Beach Agreement") and the other relates to Assessor's Plat 379, Lots 8, 9, 158, 159, 425, 426 and 445, Plat 380, Lot 1 and Plat 381, Lots 38, 39, 40 and 41 (the "Rocky Point Agreement", together with the Rocky Beach Agreement, the "Agreements"). Capitalized terms used herein but not defined above shall have the meaning ascribed in the Agreements.

The Receiver is in receipt of correspondence dated December 12, 2006, from Ron Parahus which purportedly constitutes an Approvals Termination Notice within the meaning provided in Paragraph 11 of each of the Agreements. Please be advised that the correspondence sent by Mr. Parahus was not in "strict compliance" with paragraph 11 of each Agreement due to, among other things, Vanderbilt's failure to submit applications for the Approvals seeking to construct two hundred eighty units or less on the Rocky Point Property and seventy units or less on the Rocky Beach Property. As such, the December 12, 2006, correspondence from Mr. Parahus does not constitute an Approvals Termination Notice within the meaning of the Agreements.

Please be further advised that Vanderbilt is in default under the Agreements due to its failure to pay all Operational Costs. Should Vanderbilt fail to cure this default as provided under the Agreements, the Receiver will exercise its rights and remedies thereunder.

Finally, had Vanderbilt provided a valid Approvals Termination Notice, such notice would not have relieved Vanderbilt of any obligations that accrued prior to the date of such termination, which includes the responsibility for payment of the Operational Costs through the date of an effective termination.

Based upon the foregoing, Vanderbilt's request for the return of the Deposits is denied. Should you wish to discuss this matter in more detail please feel free to contact me.

Very truly yours,

Arlene M. Embrey /BAZ/

Arlene M. Embrey

Cc: Thomas Morris, Director of Litigation
Stephen Jones, Principal Agent
David B. Sholem, Esq.
Kenneth J. Gary, Esq.
Frank T. Caprio, Esq.