# EXHIBIT 1

# TERMINATION, SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Termination, Settlement and Mutual Release Agreement ("Agreement") is made and entered into this 6th day of February, 2007, by and between the United States Small Business Administration in its capacity as Receiver ("the Receiver") of Moneta Capital Corporation ("Moneta") and Vanderbilt Capital, LLC, a Rhode Island limited liability company ("Vanderbilt") (together "the Parties").

## PREAMBLE

WHEREAS, the United States Small Business Administration was appointed as the receiver for Moneta by Order of the United States District Court for the District of Rhode Island in Civil Case No. 99-565 ("the Receivership Action");

WHEREAS, the Receiver is the titled owner of that certain real property and improvements thereon commonly known as the Rocky Point Amusement Park (the "Property");

WHEREAS, the Receiver, as Seller, entered into that certain Purchase and Sales Agreement dated May 19, 2004 with Vanderbilt, as Buyer, with respect to that real property and improvements thereon identified as Assessor's Plat 380, Lot 281 and Assessor's Plat 380, Lot 3 in the City of Warwick, Tax Assessor's Office and all additional property identified therein (the "Rocky Beach Agreement") and that Purchase and Sales Agreement also dated May 19, 2004, between the Receiver, as Seller and Vanderbilt, as Buyer, with respect to that certain real property and improvements thereon identified as Assessor's Plat 379, Lots 8, 9, 158, 159, 425, 426 and 445, and Assessor's Plat 380, Lot 1 and Assessor's Plat 381, Lots 38, 39, 40 and 41 and all additional

property identified therein (the "Rocky Point Agreement"). (The Rocky Beach Agreement and the Rocky Point Agreement are referred to herein collectively as the "Purchase and Sales Agreements");

WHEREAS, Vanderbilt paid to the Receiver a deposit in the amount of Three Hundred Thousand Dollars ($300,000) pursuant to the Rocky Point Agreement (the "Rocky Point Deposit"), and Vanderbilt paid to the Receiver a deposit in the amount of Two Hundred Thousand Dollar ($200,000) pursuant to the Rocky Beach Agreement (the "Rocky Beach Deposit"). (The Rocky Point Deposit and the Rocky Beach Deposit are hereinafter referred to collectively as the "Deposits");

WHEREAS, the Deposits have been held in escrow in an interest-bearing account pursuant to the terms and conditions of the Purchase and Sales Agreements;

WHEREAS, during the term of the Purchase and Sales Agreements, the Receiver and Vanderbilt each undertook actions pursuant to and in accordance with the terms of the Purchase and Sales Agreements; and

WHEREAS, notwithstanding any terms or conditions set forth in the Purchase and Sales Agreements to the contrary, the Receiver and Vanderbilt desire to terminate the Purchase and Sales Agreements, dispose of the Deposits in the manner set forth in this Agreement, resolve any and all disputed issues between them, and mutually release each other from any and all claims and demands each may have against the other without limitation.

NOW, THEREFORE, in consideration of the mutual promises and covenants herein contained, and for other good and valuable consideration, the receipt and

sufficiency of which is hereby acknowledged, the Receiver and Vanderbilt have agreed and do hereby covenant and agree as follows:

1. Mutual Acknowledgment of Actions. The Receiver and Vanderbilt hereby acknowledge that the other party has fulfilled its obligations pursuant to the terms of the Purchase and Sales Agreements and that this Agreement reflects an amicable resolution of any and all issues or matters pending between them arising out of or relating to the Purchase and Sales Agreements and/or the Property.

2. Termination of the Purchase and Sales Agreements. The Receiver and Vanderbilt hereby agree that the Purchase and Sales Agreements were properly and completely terminated by Vanderbilt as of December 12, 2006, and are of no further force or effect. The Parties further recognize and agree that as of Vanderbilt's aforementioned termination date, Vanderbilt has no remaining or future obligations under the Purchase and Sales Agreements or concerning the Property.

3. The Deposits. The Deposits and any interest earned thereon shall be released by the Escrow Agent, as defined in the Purchase and Sales Agreements, to the Receiver, or as otherwise directed by the Court in the Receivership Action, within seven (7) days from the date that all appeals have been exhausted from the Court's order approving this Agreement.

4. Settlement. On behalf of themselves, their members, affiliated parties and successors and assigns, any and all pending matters, motions, claims, demands, whether asserted or not, of each party hereto against the other are hereby deemed settled and resolved completely with respect to the Purchase and Sales Agreements or otherwise with respect to the subject matter of this Agreement and the Property.

5. Mutual Release.

a. Vanderbilt, on its behalf and on behalf of its members and their affiliates, agents, representatives, successors and assigns, including but not limited to Toll Vanderbilt I, LLC, a Rhode Island limited liability company, Toll Vanderbilt II, LLC, a Rhode Island limited liability company, Toll Bros., Inc., a Pennsylvania corporation, and Toll Brothers, Inc., a Delaware corporation (all the foregoing including Vanderbilt collectively referred to as the "Vanderbilt Entities") on behalf of themselves, their predecessors, agents, representatives, successors and assigns, do hereby release and forever discharge the Receiver and the Moneta receivership estate, its agents, representatives, successors and assigns from any and all manner of actions, causes of actions, suits, debts, accounts, contracts, claims, demands, agreements, controversies, judgments, obligations, demands, costs, expenses and liabilities of any nature whatsoever, whether or not now known, suspected, or claimed, which the Vanderbilt Entities ever had, now have or hereafter may have, or claim to have, against the Receiver and the receivership estate arising out of or relating to the Purchase and Sales Agreements and/or any act, representation, transaction, practice, conduct or omission of the Receiver that arose or occurred prior to the date of this Agreement, including but not limited to acts, transactions, operations, conditions and/or other costs and/or expenses associated with the Property, the Deposits, the Purchase and Sales Agreements, and/or any work or performance by any party related thereto with respect to the Property or the Purchase and Sales Agreements, whether or not the Vanderbilt Entities presently have knowledge of such acts, transactions, practices, conduct, omissions, matters, causes, effects or things covered by this Agreement, except as set forth in Paragraph C below.

b. The Receiver, on its behalf and on behalf of its agents and representatives, and Moneta's investors, claimants, creditors, successors and assigns (all the foregoing including the Receiver collectively referred to as the "Moneta Entities"), do hereby release and forever discharge the Vanderbilt Entities and their agents, representatives, successors and assigns from any and all manner of actions, causes of actions, suits, debts, accounts, contracts, claims, demands, agreements, controversies, judgments, obligations, operational costs, repair and maintenance costs, demands, costs, expenses and liabilities of any nature whatsoever, whether or not now known, suspected, or claimed, which the Moneta Entities ever had, now have or hereafter may have, or claim to have, against the Vanderbilt Entities arising out of or relating to the Purchase and Sales Agreements, and/or any act, representation, transaction, practice, conduct or omission of the Vanderbilt Entities, that arose or occurred prior to the date of this Agreement, including but not limited to acts, transactions, operations, conditions and/or other costs and/or expenses associated with the Property, the Deposits, the Purchase and Sales Agreements, and/or any work or performance by any party related thereto with respect to the Property or the Purchase and Sales Agreements, whether or not the Moneta Entities presently have knowledge of such acts, transactions, practices, conduct, omissions, matters, causes, effects or things covered by this Agreement, except as set forth in Paragraph C below.

c. Notwithstanding the foregoing in Paragraph 5, this Agreement does not constitute a release of the Vanderbilt Entities or the Moneta Entities for the following:

(i) Any civil, criminal or administrative claims arising under Title 26, U.S. Code (Internal Revenue Code);

(ii) Any criminal liability;

(iii) Any claims based upon the obligations created by this Agreement; and

(iv) Any claims by the United States or any of its agencies.

The Receiver, a court-appointed fiduciary, is not the United States or an agency of the United States, and the exception provided in paragraph 5(c)(iv) does not to apply to the Receiver.

6. Conditions Precedent. The only conditions precedent to the effectiveness and implementation of this Agreement are: (a) the fully authorized execution and delivery of this Agreement by each of the parties hereto; and (b) the approval of this Agreement by the Court in the Receivership Action and the exhaustion of all appeals from the Court's order approving this Agreement. Within seven (7) days from the execution of this Agreement, the parties shall jointly file a motion with the Court for approval of this Agreement.

7. Choice of Law. This Agreement shall be governed by federal law and, where federal law is inapplicable, by the laws of the State of Rhode Island and construed, in any case where doubt may arise, in such a manner as will make it lawful and fully enforceable.

8. Jurisdiction. The Parties acknowledge that jurisdiction of any matter arising under this Agreement lies exclusively in the United States District Court for the District of Rhode Island while the Receivership Action is pending and the Parties hereby

waive any defenses or objections to personal jurisdiction or venue with respect to the exercise of such jurisdiction.

9. Miscellaneous.

a. The Parties hereto warrant and acknowledge that in executing this Agreement, they have not relied upon and do not rely upon any representation or statement made by the other party or the other party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement.

b. In the event of any litigation or other proceeding is brought for the interpretation or enforcement of this Agreement, or because of any alleged dispute, default, misrepresentation, or breach in connection with any of the provisions of this Agreement, the prevailing party or parties hereto shall be entitled to recover reasonable attorney's fees and costs actually incurred in connection therewith from the other, including but not limited to litigation at trial and on appeal, in addition to any other relief to which it may be entitled.

c. One or more copies or counterparts of this Agreement may be executed and each such copy or counterpart shall constitute a duplicate original hereof. A facsimile transmission copy of this Agreement may be utilized by the Parties hereto as an original.

d. This Agreement constitutes the entire understanding between the Parties hereto relating to the subject matter hereof and supercedes all prior agreements, written or oral, between the Parties hereto relating to the subject matter hereof.

e. This Agreement may not be amended, modified or terminated, in whole or in part, except by an instrument in writing duly executed by the parties hereto.

f. The Parties hereto represent and warrant that each has the full right and authority to enter into this Agreement and perform its responsibilities as set forth herein, and that the person executing and delivering this Agreement on its behalf has the full right and authority to fully commit and bind such party.

g. The Parties agree that the terms of this Agreement shall not be construed against either party as the drafting party. The terms and provisions of this Agreement have been jointly agreed to and negotiated by the Parties and represent their collective agreement.

IN WITNESS WHEREOF, the Receiver and Vanderbilt have caused this Agreement to be executed as of the date first above written.

United States Small Business Administration as and only as Receiver of Moneta Capital Corporation,

By: Thomas G Morris
Its: Thomas G Morris
Dir, office of Liq, SBA

Vanderbilt Capital, LLC

By:____________________
Its:____________________

~~STATE OF~~ WASHINGTON
~~COUNTY OF~~ DC

In ____________ on this 5th day of February, 2007, before me personally appeared Thomas G. Morris, Dir Office of LiC, of United States Small Business Administration as Receiver of Moneta Capital Corporation, a corporation, to me known and known by me to be the party executing the foregoing instrument on behalf of said corporation, and acknowledged said instrument and the execution thereof, to be his/her/their free act and deed in said capacity and the free act and deed of said Receiver for Moneta Capital Corporation.

Abraham Speight
Notary Public
Name: Abraham A. Speight
My commission expires NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires April 30, 2008

STATE OF ____________
COUNTY OF ____________

In ____________ on this ___ day of February, 2007, before me personally appeared ______________________, ____________ of Vanderbilt Capital, LLC, a limited liability corporation, to me known and known by me to be the party executing the foregoing instrument on behalf of said limited liability corporation, and acknowledged said instrument and the execution thereof, to be his/her/their free act and deed in said capacity and the free act and deed of said limited liability corporation.

______________________________
Notary Public
Name:
My commission expires:

405933_1.doc

f. The Parties hereto represent and warrant that each has the full right and authority to enter into this Agreement and perform its responsibilities as set forth herein, and that the person executing and delivering this Agreement on its behalf has the full right and authority to fully commit and bind such party.

g. The Parties agree that the terms of this Agreement shall not be construed against either party as the drafting party. The terms and provisions of this Agreement have been jointly agreed to and negotiated by the Parties and represent their collective agreement.

IN WITNESS WHEREOF, the Receiver and Vanderbilt have caused this Agreement to be executed as of the date first above written.

United States Small Business Administration as and only as Receiver of Moneta Capital Corporation,

By:____________________
Its:____________________

Vanderbilt Capital, LLC

By: [signature]
Its: REGIONAL PRESIDENT

STATE OF ____________
COUNTY OF ___________

In ____________ on this ___ day of February, 2007, before me personally appeared ______________________, ____________ of United States Small Business Administration as Receiver of Moneta Capital Corporation, a corporation, to me known and known by me to be the party executing the foregoing instrument on behalf of said corporation, and acknowledged said instrument and the execution thereof, to be his/her/their free act and deed in said capacity and the free act and deed of said Receiver for Moneta Capital Corporation.

______________________________
Notary Public
Name:
My commission expires:

Commonwealth of
~~STATE OF~~ Pennsylvania
COUNTY OF Montgomery

In ____________ on this 6 day of February, 2007, before me personally appeared Robert Fuchus ____________ of Vanderbilt Capital, LLC, a limited liability corporation, to me known and known by me to be the party executing the foregoing instrument on behalf of said limited liability corporation, and acknowledged said instrument and the execution thereof, to be his/her/their free act and deed in said capacity and the free act and deed of said limited liability corporation.

Martha Tanner
Notary Public
Name: MARTHA TANNER
My commission expires: MAY 24, 2007

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Martha Tanner, Notary Public
Horsham Twp., Montgomery County
My Commission Expires May 24, 2007
Member, Pennsylvania Association of Notaries

405933_1.doc