**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. 99-565L** |
| | ) | |
| **MONETA CAPITAL CORPORATION** | ) | |
| | ) | |
| **Defendant.** | ) | |

**RECEIVER'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ENTRY OF AN ORDER GRANTING LEAVE TO PROCEED WITH A PRIVATE SALE OF REAL PROPERTY**

The U.S. Small Business Administration ("SBA"), as Receiver (the "Receiver") for Moneta Capital Corporation ("Moneta"), in support of its Motion for entry of an Order Granting Leave to Proceed with a Private Sale of Receivership Property (the "Motion"), hereby states as follows:

Moneta currently holds title to approximately 124 acres of real property identified as Plat 379, Lots 8, 9, 158, 159, 425, 426 and 445, Plat 380, Lots 1, 3, and 281, and Plat 381, Lots 38, 39, 40 and 41 (”the Property”) located in Warwick, Rhode Island, which property was formerly owned by CR Amusements, LLC. The Property was acquired by the Receiver at a foreclosure sale. Title is held on Moneta’s behalf and on behalf of various co-investors in a syndicated loan for which the Property was collateral. See Affidavit of Thomas G. Morris,¶ 3 (the “Affidavit”), attached as Exhibit B to the Motion. The Receiver now proposes to sell the Property by private sale pursuant to 28 U.S.C. § 2001(b).

28 U.S.C. § 2001(b) states that the Court may order the sale of realty at private sale upon such terms and conditions as the Court approves if it finds that the best interests of the estate will be served. In addition, the statute states that "[b]efore confirmation of any private sale, the Court shall appoint three disinterested persons to appraise such property. . . . No private sale shall be confirmed at a price less than two-thirds of the appraised value." The statute also requires that before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. 28 U.S.C. § 2001(b). Under the terms of the statute, the sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 percent increase over the price offered in the private sale. 28 U.S.C. § 2001(b).

The Receiver has entered into a purchase and sale agreement (the "City Purchase and Sale Agreement) with the City of Warwick with respect to approximately forty-one acres of the Property (the "City Parcel") for the purchase price of $4,400,000.00 to be designated as open space and a purchase and sale agreement with Rocky Point Partners, LLC (the "Rocky Point Purchase and Sale Agreement", together with the City Purchase and Sale Agreement, the "Purchase and Sale Agreements") for the remaining acreage of the Property (the "Rocky Point Parcel"), for the purchase price of $15,600,000.00.

Pursuant to the Purchase and Sale Agreements, the Property will be transferred to each Buyer by Receiver's Deed**.** Rocky Point Partners, LLC shall pay a deposit of $250,000.00 within five days of the execution of the Rocky Point Agreement and an additional $750,000.00 upon expiration of a due diligence period. The remaining balance of the purchase price from both the City of Warwick and Rocky Point Partners, LLC, will

be paid at closing. It is contemplated that the closing will occur on or before March 28, 2008. True and correct copies of the Purchase and Sale Agreements are attached to the Affidavit of Thomas G. Morris as Exhibits 1 and 2.

In accordance with 28 U.S.C. §2001, the Receiver commissioned Cushman and Wakefield, Inc., United Appraisal Group and Robert Bargamian to undertake appraisals of the Property. Randell L. Harwood whose Rhode Island License number is 1958 and Mark H. Wolpers completed the appraisal from Cushman and Wakefield, Inc. Paul Bordieri, whose State Certification number is A00154R, was the representative that conducted the appraisal for United Appraisal Group. Robert Bargamian is a R.I. Certified General Appraiser, whose State Certification number is A00663G. Affidavit,¶6.

The appraisals found the value of the parcels to be $5,250,000, $16,000,000 and $16,500,000 respectively. The sales price of $20,000,000 exceeds the average appraised value and therefore fulfills the requirement of 28 U.S.C. §2001(b) that the sale be for not less than two-thirds of the appraised value. The Receiver therefore recommends that the Court approve and confirm the three appraisers, and their respective appraisals, pursuant to 28 U.S.C. §2001. Affidavit,¶7.

In order to confirm that this proposed sales price is the best that can be reasonably expected, the Receiver will publish notice of the proposed sales in the *Providence Journal*, *Boston Globe and The Wall Street Journal* newspapers of general circulation, at least 10 days prior to the sales to solicit any higher bids. The notice will provide the relevant terms of sale and the all bids must conform with the required terms and conditions imposed upon either Buyer and other prospective purchasers at the time the

original sale price was established. Affidavit, ¶8. The notice shall further provide that the Receiver shall qualify bidders in its sole discretion and under such terms as it customarily requires including, but not limited to, requiring a deposit of $250,000.00 in immediately available funds from any prospective bidder as well as such financial data and other evidence necessary to satisfy the Receiver that such bidder has the financial capability to consummate the contemplated sale. In the event a bid greater than 110% over the aggregate original contract price is received from a prospective purchaser relative to either Purchase and Sale Agreement, the Receiver shall hold an auction involving all such qualified bidders. Should a party other than Rocky Point Partners, LLC, ultimately become the prospective purchaser under the terms of the Rocky Point Purchase and Sale Agreement as a result of said auction, the Receiver shall pay to Rocky Point Partners, LLC, a break-up fee in an amount of $500,000.00 as more fully set forth in the Rocky Point Purchase and Sale Agreement.

If no bids greater than 110% over the aggregate original contract price are received pursuant to 28 U.S.C. §2001 and the published notice, the Receiver recommends that the Court approve the sale of the Property to the City of Warwick and Rocky Point Partners, LLC. In the event no objections to the proposed sale are received and no bids are received in compliance with the proposed notice of sale, the Receiver also requests that it be authorized to seek the Court's leave for cancellation of the hearing and entry of an order confirming the proposed sale. Affidavit, ¶9.

The Receiver's obligation is to liquidate the receivership estate, including all assets, real and personal property, in the best interests of the estate. The Receiver believes that acceptance of the offer for the real property for $20,000,000.00 in the

aggregate is in the best interest of the receivership estate. Affidavit,¶10.

WHEREFORE, the Receiver respectfully requests that this Court:

1. Enter an Order for Leave to Proceed with a Private Sale of Receivership Property, for the 124 acres of real property located in Warwick, Rhode Island, which property was formerly titled in the name of CR Amusements, LLC and was acquired by the Receiver at a foreclosure sale;

2. Confirm and approve Cushman and Wakefield, Inc., United Appraisal Group and Robert Bargamian as appraisers, and confirm and approve the respective appraisals, pursuant to 28 U.S.C. §2001(b);

3. Establish a date for a Confirmation Hearing before this Court for the purchase and sale of the Property at this Court's earliest hearing date, allowing not less than six weeks from the date of this Court's Order to allow the Receiver sufficient time for publication of the notice of the sale and auction, if required;

4. Approve the publication of a notice of the sale to be published in the *Providence Journal, Boston Globe and Wall Street Journal* at least ten days before the confirmation hearing, which notice shall require, among other things, that a) bids will have to be made for the Property as delineated in each contract for sale and under the same terms and conditions as those contained in the Rocky Point Purchase and Sale Agreement and/or the City Purchase and Sale Agreement , b) a deposit of $250,000 in immediately available funds shall accompany each bid for each contract, and d) each bidder shall provide financial data and other evidence necessary to satisfy the Receiver that such bidder has the financial capability to consummate the contemplated sale;

5. Approve an auction to be conducted by the Receiver consistent with the purposes of 28 U.S.C. § 2001 (b), should bids greater than 110% over the aggregate original contract price be received;

6. Approve the break up fee as provided in the Rocky Point Purchase and Sale Agreement in an amount not to exceed $500,000; and

7. Permit the Receiver to seek the Court's leave for cancellation of the hearing and entry of an order confirming the proposed sale in the event no objections to the proposed sale are received and no bids are received in compliance with the proposed notice of sale.

U.S. Small Business Administration as
Receiver for Moneta Capital Corporation
By its Attorneys,

/s/ Thomas E. Carlotto

Thomas E. Carlotto #6088
Shechtman Halperin Savage, LLP
1080 Main Street
Pawtucket, RI 02860
401-272-1400
401-272-1403 (fax)

Dated: September 30, 2007