UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br><br>MONETA CAPITAL CORP.<br>Defendant. | ) | CIVIL ACTION<br>FILE NO. 99-565-L<br><br>Judge Ronald R. Lagueux<br>Judge David L. Martin |

MEMORANDUM IN SUPPORT OF MOTION OF UNITED STATES DEPARTMENT OF LABOR TO LIFT JUDICIAL STAY FOR A LIMITED PURPOSE AND TO RECOVER MONIES FOR THE NORTHEAST CAPITAL CORPORATION PENSION PLAN

The United States Department of Labor (hereinafter "the Department") has responsibility for administration and enforcement of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"). Title I of ERISA establishes standards governing the operation of employee benefit plans such as the Northeast Capital Corporation Pension Plan (hereinafter "the Plan"). The Department's Employee Benefits Security Administration (hereinafter "EBSA") is charged with the responsibility to investigate compliance with ERISA standards. To that end, EBSA focuses on the actions of fiduciaries of covered employee pension benefit plans and employee welfare (health) benefit plans. EBSA has conducted an investigation into the investments and administration of the Plan in this matter and has discovered alleged violations of ERISA involving the Plan. The facts described below are drawn from EBSA's investigation as demonstrated by the attached affidavit of J. Martin Shanahan, a senior investigator for the Boston office of EBSA.

The Plan is a defined contribution plan established for the benefit of employees of Arnold Kilberg & Co., Certified Public Accountants (hereinafter "AK&C").[1] The Plan is a money purchase plan which was established on March 21, 1967. A "money purchase plan" is a type of defined contribution plan governed by ERISA in which the employer's contributions are determined for, and allocated with respect to, specific individuals, usually as a percentage of compensation.

All full-time employees of AK&C who had one year of service and had attained the age of twenty-one were eligible to participate in the Plan. Plan participants are entitled to a share of the Employer's voluntary contributions as determined by the percentage of the participant's compensation as compared to the total compensation paid to all Plan participants. In other words, the higher a participating employee's salary as compared to his participating co-workers, the larger his or her share of the Employer's contributions to the Plan.

Arnold Kilberg had been the Plan Trustee prior to his death in January 2007, and the named Plan Administrator has been AK&C. As such, Mr. Kilberg and AK&C were fiduciaries to the Plan. Mr. Kilberg also controlled and owned another company, Moneta Capital Corporation (hereinafter "Moneta"). Moneta was a small business investment corporation regulated by the United States Small Business Administration. Moneta's business was to make loans to small businesses. EBSA states that until Moneta was placed into receivership by the United States Small Business Administration, Moneta had always been controlled by Mr. Kilberg as president, owner, or as a controlling party.

During its investigation into Plan activities, EBSA uncovered acts in apparent

---

[1] Statements made by Mr. Arnold Kilberg during a deposition and the findings of EBSA show that the Plan held the name of a prior company of Mr. Kilberg's, Northeast Capital, but the Plan sponsor was AK&C.

contravention of the provisions of ERISA. Those acts involved primarily Mr. Kilberg's investment of most Plan assets into loan arrangements made by Moneta, acts which constitute "prohibited transactions" with a related party under ERISA and which are also prohibited as self-dealing. *See* ERISA Section 406, 29 U.S.C. § 1106. EBSA determined that Mr. Kilberg invested the Plan's assets in "loan participation agreements" made with and through Moneta. In other words, Mr. Kilberg invested Plan assets in small business loans made by Moneta to third parties, an example of which is Attachment # 1 to the Declaration of J. Martin Shanahan. EBSA cites to five specific loan participation agreements in which Mr. Kilberg invested the Plan's money into loans made by Moneta. Those loans are:

| | Company | Date | Total Loan Made by Moneta |
|---|---|---|---|
| 1) | American Shipyard Corporation | December 31, 1995 | $3,120,000 |
| 2) | Rocky Point Amusements, Inc. | December 26, 1995 | $1,500,000 |
| 3) | American Shipyard Corporation | September 3, 1995 | $3,120,000 |
| 4) | American Shipyard Corporation | November 30, 1994 | $3,120,000 |
| 5) | Country Crest Bakery | August 18, 1989 | $ 39,000 |

Based upon its review of Plan investments in the loan participation agreements with Moneta, EBSA has determined that the Plan is owed $50,000 plus interest from the Plan's November 30, 1994 investment and loan participation in Moneta's American Shipyard Corporation loan, *See* Declaration of J. Martin Shanahan, Attachment # 1, Preface, Recital and Section 2; $45,000 plus interest from the Plan's September 3, 1995 investment and loan participation in another Moneta loan to American Shipyard Corporation; $60,000 plus interest from the Plan's December 31, 1995 investment and loan participation in yet an additional Moneta loan to American Shipyard Corporation; $30,000 plus interest from Moneta's Rocky Point Amusements, Inc. loan; and $39,000

plus interest from Moneta's Country Crest Bakery loan. Those amounts total $224,000, not accounting for the interest due and owing to the Plan. Overall, as a result of investments made on behalf of the Plan, including an additional $75,000 Plan investment made in a Moneta-related company called Zeus Realty Holdings, LLC, EBSA estimates that the Plan is owed in excess of $299,000, exclusive of interest. *See* Declaration of J. Martin Shanahan, Par. # 8. The amounts cited above are monies owed directly to the Plan from investments made on its behalf. Just as an investor in corporate bonds is owed the proceeds from those bonds, the Plan is owed the benefits of its investments.

The United States Small Business Administration, in its capacity as Receiver for Moneta, received $76,159.62 owed to the Plan as payment for the Plan's investment in Moneta's November 30, 1994 loan to American Shipyard, LLC as denoted above. The United States Small Business Administration has written to the Department confirming its receipt of those funds; confirming that those funds belong to the Plan; and stating that those funds comprise $50,000 in principal; $12,586.26 in interest on the final payment; $9,133.39 representing the Plan's portion of the 19 monthly interest payments received from American Shipyard, LLC; and $4,439.97 representing the Plan's portion of the sale of the collateral proceeds. *See* Declaration of J. Martin Shanahan, Par. # 9. That amount, with accrued interest, has now grown to approximately $84,639.41.

Mr. Kilberg had represented to the Department that the participants of the Plan, excluding himself, are owed $89,566.58 plus unknown investment returns from the Plan. Mr. Kilberg provided information to the Department from which the Department produced a schedule of percentage interests owed to Plan participants other than Mr. Kilberg. *See* Attachment # 2 to Declaration of J. Martin Shanahan.

Mr. Kilberg had abandoned the Plan prior to his death and new fiduciaries have been appointed by the U.S. District Court for the district of Rhode Island as demonstrated by the attached Order.[2] Those fiduciaries await receipt of the Plan's only available funds so that they may properly distribute those monies to the Plan participants.

For the reasons discussed above, the Secretary respectfully requests that the court approve the attached motion and enter the proposed draft order also attached.

Respectfully submitted,

Jonathan L. Snare
Acting Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

*/s/ Donald E. d'Entremont*
Donald E. d'Entremont
Attorney
BBO # 558834 (MA)

U.S. Department of Labor
Attorneys for Moving Party

Post Office Address:
U.S. Department of Labor
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203
TEL: (617) 565-2500;
FAX: (617) 565-2142

DATE: DECEMBER 18, 2007



[2] The Department, in matters involving abandoned or mismanaged ERISA plans, has with some frequency sought and received court appointment or approval of independent fiduciaries to manage the affairs of those ERISA Plans. *See* Whitfield, Deputy Secretary of Labor v. Pennington, 832 F.2d 909, 912 FN 8 (5th Cir. 1987); American Int'l Specialty Lines Ins.Co. v. Nat'l Assoc. of Business Owners and Professionals, 253 F.Supp.2d 468, 471 (E.D.N.Y. 2003); Dairy Fresh Corp. v. Poole and Herman, Secretary of Labor, 2001 WL 392684 (S.D. Ala.), *aff'g* Dairy Fresh, 108 F.Supp.2d 1344 (S.D. Ala. 2000); Martin, Secretary of Labor v. Goldstein, 775 F.Supp. 649, 649-50 (S.D.N.Y. 1991); Chao, Secretary of Labor v. Barridon Corp./Han-Dee Spring 401(k) Profit Sharing Plan, (D. Conn.) 05-CV-0210-RNC (Aug. 1, 2005).

-