UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br><br>MONETA CAPITAL CORP.<br>Defendant. | CIVIL ACTION<br>FILE NO. 99-565-L<br><br>Judge Ronald R. Lagueux<br>Judge David L. Martin |

DECLARATION OF J. MARTIN SHANAHAN

1. My name is J. MARTIN SHANAHAN and I am a Senior Investigator in the Boston Regional Office of the Employee Benefits Security Administration of the United Stated Department of Labor (hereinafter, "the Department"). I have been employed by EBSA since June 1996. From June 1996 to June 1998 I served EBSA as a Benefits Advisor. I have been employed as an EBSA investigator since June 1998. I am a Certified Public Accountant and an attorney.

2. In the course of my duties, I was assigned to conduct an investigation of the Northeast Capital Corporation Pension Plan (hereinafter "the Plan"). The investigation was instituted pursuant to Section 504(a) of the Employee Retirement Income Security Act of 1974 (hereinafter, "ERISA"), 29 U.S.C. Section 1134(a), to determine whether any person had violated or was about to violate any provision of Title I of ERISA or any regulation or order promulgated thereunder.

3. The investigation was initiated following a review of the Plan's Forms 5500, the annual report of ERISA plans, which revealed that approximately 98% of the assets of the Plan were invested in Moneta Capital Corp. (hereinafter "Moneta") or through loans involving Moneta.

4. The Plan is a defined contribution money purchase plan established for the benefit of employees of Arnold Kilberg & Co., Certified Public Accountants (hereinafter "AK&C").

5. All full-time employees of AK&C who had one year of service and had attained the age of twenty-one were eligible to participate in the Plan. Plan participants are entitled to a share of the Employer's voluntary contributions as determined by the percentage of the participant's compensation as compared to the total compensation paid to all Plan participants.

6. Arnold Kilberg has been the Plan Trustee, and the named Plan Administrator has been AK&C. Until it was placed into receivership by the United States Small Business Administration, Moneta had always been controlled by Mr. Kilberg as president, owner, or as a controlling party.

7. Our investigation uncovered acts in apparent contravention of the provisions of ERISA. Those acts involved primarily Mr. Kilberg's direction of most Plan assets into loan arrangements with Moneta. Mr. Kilberg invested the Plan's assets in "loan participation agreements" with Moneta involving small business loans. There exist five specific loan participation agreements in which Mr. Kilberg invested the Plan's money into loans made by Moneta. Those loans are:

| Company | Date | Total Loan Made by **Moneta** |
|---|---|---|
| American Shipyard Corporation | December 31, 1995 | $3,120,000 |
| Rocky Point Amusements, Inc. | December 26, 1995 | $1,500,000 |
| American Shipyard Corporation | September 3, 1995 | $3,120,000 |
| American Shipyard Corporation | November 30, 1994 | $3,120,000 |
| Country Crest Bakery | August 18, 1989 | $ 39,000 |

8. Based upon my review of Plan investments in the loan participation agreements with Moneta, I determined that the Plan is owed $50,000 plus interest from the Plan's November 30, 1994 investment and loan participation in Moneta's American Shipyard Corporation loan, as demonstrated by "Attachment # 1"; $45,000 plus interest from the Plan's September 3, 1995 investment and loan participation in another Moneta loan to American Shipyard Corporation; $60,000 plus interest from the Plan's December 31, 1995 investment and loan participation in yet an additional Moneta loan to American Shipyard Corporation; $30,000 plus interest from Moneta's Rocky Point Amusements, Inc. loan; and $39,000 plus interest from Moneta's Country Crest Bakery loan. Those amounts total $224,000, not accounting for the interest due and owing to the Plan. Overall, as a result of Mr. Kilberg's improper activities and improper investments made on behalf of the Plan, including an additional $75,000 Plan investment he made in a Moneta-related company called Zeus Realty Holdings, LLC, I estimate that the Plan lost in excess of $299,000, exclusive of interest.

9. The United States Small Business Administration received $76,159.62 owed

to the Plan as payment for the Plan's investment in Moneta's November 30, 1994 loan to American Shipyard, LLC as denoted above. The United States Small Business Administration has written to the Department confirming its receipt of those funds; confirming that those funds belong to the Plan; and stating that those funds comprise $50,000 in principal; $12,586.26 in interest on the final payment; $9,133.39 representing the Plan's portion of the 19 monthly interest payments received from American Shipyard, LLC; and $4,439.97 representing the Plan's portion of the sale of the collateral proceeds.

10. Mr. Kilberg has represented to the Department that the participants of the Plan, excluding himself, are owed $89,566.58 plus unknown investment returns from the Plan.

11. Non-fiduciary participant allocation percentages are described in the attached document named "Attachment # 2." Those interest percentages were calculated based on information provided to me by Mr. Kilberg.

12. Our records indicate that the last Form 5500 filed by the Plan was for Plan Year 2002. That annual report is signed by Mr. Arnold Kilberg and is dated January 15, 2004. That annual report shows also that the entirety of Plan assets are invested in loans to third parties ($195,077) and loans to Plan participants ($37,576).

13. Bankruptcy documents state that between April 12, 2004 and June 9, 2004, the bankruptcy trustee in Mr. Kilberg's personal bankruptcy proceedings sold substantially all of the business assets of AK & C to Ronald C. Carmark, C.P.A.

14. Mr. Kilberg relocated to Florida and later died in January 2007.

15. Mr. Kilberg had previously abandoned the Plan.

16. The Plan has two new court appointed fiduciaries: Joseph M. DiOrio, Esq. and Ronald C. Carmark, C.P.A.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 7, 2007.

J. Martin Shanahan

SIGNED BEFORE ME THIS 7TH DAY OF DECEMBER 2007:

Karin J. Froom

KARIN J. FROOM
NOTARY PUBLIC

MY COMMISSION EXPIRES: 21 April 2011