**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. 99-565L** |
| | ) | |
| **MONETA CAPITAL CORPORATION** | ) | |
| | ) | |
| **Defendant.** | ) | |

**AFFIDAVIT OF CHRISTINE RISHTY IN SUPPORT OF RECEIVER'S MOTION FOR INCREASE IN AMOUNT OF RECEIVER'S CERTIFICATES**

Christine Rishty, being first duly sworn, states the following:

1. I have served as a member of the Principal Agent for the U.S. Small Business Administration ("SBA" or "Receiver") in its capacity as the court-appointed Receiver of Moneta Capital Corporation ("Moneta") since October 2004. Moneta was placed in receivership, and SBA was appointed the Receiver for Moneta, by an Order of this Court dated February 2, 2000.

2. In my position as a member of the Principal Agent, I am responsible for the maintenance and safekeeping of the official books and records of Moneta.

3. I have read the Receiver's pleadings requesting an increase in Receiver's Certificates in the above-captioned action and am familiar with its contents. This affidavit is based on my personal knowledge as well as my review of the financial condition of the receivership estate.

4. On February 2, 2000, this Court entered an Order ("the Receivership Order") appointing SBA as receiver for Moneta. Pursuant to paragraph 9 of the

Receivership Order, the Receiver was authorized to borrow up to $100,000 on Moneta's behalf from SBA for the administration of the receivership estate. The borrowings are evidenced by Receiver's Certificates of Indebtedness, which are issued for the principal amount borrowed and which bear interest at a rate of 10% *per annum* and mature no later than 18 months from the date of issue.

5. Since the inception of the receivership, the Receiver has made five other requests to this Court for an increase to the amount the Receiver s authorized to borrow through the issuance of Receiver's Certificates.

6. Although the Receiver has been authorized to borrow $6,250,000, and is asking for another $600,000, only $550,000 of the previous authorized borrowings has been used for administrative and general operating expenses although the receivership has been operating for almost eight years; the other $5,950,000 has been used for the protection of specific assets. The Receiver has already repaid $1,750,000, the second receiver's certificate, from the sale of one of the assets and intends to pay at least $3,100,000 and $200,000 of the prior Receiver's Certificate and $250,000 from these certificates from the gross proceeds of the sale of the Rocky Point property as the funds were used for preservation of the Property.

7. On July 29, 2003, the Receiver foreclosed the mortgage encumbering 124 acres of real property formerly known as the Rocky Point Amusement Park on its own behalf and on behalf of a syndicated lending group. Since that time, the Receiver has undertaken the responsibility for maintaining Rocky Point, including paying its utilities, real property taxes, insurance premiums, and general maintenance expenses.

8. On September 30, 2007, the Receiver filed a motion asking this Court for approval of sale of the 124 property, with 83 acres being sold to a private developer and approximately 41 acres to the City of Warwick. Although the sale to the City of Warwick has closed, the sales are contingent upon each other. By separate orders, this Court approved the sales process to close the pending sale as dictated by 28 U.S.C. §2001(b). The Receiver continues to maintain Rocky Point and will continue to do so until a sale is finalized in accordance with the Purchase and Sale Agreement filed by the Receiver on or before March 28, 2008

9. The Rocky Point fees and expenses are the vast bulk of the monthly bills the Receiver has to pay from the receivership estate and total of $70,000.00 on average. This figure includes expenses incurred for property taxes, security services, insurance premiums, and utilities, legal and outside contractor fees, and general maintenance

10. Given the amount of monthly fees the Receiver has incurred for the upkeep of Rocky Point and the expenses incurred by the Receiver for operational needs such as accounting, administrative, legal and independent contractor remuneration, it is my opinion that this latest request for increase of $250,000 in borrowing authority for the purpose of paying the Rocky Point expenses and $350,000 for general operating expenses is in the best interest of the receivership estate. This borrowing will enable the Receiver to meet its operational expenses and the Rocky Point monthly expenses in a timely manner.

"I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge."

Executed on this 28th day of January, 2008.

Christine Rishty

Christine M. Rishty

State of Virginia, County of Loudoun

Sworn and subscribed to before me this 28th day of January, 2008.

LEONARD YANOFF COMMONWEALTH OF VIRGINIA NOTARY PUBLIC

Notary Public

My Commission expires: Leonard Yanoff Commonwealth of Virginia Notary Public Commission No. : 335942 My Commission Expires 10/31/2011