**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. 99-565L** |
| | ) | |
| **MONETA CAPITAL CORPORATION** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF RECEIVER'S MOTION FOR INCREASE IN AMOUNT OF RECEIVER'S CERTIFICATES**

In support of its Motion for Increase in Amount of Receiver's Certificates ("the Motion"), the United States Small Business Administration ("SBA") in its capacity as court-appointed receiver ("the Receiver") for Moneta Capital Corporation ("Moneta") states as follows:

**BACKGROUND**

On February 2, 2000, this Court entered an Order ("the Receivership Order") appointing SBA as receiver for Moneta. Pursuant to paragraph 9 of the Receivership Order, the Receiver was authorized to borrow up to $100,000 on Moneta's behalf from SBA for the administration of the receivership estate. The borrowings are evidenced by Receiver's Certificates of Indebtedness, which are issued for the principal amount borrowed and which bear interest at a rate of 10% *per annum* and mature no later than 18 months from the date of issue. Affidavit of Christine Rishty, ¶4, attached to the Motion as Exhibit A (hereinafter "Rishty Affidavit").

Since the inception of the receivership, the Receiver has made five other requests to this Court for an increase to the amount the Receiver s authorized to borrow through the issuance of Receiver's Certificates, the last one having been approved by Order of this Court dated April 18, 2005 (Docket No. 377). Rishty Affidavit, ¶5. Although the Receiver has been authorized to borrow $6,250,000, and is asking for another $600,000, only $550,000 of the previous authorized borrowings has been used for administrative and general operating expenses although the receivership has been operating for almost eight years; the other $5,950,000 has been used for the protection of specific assets. The Receiver has already repaid $1,750,000, the second receiver's certificate, from the sale of one of the assets and intends to pay at least $3,100,000 and $200,000 of the prior Receiver's Certificates and $250,000 from the current request from the gross proceeds of the sale of the Rocky Point property, as those funds have been used for conservation of the Property. Rishty Affidavit, ¶6.

## DISCUSSION

On July 29, 2003, the Receiver foreclosed the mortgage encumbering Rocky Point on its own behalf and on behalf of a syndicated lending group. Since that time, the Receiver has undertaken the responsibility for maintaining Rocky Point, including paying its utilities, real property taxes, insurance premiums, and general maintenance expenses. Rishty Affidavit, ¶7. On September 30, 2007, the Receiver filed a motion asking this Court for approval of sale of the 124 property, with 83 acres being sold to a private developer and approximately 41 acres to the City of Warwick. (Docket No. 445). Although the sale to the City of Warwick has closed, the sales are contingent upon each other. By Orders dated December 14, 2007 (Docket No. 455) and December 19, 2007

(Docket No. 458), this Court approved the sales process to close the pending sale as dictated by 28 U.S.C. §2001(b). The Receiver continues to maintain Rocky Point and will continue to do so until a sale is finalized in accordance with the Purchase and Sale Agreement filed by the Receiver on or before March 28, 2008. Rishty Affidavit, ¶8.

The Rocky Point fees and expenses are the vast bulk of the monthly bills the Receiver has to pay from the receivership estate and total $70,000.00 on average. This figure includes expenses incurred for property taxes, security services, insurance premiums, and utilities, legal and outside contractor fees, and general maintenance. Rishty Affidavit, ¶9. Given the amount of monthly fees the Receiver has incurred for the upkeep of Rocky Point and the expenses incurred by the Receiver for operational needs such as accounting, administrative, legal and independent contractor remuneration, the Receiver believes that this latest request for increase of $250,000 in borrowing authority for the purpose of paying the Rocky Point expenses and $350,000 for general operating is in the best interest of the receivership estate. This borrowing will enable the Receiver to meet its operational expenses and the Rocky Point monthly expenses in a timely manner. Rishty Affidavit, ¶10.

**CONCLUSION**

WHEREFORE, the Receiver respectfully requests that this Court grant its motion for authority to issue up to $250,000 in additional Receiver's Certificates for the specific, limited purpose of maintaining the Rocky Point asset and $350,000 for general operating expenses of the receivership.

U.S. Small Business Administration as
Receiver for Moneta Capital Corporation
By its Attorneys,

/s/ Thomas E. Carlotto

Thomas E. Carlotto #6088
Shechtman Halperin Savage, LLP
1080 Main Street
Pawtucket, RI 02860
401-272-1400
401-272-1403 (fax)
Dated: February 7, 2008