**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES, et al.** | : | |
| | : | |
| Plaintiff | : | |
| v. | : | **99-cv-00565-L-DLM** |
| | : | **EXPEDITED HEARING** |
| **MONETA CAPITAL CORP.,** | : | **REQUESTED** |
| | : | |
| Defendant | : | |
| | : | |

**MOTION OF ATLANTIC AMERICAN ROCKY POINT PARTNERS GROUP, LLC TO EXTEND DUE DILIGENCE AND CLOSING DATES**

Atlantic American Rocky Point Group Partners, LLC ("AARPP") requests that this Court enter an Order extending the time for the completion of the due diligence period and the closing date under the Purchase and Sale Agreement between the United States Small Business Administration, in its capacity as Receiver of the Defendant (the "Receiver") and AARPP dated December 17, 2007 (the "AARPP Sales Agreement"). **In light of the deadlines in the AARPP Sales Agreement for the expiration of the due diligence period (March 27, 2008) and the closing date (March 28, 2008), and the sale Orders entered by the Court, it is necessary that this Motion be heard by the Court prior to March 27, 2008.**

In support of this Motion, the relevant facts are set forth below. AARPP has also filed a separate Memorandum of Law addressing the legal authorities in support of this Motion.

**Sale of the Rocky Point Parcel**

1. This Court is all too familiar with the numerous hurdles that have arisen over the nearly ten years this receivership proceeding has been pending, and in particular with the efforts of the Receiver to market and sell the approximately 119 acre Warwick, Rhode Island waterfront property owned by the receivership estate, formerly operated as the Rhode Island icon "Rocky Point Amusement Park." The Receiver confronted a failed sale of the parcel previously approved by the Court for $25,000,000 and the declining value of the property since that proposed sale.

2. After additional marketing, the Receiver proposed to subdivide the property into two parcels: an approximately 41-acre parcel bordering the shoreline on Narragansett Bay for use as public recreation and open space (the "City Parcel"), and the remaining parcel of approximately 78 acres for private development (the "Main Parcel").

3. The Receiver entered into a Sales Agreement with the City of Warwick (the "City") dated August 7, 2007 for the sale of the City Parcel for the purchase price of $4,400,000. The Court approved this sale by Order dated December 13, 2007, a copy of which Order is annexed hereto as **Exhibit A**.

4. After the submission of competitive bids, this Court approved the sale of the Main Parcel to AARPP for the purchase price of $17,161,000 by Order dated December 19, 2007, a copy of which is annexed hereto as **Exhibit B** together with the AARPP Sales Agreement incorporated in said Order.

5. Funding to the City for the purchase of the City Parcel was to be provided by the National Oceanic & Atmospheric Administration ("NOAA") and the Rhode Island Department of Environmental Management ("DEM"). The funding allocation by NOAA

had been extended several times and was due to expire by December 31, 2007. The Receiver and the secured creditors in this proceeding recognized that the sale of the City Parcel could significantly undermine the value of the Main Parcel unless the closing on the two parcels occurred simultaneously. A simultaneous closing would enable the parties to address issues substantially impacting the development of the Main Parcel prior to the sale of the two parcels, and consequently protect its value.

6. Pressured by the NOAA funding deadline, however, the City and the Receiver pushed forward to consummate the sale of the City Parcel by December 31, 2007, within just 18 days after Court approval of the sale of the Main Parcel to AARPP. To protect the value of the Main Parcel by virtue of the sale of the City Parcel prior to the closing date under the AARPP Sales Agreement, the Court Order approving the sale of the City Parcel expressly provided for the "unwinding" of that sale in the event the sale of the Main Parcel did not occur by March 28, 2008.

7. The Order approving the sale of the City Parcel required that the City deliver to the Receiver at the December 2007 closing an executed Reconveyance Deed, transferring the City Parcel back to the Receiver upon the failure of a March 28, 2008 closing on the Main Parcel. It further provided for the merger of the City Parcel and the Main Parcel back into one parcel in such event.

8. The closing with the City on the City Parcel took place on December 31, 2007. AARPP understands that the Receiver is holding in escrow the Reconveyance Deed for the City Parcel. No further notice to the City or Order of this Court is required for the Receiver to record the Reconveyance Deed if the closing on the Main Parcel does not occur by March 28, 2008.

**Due Diligence Period**

9. The AARPP Sales Agreement (as afforded to all bidders) provides for a due diligence period through March 27, 2008 (Section 16) and a closing on the sale on March 28, 2008 (Section 4).

10. AARPP contemplates developing the Main Parcel for high-end residential use at an estimated aggregate project cost of $50,000,000. AARPP has prepared conceptual drawings and preliminary marketing materials regarding the anticipated development of the Main Parcel. The drawings and marketing information, referring to this development as the "Point," are available for viewing at the Website: www.thepointpropertiesri.com, which is under continuing development. (A CD-Rom containing these materials is also available should the Court wish to have a copy.)

11. In addition, in connection with the development of the Main Parcel, AARPP has agreed, at an estimated cost of $5,000,000, to improve the City Parcel with public walkways, natural landscaping, clearing of brush and scrub near the walkways, and to maintain and secure theses areas so that they may be used as open space by the public, the City and the State of Rhode Island. The general terms of this proposal were incorporated into a Management Plan the City submitted to NOAA and DEM as part of its application for the funding of the acquisition price to the City.

12. In actuality, AARPP's due diligence period has been only 99 days, running from December 19, 2007 to March 27, 2008, an extremely limited period for a development project of this size, scope and cost. AARPP has undertaken, in good faith and on a very expedited basis and at significant cost, substantial due diligence of the Main Parcel and necessarily of the City Parcel. Such due diligence and expense includes

site surveys, preliminary engineering, environmental review, architectural and landscaping conceptual plans, site review, review of water and sewer availability, several meetings with the Warwick Sewer Authority and DEM, legal representation and advice, discussions with the City of Warwick and development of test marketing materials. Annexed hereto as **Exhibit C** is a Summary of the Due Diligence that AARPP has conducted to date and will continue to conduct at an estimated total cost of approximately $490,015, including funds already expended or for which AARPP is contractually obligated to expend of approximately $210,015.

13. In addition to its own due diligence, AARPP has fully cooperated with and accommodated the Receiver so he could close on the sale of the City Parcel on the short timetable. For example, the City was required under the City Sales Agreement to submit to the Receiver a Class I ALTA Survey and a legal description of the City Parcel consistent with the survey in sufficient time to enable the Receiver to provide AARPP seven days to review and comment on the survey and to object to the survey. Approximately one week before the closing, AARP was advised by the Receiver and the City that the City would not be performing the ALTA Survey. Instead the City would only be submitting a subdivision plan not based upon any such survey. The Receiver requested that AARPP accommodate it and waive both the condition that the Receiver submit to AARPP an ALTA Survey of the City Parcel and the seven day review period. In the spirit of full cooperation, working with the City and the engineering firm AARPP had engaged at its own cost, AARPP assisted the City and the Receiver in the finalization of the subdivision plan and the accompanying legal description of the City Parcel. These final documents were only submitted to AARPP late on the Friday preceding the sale

closing that following Monday, December 31, 2007. AARPP waived the requirement for the ALTA survey and the seven-day review period and consented to the subdivision plan to enable the closing to proceed.

14. For title insurance purposes for the Main Parcel, the Class I ALTA Survey of the City Parcel (having been carved out of the original 119 acre Rocky Point Parcel) was required in order to prepare the Class I ALTA survey for the Main Parcel. Similar to the City Agreement, AARPP must provide a Class I ALTA Survey to the Receiver pursuant to the terms of its Sales Agreement. Therefore, at its own cost not previously anticipated and on an extremely expedited basis, AARPP has completed the ALTA Surveys for both the City Parcel and the Main Parcel and submitted them to the Receiver for review and approval. By written notification to AARPP, the Receiver has approved the surveys.

**<u>Due Diligence Issues Substantially Impacting the Main Parcel</u>**

15. Through its due diligence, AARPP learned of six issues that substantially impact the development of the Main Parcel. These issues arise primarily because the Receiver did not retain certain essential rights over the City Parcel when it was sold necessary for the development of the Main Parcel.

16. For example, the Receiver neglected to retain rights over the City Parcel for storm water run-off easements, sewer allocation, access for utilities and maintenance, and height restrictions to protect site views from the Main Parcel. In the absence of such rights over the City Parcel, development of the Main Parcel is not feasible and its value will plummet. Importantly, whether AARPP or some other company develops this property, these rights are critical to its development.

17. By letter dated February 27, 2008, (the "February 27th Letter"), a copy of which is annexed hereto as **Exhibit D**, AARPP notified the Receiver that these issues required resolution by the City and the Receiver in order for the Main Parcel to be developed and for AARPP to proceed further. The six critical issues that impact development by AARPP or any other developer of the Main Parcel include:

a) Lack of any agreement between the Receiver and the City regarding the allocation among the City Parcel and the Main Parcel of the 75,000 gallons of effluent discharge granted to the Rocky Point parcel by the Warwick Sewer Authority under various unrecorded agreements dating back to 1986;

b) Lack of any agreement between the Receiver and the City for easements over the City Parcel to enable excess storm water run-off to be discharged from the Main Parcel over the City Parcel into Narragansett Bay;

c) Lack of any agreement between the Receiver and the City for easements/agreements for access above and below the City Parcel for various utilities to service the Main Parcel;

d) Lack of any provisions for height restrictions on the City Parcel to prevent the obstruction of views from the Main Parcel and provide for site corridors over the City Parcel;

e) Lack of any provisions for restriction of overnight public access to the City Parcel essential to protect the safety and security of the residents

of the Main Parcel and the preservation of improvements to the City Parcel to be constructed by AARPP; and

f) Lack of any requirement that the City remove lead contaminated soil on the City Parcel in excess of approved Federal and State guidelines in order to avoid exposure to AARPP's agents and the public in areas where AARPP is to construct improvements on the City Parcel.

18. To assist the City and the Receiver, AARPP met with the Director of the City of Warwick Planning Department, and thereafter with the Warwick City Mayor, the Warwick City Council President, a Warwick City Councilman and the Warwick City Solicitor to further discuss these issues. While the spirit of the discussions with these City officials have been most cooperative and the City has expressed its desire and willingness to work with AARPP and the Receiver to reach mutually satisfactory resolutions of these issues, it is clear that the issues cannot be resolved before the expiration of AARPP's due diligence period and the closing date under the AARPP Sales Agreement.

19. AARPP has also reviewed these issues with its title company Mortgage Guarantee Title Insurance Company (the "Title Company"), the same title insurer that issued a title policy to the City for the City Parcel. AARPP has also engaged the services of legal counsel with expertise in municipal matters of this nature ("Municipal Counsel") to assist it in connection with these issues and their resolution.

**Necessity for Extension**

20. Municipal Counsel has reviewed these matters with AARPP, officials of the City and the Title Company. He has advised AARPP that any agreement reached to resolve these issues must be adopted and set forth by a City ordinance.

21. Further, he advised that the minimum time frame in which an ordinance can be adopted by the City, assuming timely agreements are reached with the Warwick Sewer Authority and the City, would be June 28, 2008.

22. In addition, both NOAA and DEM would have to approve such agreements by virtue of the Conservation Easement granted to DEM over the City Parcel and the restriction under the NOAA funding terms, also contained in the Receiver's Deed prohibiting encumbrances.

23. Counsel for AARPP informed the Receiver of this time frame by letter dated March 14, 2008, which letter included a copy of Municipal Counsel's letter outlining the municipal process for adoption of any such ordinance. The March 14th letter of AARPP's counsel with Municipal Counsel's letter of the same date is annexed hereto as **Exhibit E**. Copies of the DEM Conservation Easement and the City Parcel Deed are annexed hereto as **Exhibit F** and **Exhibit G**, respectively.

24. Based on Municipal Counsel's letter, it is essential that the due diligence period set forth in the AARPP Sales Agreement be extended to July 25, 2008, and the date for the closing on the sale of the Main Parcel be extended to July 28, 2008, in order to allow sufficient time to resolve these issues.

25. AARPP has requested such an extension from the Receiver in the letter of its counsel of March 14th, 2008.

26. AARPP has acted in good faith in conducting its due diligence and has expended considerable effort and incurred costs above and beyond what is required of it under the terms of the AARPP Sales Agreement.

27. AARPP has expended or is contractually obligated to expend by March 28, 2008 more than $210,000 in connection with its due diligence of the Main Parcel, and estimates it will spend in excess of $490,000 in total due diligence expenditures

28. AARPP has also undertaken substantial efforts in pursing a resolution of these issues with the City, even incurring the expense of additional legal counsel, to address issues that should have been addressed by the Receiver when the City Parcel was conditionally sold in December of 2007.

29. AARPP requires these extensions of time to conclude its due diligence through continued negotiations with the City and the Warwick Sewer Authority to reach mutually satisfactory resolutions of these issues and to obtain the consents of NOAA and DEM to any such agreements reached.

30. Without resolution of these issues, AARPP will not be able to obtain an appropriate title policy insuring title to the Main Parcel. While AARPP remains committed to the project, it cannot proceed with the acquisition of the Main Parcel in the absence of such agreements and title policy.

31. If these time frames are not extended, in addition to the harm to AARPP, which has acted in good faith and has already expended substantial efforts and funds in performing its due diligence, the City will be detrimentally harmed. Unless these dates are extended, the Receiver, on March 29, 2008 without further Order of the Court or

notice to the City, can record the Reconveyance Deed transferring title to the City Parcel back to the Receiver.

32. AARPP respectfully submits that it is appropriate and warranted for this Court to exercise its powers in administering and overseeing this receivership proceeding, as more fully discussed in the Memorandum of Law accompanying this Motion, to extend the due diligence period set forth in the AARPP Sales Agreement to July 25, 2008 and the closing date to July 28, 2008 to protect the interests of AARPP, the City, and the value of the Main Parcel.

WHEREFORE, AARPP respectfully requests that this Court:

(a) consider this Motion on an expedited basis and schedule a hearing on the Motion for a date prior to March 27, 2008;

(b) extend the dates set forth in the AARPP Sales Agreement in Section 16 for the expiration of the due diligence period to July 25, 2008, and in Section 4 for the closing on the sale of the Main Parcel to July 28, 2008; and grant AARPP such other and further relief as this Court deems just and appropriate.

**Atlantic American Rocky Point Partners Group, LLC**

By its Attorneys

/s/ Diane Finkle, Esq.
Diane Finkle, Esq. (#2664)
S. Michael Levin, Esq. (#3796)
Winograd, Shine & Zacks, P.C.
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728

Dated:

## CERTIFICATION

I certify that on the 18th day of March, 2008, I caused a copy of the foregoing pleading to be served on counsel of record as follows:

By Electronic Mail through Electronic Case Filing to the following:

- **Joseph Avanzato**
  javanzato@apslaw.com,
  vlanctot@apslaw.com
- **Peter G. Berman**
  peter@raskinberman.com
- **Jeffrey S. Brenner**
  jbrenner@nixonpeabody.com
  jmarino@nixonpeabody.com
  ProEfile@nixonpeabody.com
- mryone@nixonpeabody.com
- **Christopher R. Bush**
  cbush@riag.ri.gov,randrade@riag.ri
  .gov
- **Thomas E. Carlotto**
  tcarlotto@shslawfirm.com,msisson
  @shslawfirm.com
- **William J. Delaney**
  wdelaney@rc-
  legal.com,mmorrison@tllaw.com
- **Joseph Michael DiOrio**
  jmdiorio@dioriolaw.com,spthomas
  @dioriolaw.com
- **John William Dineen**
  jwdineen1@yahoo.com
- **Christopher R. Donato**
  chris.donato@usdoj.gov
- **John G. Earle**
  jearle@bselaw.com
- **Arlene Embrey**
  arlene.embrey@sba.gov
- **Douglas A. Giron**
  dgiron@shslawfirm.com,asalvaggio
  @shslawfirm.com,phalperin@shsla
  wfirm.com,dsmith@shslawfirm.com
- **Jeffrey H. Gladstone**
  jhg@psh.com,pds@psh.com
- **William R. Grimm**
  wgrimm@haslaw.com
- **Preston W. Halperin**
  phalperin@shslawfirm.com,dsmith
  @shslawfirm.com
- **Vincent A. Indeglia**
  vaindeglia@aol.com
- **Stephen A. Izzi**
  sizzi@mosesafonso.com
- **Diana E. Pearson**
  Diana@dpearsonlaw.com
- **Everett A. Petronio , Sr**
  eapjr@loeap.com
- **James P. Redding**
  reddingj@gtlaw.com
- **Peter D. Ruggiero**
  ruggieropd@ruggiero-orton-
  brochu.com
- **Jeffrey C. Schreck**
  JSchreck@msn.com
- **Robert K. Taylor**
  rkt@psh.com,tlc@psh.com
- **H. Marc Tepper**
  marc.tepper@bipc.com
- **Harris K. Weiner**
  hkw@pinelaw.com,mav@pinelaw.c
  om
- **Robert D. Wieck**
  rwieck@mwdglaw.com,mdaugherty
  @mwdglaw.com
- **Donald E. d'Entremont**
  d'entremont.donald@dol.gov, bos-
  sol-ecf@dol.gov
- **David A. Wollin**
  dwollin@apslaw.com,epickett@apsl
  aw.com,dciuffetelli@apslaw.com

By Hand Delivery or First Class US Mail, postage prepaid, as indicated, to the following:

**By Hand Delivery**
**Edward J. Bertozzi**
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

**By Hand Delivery**
**Michael W. Carroll**
Law Office of Michael W. Carroll
72 Pine Street
Providence, RI 02903

**By First Class US Mail**
**Frank Caprio**
Caprio & Caprio
One Center Place
Providence, RI 02903

**By First Class US Mail**
**Douglas J. Gervolino**
Kirby & Marullo
314 West Second Street
South Boston, MA 02127

**By First Class US Mail**
**Frank D. Kirby**
Kirby & Marullo
314 West Second Street
South Boston, MA 02127

**By First Class US Mail**
**Timothy T. More**
50 South Main Street
Providence, RI 02903

**By First Class US Mail**
**Andrew S. Richardson**
182 Waterman Street
Providence, RI 02906

**By First Class US Mail**
**Zachary Darow, Esq.**
50 Kennedy Plaza, Ste. 1500
Providence, RI 02903

/s/ Diane Finkle

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES, et al.** Plaintiff | : | |
| v. | : | **99-cv-00565-L-DLM** **<u>EXPEDITED HEARING REQUESTED</u>** |
| **MONETA CAPITAL CORP.,** Defendant | : | |

**<u>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ATLANTIC AMERICAN ROCKY POINT PARTNERS GROUP, LLC TO EXTEND DUE DILIGENCE AND CLOSING DATES</u>**

This Memorandum of Law is filed by Atlantic American Rocky Point Partners Group, LLC ("AARPP") in support of the <u>Motion of Atlantic American Rocky Point Partners Group, LLC To Extend Due Diligence And Closing Dates</u> (the "Motion"). The facts and necessity for the requested extension of the due diligence and closing dates under the Purchase and Sale Agreement between AARPP and the Untied States small Business Administration, in its capacity as Receiver (the "Receiver"), dated December 17, 2007 (the "AARPP Sales Agreement"), are detailed in the Motion. Accordingly, this Memorandum will address the legal authorities pertinent to the relief requested in the Motion.

## I. <u>ARGUMENT</u>

### A. Courts overseeing judicial sales have discretionary authority to modify orders affecting the sale through subsequent orders.

On October 24, 2007 this Court authorized the Receiver to proceed with the private sale of the receivership estate's real estate pursuant to 28 U.S.C. § 2001. Order

Granting Receiver's Motion for Order Granting Leave to Proceed with Private Sale. This statute gives this Court authority to order the private sale of real property "upon such terms and conditions as the court approves…" 28 U.S.C. § 2001(b). Thereafter, this Court entered an Order on December 13, 2007 approving the sale of a parcel of approximately 41 acres of shoreline property (the "City Parcel") to the City of Warwick (the "City"). On December 19, 2007 the Court also entered an Order approving the private sale of the remaining 78-acre parcel (the "Main Parcel") to AARPP (the AARPP Sale Order"). The AARPP Sale Order incorporated the AARPP Sales Agreement and authorized the sale of the Main Parcel "pursuant to the specific terms and conditions of [the Agreement]." *Id.* at ¶ 2.

As afforded all parties wishing to submit an offer for the Main Parcel, the AARPP Sales Agreement granted AARPP the right to "undertake such investigations of the Property as Buyer deems appropriate" during a period commencing on the effective date of December 17, 2007 and concluding on March 27, 2008. **Motion Exhibit B**, AARPP Sales Agreement, at ¶ 16(a). Pursuant to that Agreement, a closing on the sale is to occur on March 28, 2008, "[u]nless otherwise extended by written agreement of the parties hereto". *Id.* at ¶ 4. Thus, the AARPP Sale Order approved AARPP's ability to undertake whatever due diligence relative to the Main Parcel it considered necessary during a an expedited period prior to the specified closing date. Similarly, the Court also approved language in the AARPP Sales Agreement that contemplates an extension of the closing date.

It is well established that:

> a trial judge in equity proceedings, exercising authority over a sale of property in the control of the court, has discretionary power to modify all orders affecting such sale by subsequent orders.

*In re Great Western Beet Sugar Co.*, 125 P.2d 799, 801 (Idaho 1912), (citing *Pewabic Mining Co. v. Mason*, 145 U.S. 349 (891)). Thus, "[i]f the court has power to direct the terms of the sale in the first instance it may change them afterward. . . ." *Id.*

A court's discretion to modify the terms of a sale order includes the ability to extend deadlines provided by the order authorizing a sale, especially where equity and the circumstances that arise after the entry of the sale order warrant. For example, in the *Great Western Beet Sugar Co.* case the court noted,

> [W]here a sale has been made under notices requiring a cash payment on the date of the sale, . . . and the intending purchaser is unable to secure sufficient funds immediately with which to make such cash payment, it is a reasonable exercise of discretion on the part of a district judge to extend the time within which such payment shall be made, where no injury is done to anyone by failure of the purchaser to pay at once the sum due on his bid.

*Id.* In that case, the court affirmed the decision of the receivership court to direct the receiver to allow extra time to the winning bidder at an auction of receivership assets to pay the deposit due under the terms of the sale order, as well as a subsequent extension of the deadline for payment of the balance of the purchase price. *Id.* at 802. In making this decision, the court determined that that no material injury would result from the delay, and significantly, that a greater sale price could not be obtained if the property were resold. *Id.* at 801.

In the instant case, as more fully explained in the Motion, if the extension is not granted to allow additional time to resolve the issues currently jeopardizing the development of the Main Parcel, a resale of the parcel will be at a substantially lower

purchase price. Indeed, given current economic conditions in this country, the value of the Main Parcel will likely plummet. Additionally, the City will be detrimentally harmed as the sale Order for the City Parcel conditioned that sale on the closing of the Main Parcel by March 28, 2008, and provided that the Receiver shall record the Reconveryance Deed the Receiver is holding in escrow transferring title to the City Parcel back to the Receiver.

### B. This Court should exercise its discretion to extend the due diligence period and the closing date.

AARPP has expended substantial efforts and funds in conducting its due diligence. It remains committed to the development of the Main Parcel. However, its due diligence has revealed six major issues impeding the development of the Main Parcel, which issues relate to the failure of the Receiver to retain certain critical rights over the City Parcel when conditionally sold to the City in December of 2007. These rights are critical to the development of the Main Parcel, whether developed by AARPP or any other developer. AARPP has requested that the Receiver extend the due diligence period and the closing date to July 25, 2007 and July 28, 2008, respectively, a reasonable time frame necessary to achieve resolution of these issues under the circumstances as described in the Motion. AARPP requests that this Court exercise its discretionary authority to issue an order modifying the AARPP Sale Order to provide for such extension.

As noted, this Court has the authority and discretion pursuant to 28 U.S.C. § 2001(b) to direct the terms of the sale and to modify those terms under the AARPP Sale Order as warranted by subsequent events. *In re Great Western Beet Sugar Co.*, at 801. AARPP respectfully submits that such exercise of the Court's discretion under the facts

set forth in the Motion is appropriate and in the best interest of not only ARPP, but the receivership estate and its creditors and the City.

AARPP has demonstrated good cause for the extension, which is necessitated by the need to adequately resolve these issues to the satisfaction of its title insurance company. AARPP has expended a substantial amount of time, money and effort in conducting its due diligence. Over the last few weeks AARPP has met with various governmental officials having oversight of these matters, including various officials of the City, the Warwick Sewer Authority, and the Rhode Island Department of Environmental Management ("DEM") to discuss the issues. The City has expressed its willingness to work expeditiously with AARPP, the Warwick Sewer Authority and DEM to reach a resolution of the issues satisfactory to all parties. AARPP remains committed to acquiring the Main Parcel, but cannot do so unless it is afforded additional time to confirm that these certain rights over the City Parcel essential to the development of the Main Parcel will be confirmed at the time of the closing on that parcel.

A failure to close on the sale to AARPP will prejudice the creditors of the receivership estate because the AARPP Sale Order provides that in the event the Agreement is terminated, the Receiver <u>may</u> resell the Main Parcel to the second highest bidder at a **<u>significantly lower price and subject to a new 90-day due diligence period by this party</u>**. <u>See</u> AARPP Sale Order at ¶ 6. Assuming the second bidder is even interested in proceeding, it would have a new 90-day period to conduct its own due diligence and to decline to close if not satisfied with the results. AARPP submits that this bidder would face these same critical issues because they impact any feasible development of the Main Parcel. In addition, a termination of the AARPP Sales

Agreement will result in the forfeiture by the City of the City Parcel and the recording of the Reconveyance Deed by the Receiver transferring title to the parcel back to the Receiver.

## II. CONCLUSION

This Court has the discretionary authority to enter an order modifying the AARPP Sale Order to permit the extension of the due diligence period under the AARPP Sales Agreement to July 25, 2008 and the extension of the closing date to July 28, 2008. There is good cause for AARPP's request for such extension and the extension is in the best interest of not only AARPP, but also the receivership estate and its creditors and the City. The attendant harm in not granting the extension justifies the limited delay by such extension. AARPP respectfully submits that this Court should enter an Order extending the expiration date of the due diligence period to July 25, 2008 and extending the closing date to July 28, 2008.

**Atlantic American Rocky Point Partners Group, LLC**

By its Attorneys

/s/ Diane Finkle, Esq.
Diane Finkle, Esq. (#2664)
S. Michael Levin, Esq. (#3796)
Winograd, Shine & Zacks, P.C.
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728

Dated:

## CERTIFICATION

I certify that on the 18th day of March, 2008, I caused a copy of the foregoing pleading to be served on counsel of record as follows:

By Electronic Mail through Electronic Case Filing to the following:

- **Joseph Avanzato**
  javanzato@apslaw.com,
  vlanctot@apslaw.com
- **Peter G. Berman**
  peter@raskinberman.com
- **Jeffrey S. Brenner**
  jbrenner@nixonpeabody.com
  jmarino@nixonpeabody.com
  ProEfile@nixonpeabody.com
- mryone@nixonpeabody.com
- **Christopher R. Bush**
  cbush@riag.ri.gov,randrade@riag.ri.gov
- **Thomas E. Carlotto**
  tcarlotto@shslawfirm.com,msisson@shslawfirm.com
- **William J. Delaney**
  wdelaney@rc-legal.com,mmorrison@tllaw.com
- **Joseph Michael DiOrio**
  jmdiorio@dioriolaw.com,spthomas@dioriolaw.com
- **John William Dineen**
  jwdineen1@yahoo.com
- **Christopher R. Donato**
  chris.donato@usdoj.gov
- **John G. Earle**
  jearle@bselaw.com
- **Arlene Embrey**
  arlene.embrey@sba.gov
- **Douglas A. Giron**
  dgiron@shslawfirm.com,asalvaggio@shslawfirm.com,phalperin@shslawfirm.com,dsmith@shslawfirm.com
- **Jeffrey H. Gladstone**
  jhg@psh.com,pds@psh.com
- **William R. Grimm**
  wgrimm@haslaw.com
- **Preston W. Halperin**
  phalperin@shslawfirm.com,dsmith@shslawfirm.com
- **Vincent A. Indeglia**
  vaindeglia@aol.com
- **Stephen A. Izzi**
  sizzi@mosesafonso.com
- **Diana E. Pearson**
  Diana@dpearsonlaw.com
- **Everett A. Petronio , Sr**
  eapjr@loeap.com
- **James P. Redding**
  reddingj@gtlaw.com
- **Peter D. Ruggiero**
  ruggieropd@ruggiero-orton-brochu.com
- **Jeffrey C. Schreck**
  JSchreck@msn.com
- **Robert K. Taylor**
  rkt@psh.com,tlc@psh.com
- **H. Marc Tepper**
  marc.tepper@bipc.com
- **Harris K. Weiner**
  hkw@pinelaw.com,mav@pinelaw.com
- **Robert D. Wieck**
  rwieck@mwdglaw.com,mdaugherty@mwdglaw.com
- **Donald E. d'Entremont**
  d'entremont.donald@dol.gov, bos-sol-ecf@dol.gov
- **David A. Wollin**
  dwollin@apslaw.com,epickett@apslaw.com,dciuffetelli@apslaw.com

By Hand Delivery or First Class US Mail, postage prepaid, as indicated, to the following:

**By Hand Delivery**
**Edward J. Bertozzi**
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

**By Hand Delivery**
**Michael W. Carroll**
Law Office of Michael W. Carroll
72 Pine Street
Providence, RI 02903

**By First Class US Mail**
**Frank Caprio**
Caprio & Caprio
One Center Place
Providence, RI 02903

**By First Class US Mail**
**Douglas J. Gervolino**
Kirby & Marullo
314 West Second Street
South Boston, MA 02127

**By First Class US Mail**
**Frank D. Kirby**
Kirby & Marullo
314 West Second Street
South Boston, MA 02127

**By First Class US Mail**
**Timothy T. More**
50 South Main Street
Providence, RI 02903

**By First Class US Mail**
**Andrew S. Richardson**
182 Waterman Street
Providence, RI 02906

**By First Class US Mail**
**Zachary Darow, Esq.**
50 Kennedy Plaza, Ste. 1500
Providence, RI 02903

/s/ Diane Finkle