**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. 99-565L** |
| | ) | |
| **MONETA CAPITAL CORPORATION** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**RECEIVER'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ENTRY OF AN ORDER EXTENDING TIME**

The U.S. Small Business Administration ("SBA"), as Receiver (the "Receiver") for Moneta Capital Corporation ("Moneta"), in support of its Motion for entry of an Order Extending Time (the "Motion"), hereby states as follows:

BACKGROUND

Moneta held title to approximately 124 acres of real property identified as Plat 379, Lots 8, 9, 158, 159, 425, 426 and 445, Plat 380, Lots 1, 3, and 281, and Plat 381, Lots 38, 39, 40 and 41 ("the Property") located in Warwick, Rhode Island, which property was formerly owned by CR Amusements, LLC. The Property was acquired by the Receiver at a foreclosure sale. Title was held on Moneta's behalf and on behalf of various co-investors in a syndicated loan for which the Property was collateral.

On September 30, 2007, the Receiver filed a Motion (the "Motion to Sell") seeking approval for the sale of the Property pursuant to a purchase and sale agreement (the "City Purchase and Sale Agreement") with the City of Warwick with respect to

approximately forty-one acres of the Property (the "City Parcel") for the purchase price of $4,400,000.00 to be designated as open space and a purchase and sale agreement with Rocky Point Partners, LLC (the "Rocky Point Purchase and Sale Agreement", together with the City Purchase and Sale Agreement, the "Purchase and Sale Agreements") for the remaining acreage of the Property (the "Rocky Point Parcel"), for the purchase price of $15,600,000.00.

On October 24, 2007, the Court entered an Order granting the Receiver's Motion to Sell and set a hearing on confirmation of the sale for November 14, 2007. Prior to the confirmation hearing, Atlantic American Rocky Point Partners Group, LLC ("AARPP") submitted an offer of $17,161,000.00 for the Rocky Point Parcel but failed to provide the necessary evidence of its financial capacity to qualify as a bidder.[1] At the hearing on confirmation of the sale, the Court approved the sale to the City of Warwick and scheduled a subsequent hearing for December 5, 2007, to determine the qualification of AARPP.

The Order (the "City Parcel Sale Order") entered approving the sale to the City of Warwick, specifically provides for a reconveyance of the City Parcel back to the Receiver if the sale of the Rocky Point Parcel is not consummated on or before March 28, 2008. The purpose of this provision was to allow for the closing on the City Parcel prior to December 31, 2007, thereby enabling the City to take advantage of a $2,200,000.00 grant from the National Oceanic & Atmospheric Administration ("NOAA").[2]

---

[1] Due to prior failed negotiations and dealings with Nicholas Cambio who appears to be affiliated with AARPP and who is spearheading AARPP's development, the Receiver required AARPP to deposit $12,000,000.00 with its own counsel as evidence that AARPP had the financial capacity to close on or before March 28, 2008.

Prior to the December 5, 2007 hearing, AARPP submitted documentation indicating that it had the financial capacity to close on the transaction on or before March 28, 2008. As such, at the hearing on December 5, 2007, the Receiver indicated its acceptance of the bid and thereafter the parties proceeded with an auction. At the auction, Rocky Point Partners chose not to advance its bid and an Order (the "Rocky Point Parcel Sale Order") was later entered approving the sale to AARPP, a copy of which is annexed to the Motion as Exhibit B.

On March 18, 2008, AARPP filed a Motion seeking to extend the time-frame for completing its due diligence (the "Motion to Extend Due Diligence Period") to which the Receiver will be filing a separate Objection. In its Motion to Extend the Due Diligence Period, AARPP concedes that it cannot close on March 28, 2008, due to factors it believes must be resolved prior to closing.[3]

Pursuant to paragraph 6 of the Rocky Point Parcel Sale Order, in the event that the closing with AARPP does not occur on or before March 28, 2008, the Receiver is granted authority to proceed with the sale of the Rocky Point Parcel to Rocky Point Partners at its original bid of $15,600,000.00. By letter dated March 18, 2008, Rocky Point Partners indicated its willingness to proceed with the transaction provided it was given the 90 day due diligence period provided for under the contract confirmed by this Court. Rocky Point Partners further assured the Receiver that none of the issues raised by AARPP are pre-conditions to a closing. A copy of the March 18, 2008 letter is annexed to the Motion as Exhibit C. In order for the Receiver to proceed with a sale of the Rocky Point Parcel to Rocky Point Partners, the Receiver must obtain an extension of the time for recording

---

[2] On December 31, 2007, the Receiver and the City of Warwick closed on the City Parcel

the instruments that would effect a reconveyance of the City Parcel back to the Receiver.[4] Without such an extension, the Receiver is obligated to proceed with the reconveyance pursuant to the City Parcel Sale Order so as to protect the value of the Rocky Point Parcel in any subsequent auction.

## ANALYSIS

Rule 66 of the Federal Rules of Civil Procedure governs the applicability of the Rules to receivership proceedings and it states as follows:

> These rules govern an action in which the appointment of a receiver is sought or a receiver sues or is sued. But the practice in administering an estate by a receiver or similar court-appointed officer must accord with the historical practice in federal courts or with a local rule. An action in which a receiver has been appointed may be dismissed only by court order.[5]

The United States District Court has not adopted any specific Local Rule(s) applicable to receivership proceedings. See LR Cv 5 through 81. Therefore, the Court must be guided by the historical practice in federal courts in administering an estate. See Phelan v. Middle States Oil Corp., 210 F.2d 360 (2nd Cir. 1954).

Under Rule 60(b)(6), the Court may grant relief from an Order for any justifiable grounds not set forth in subsections (1) through (5) of the Rule. See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864; 108 S. Ct. 2194, 2204; 100 L. Ed. 2d 855, 875 (1988). As a court of equity has traditionally held the power to modify an order affecting a sale of property, Rule 60(b)(6) appears to provide the mechanism by which

---

[3] AARPP essentially is seeking to convert a sale that was made on an "as is" basis into one contingent upon conditions that it deems necessary to complete its development plans.

[4] The Receiver is presently obligated to effectuate a reconveyance in the event no closing on the Rocky Point Parcel occurs on or before March 28, 2008. Therefore, the Receiver must record the reconveyance instruments within a reasonable time after March 28, 2008 and return $4,400,000.00 to the City.

[5] Rule 66 was amended effective December 1, 2007, however, the comment relative to the amendment indicates that the amendment was done as part of the "restyling of the Civil Rules to make them more

the Court may exercise this historical federal power by allowing for relief from a sale order.

While Courts of equity hold the discretionary power to amend an order affecting the sale of property, public policy dictates that such a sale should not be disturbed except for substantial reasons. See Manson v. Duncanson, 166 U.S. 533, 547; 17 S. Ct. 647, 652; 41 L. Ed. 1105, 1110 (1897). In exercising such authority a Court must determine the material nature of the amendment sought and the prejudice to interested parties. See Quinn v. S.S. Jian, 235 F. Supp. 975, 977 (Dist.MD 1964) (holding in the context of confirmation of a judicial sale that non-material modification after sale extending only the time for payment where no party is prejudiced was within the discretion of the Court).

In the present situation, the Receiver and the City of Warwick have closed on the sale of the City Parcel and the Receiver is presently holding $4,400,000.00 in an interest bearing account, which will be refunded to the City in the event of a reconveyance under the City Parcel Sale Order. Neither the City nor the Receiver has caused the necessity of the requested extension; it is occasioned by AARPP's unwillingness to meet its obligations under their contract and close by March 28, 2008. If the Court does not modify the City Parcel Sale Order, soon after the March 28, 2008 closing deadline, the Receiver will be required to record the instruments of reconveyance resulting in the termination of the sale to the City of Warwick. The result of the reconveyance will be the permanent loss of public funding of at least $2,200,000.00[6]; the loss of the prospective

---

easily understood and to make style and terminology consistent through the rules. These changes are intended to be stylistic only." FRCP Rule 66, Advisory Committee Notes 2007 Amendments.

[6] There is no commitment by the RI DEM to fund the acquisition of any portion of the property for open space without the matching funds from NOAA. The RI DEM paid $1,400,000.00 of the $4,400,000.00 purchase price for the City Parcel.

sale to Rocky Point Partners, and the requirement that the Receiver remarket the entire Property though the process under 28 U.S.C. §2001. In contrast, there does not appear to be any party that would suffer actual prejudice by such an extension. Given the equities, the Court should grant an extension to the Receiver thereby preserving the prospect of a sale of both Parcels for the total price of $20,000,000.00.

CONCLUSION

For all of the reasons stated above, the Receiver requests that the Court grant the Motion thereby extending the time for the Receiver to record the instruments of reconveyance pertaining to the City Parcel.

Respectfully submitted,

U.S. Small Business Administration as
Receiver for Moneta Capital Corporation
By its Attorneys,

/s/ Thomas E. Carlotto

Thomas E. Carlotto #6088
Shechtman Halperin Savage, LLP
1080 Main Street
Pawtucket, RI 02860
401-272-1400
401-272-1403 (fax)

Dated: March 20, 2008