# EXHIBIT 2-B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| C.R. AMUSEMENTS, LLC | ) | CHAPTER 7 |
| Debtor | ) | BK. NO: 99-10154 |
| | ) | |

MEMORANDUM IN SUPPORT OF
MOTION FOR RELIEF FROM AUTOMATIC STAY

The United States Small Business Administration as Receiver (the "Receiver") for Moneta Capital Corporation ("Moneta"), in support of its Motion for Relief from the Automatic Stay, submits the within Memorandum.

FACTS

1. On or about September 26, 1991, Fairway Capital Corporation ("Fairway") extended a loan (the "Loan") in the principal sum of $5,395,000.00 to Rocky Point Amusements, Inc., Captain Rocky, Inc., Rocky Points Amusement Corporation, Cliff House, Inc., and Kiddy-Park, Inc., (together, the "Borrowers") as evidenced by a Term Note (the "Term Note") and a Term Loan Agreement (the "Term Loan Agreement") both dated September 26, 1991.

2. A true and accurate copy of the Term Note is annexed hereto as Exhibit A and incorporated herein by reference.

3. A true and accurate copy of the Term Loan Agreement is annexed hereto as Exhibit B and incorporated herein by reference.

4. The Loan is secured by, among other things, a Mortgage and Security Agreement executed by Rocky Point Amusements, Inc., (the "Mortgage") encumbering real property (the "Property") known as Assessor's Plat 379, Lots 8, 9, 158, 159, 425, 426, 445; Assessor's Plat

380, Lots 1, 3, 281; and Assessor's Plat 381, Lots 38, 39, 40, 41, all as more particularly described in the Mortgage.

5. A true and accurate copy of the Mortgage is annexed hereto as Exhibit C and incorporated herein by reference.

6. In November 1994, Rocky Point Amusements, Inc., Kiddy Park, Inc., and Captain Rocky, Inc.,(together, the "Massachusetts Debtors") each filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts, Western Division (the "Massachusetts Bankruptcy Court").

7. On January 5, 1995, the Massachusetts Bankruptcy Court entered an Order permitting joint administration of the Massachusetts Debtors' cases under case number 94-45023.

8. On October 18, 1995, the Massachusetts Bankruptcy Court confirmed a Joint Plan of Reorganization (the "Plan").

9. Pursuant to the terms of the Plan, the Massachusetts Debtors' assets, including the Property, were transferred to C.R. Amusements, LLC. In addition, the Plan provided for the capitalization of all unpaid interest, attorney's fees, costs and expenses into the principal amount of the Loan and for the transfer of the Loan along with all security therefore to Moneta.

10. On December 10, 1997, Moneta assigned the Loan to Participation Services Corporation for no consideration. On February 23, 1998, Participation Services Corporation later assigned the Loan to Acropolis Enterprises, Inc. ("Acropolis") also for no consideration.

11. C.R. Amusements was unable to meet its obligations to pay the Loan and eventually filed a voluntary petition for relief under Chapter 7, of the Bankruptcy Code on January 14, 1999, (the "Filing Date") with the United States Bankruptcy Court for the District of Rhode

Island (the "Court"). Andrew Richardson, Esq. was appointed as the Chapter 7 Trustee in this proceeding (the "Trustee")

12. On February 2, 2000, in that certain proceeding captioned United States of America v. Moneta Capital Corporation (the "Receivership") an Order (the "Receivership Order") was entered by the United States District Court for the District of Rhode Island (the "District Court") appointing the Receiver.

13. The Receivership Order also provided for a stay of any civil legal proceeding, including bankruptcy proceedings, involving Moneta or its assets until further Order of the District Court. A true and accurate copy of the Receivership Order is annexed hereto as Exhibit D and incorporated herein by reference.

14. On March 21, 2002, the District Court Ordered Acropolis to assign the Loan and the security therefor over to the Receiver. A copy of the assignment from Acropolis to the Receiver is annexed hereto as Exhibit E and incorporated herein by reference.

15. On August 8, 2002, the Receiver filed a Motion for an Order Lifting the Judicial Stay for a Limited Purpose in the Receivership seeking permission to file the instant Motion for Relief before this Court. In response thereto, the Trustee filed a Cross Motion for Relief from Order seeking, among other things, to allow the Trustee the opportunity to sell the Property in this bankruptcy proceeding.

16. After conducting a hearing on November 4, 2002, the District Court entered an Order granting the Receiver's Motion for an Order Lifting the Judicial Stay for a Limited Purpose thereby allowing for the filing and prosecution of this Motion. A true and accurate copy of the Order granting the Receiver's Motion for an Order Lifting the Judicial Stay for a Limited Purpose is annexed hereto as Exhibit F and incorporated herein by reference.

17. On November 4, 2002, the District Court also heard the Trustee's Cross Motion for Relief from Order, which was denied.

18. At the hearing on the Trustee's Cross Motion for Relief from Order, the Trustee conceded, and the District Court agreed, that there is no equity in the Property. A true and accurate copy of the hearing transcript on the Trustee's Motion for Relief from Order is annexed hereto as Exhibit G.

19. In its schedules, C.R. Amusements values the Property at $6,900,000.00.

20. As of March 24, 2003, there remained due and owing to the Receiver pursuant to the Term Note, as amended by the Plan, approximately $15.394.357.63, exclusive of attorneys' fees, costs, and expenses. As provided in the Mortgage, the Receiver has sought to protect its interest in the Property by advancing funds to redeem the Property from the holders of tax title and to pay all outstanding tax obligations due to the City of Warwick as well as advancing funds to pay the amounts due to the holders of encumbrances senior to the Mortgage.

21. As of the Filing Date, there was a pre-petition arrearage due under the Term Note, as modified by the Plan, of approximately $2,759,990.18 exclusive of attorney's fees, costs and expenses.

22. The Term Note, as modified by the Plan, matured in 2001 and as such there is no post-petition arrearage.

23. The Property is encumbered by the following liens junior to the Mortgage that remain of record:

a. Execution in the amount of $17,033.61 in favor of Consign Ag;

b. Execution in the amount of $2,914.44 in favor of Betras Plastics, Inc.;

c. Tax lien in favor of the Department of Employment and Training with no amount stated and recorded in Book 1737, Page 107;

d. Execution in the amount of $30,580.37 in favor of Blue Cross and Blue Shield of Rhode Island;

e. Execution in the amount of $11,780.15 in favor of Broadcast Music, Inc.;

f. Mortgage in favor of Moneta in the principal sum of $1,500,000.00;

g. Notice of tax lien filed by the State of Rhode Island Division of Taxation with no amount stated and recorded in Book 2547, Page 321;

h. Notice of Federal Tax Lien in the amount of $19,994.27;

i. Notice of Tax Lien filed by the State of Rhode Island Division of Taxation with no amount stated and recorded in Book 3247 at page 293.

24. There are no defenses, claims or set-offs available to the Debtor that would operate to reduce the indebtedness or any obligation to make payment thereof

## DISCUSSION

The Receiver requests relief from the automatic stay to permit it to exercise its various non-bankruptcy rights and remedies including, without limitation, (1) taking possession of the Property. (2) foreclosing the Mortgage or obtaining a deed-in-lieu of foreclosure, (3) seeking to obtain. if necessary, eviction of the Debtor and any other occupant from the Property, and (4) any other relief this Court deems just and proper.. The Receiver submits that it is entitled to said relief pursuant to 11 U.S.C. §362(d)(1) and/or 11 U.S.C. §362(d)(2).

The Receiver is entitled to relief pursuant to 11 U.S.C. §362(d)(2) because there is no equity in the Property and the Property is not necessary for an effective reorganization as this is a Chapter 7 liquidation.

Pursuant to 11 U.S.C. §362(d)(1), the Court shall grant relief from the automatic stay for cause including the lack of adequate protection. The Receiver respectfully submits that it lacks adequate protection due to the lack of equity in the Property and the Trustee's failure to make post-petition payments or to otherwise provide adequate protection. In addition, cause exists because the Trustee is unable to obtain relief from the Receivership Order due to the lack of equity in the Property and as such cannot sell the Property in this bankruptcy proceeding.

CONCLUSION

For the reasons set forth herein, the Receiver respectfully requests that it be granted relief from the automatic stay so as to exercise its non-bankruptcy rights and remedies including, without limitation, taking possession of the Property, obtaining a deed-in-lieu of foreclosure and/or foreclosing the Mortgage, seeking to obtain, if necessary, eviction of the Debtor and any occupant from the Property, and any other relief this Court deems just and proper.

UNITED STATES SMALL BUSINESS
ADMINISTRATION AS RECEIVER FOR
MONETA CAPITAL CORPORATION
By Its Attorney,

Thomas E. Carlotto #6088
SHECHTMAN HALPERIN SAVAGE, LLP
86 Weybosset Street
Providence, RI 02903
(401) 272-1400 phone

Dated: March 24, 2003