# EXHIBIT 2-F

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MONETA CAPITAL CORPORATION<br><br>Defendant. | Civil Case No. 99-565-ML |

ORDER

This matter came for a hearing before the Honorable Mary L. Lisi, on February 2, 2000, on Plaintiff's Motion for Permanent Injunction and Appointment of the U.S. Small Business Administration as Receiver of Moneta Capital Corporation;

After hearing thereon,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Pursuant to the provisions of 15 U.S.C. §687c, this Court shall take exclusive jurisdiction of Moneta Capital Corporation ("Moneta"), and all of its assets, wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of Moneta ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshaling and liquidating all of Moneta's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.



19

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers and directors of Moneta under applicable state and federal law, by the Articles of Incorporation, and By-Laws of said corporation, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 28 U.S.C. § 754. The trustees, directors, officers, employees and agents of Moneta are hereby dismissed. Such persons shall have no authority with respect to Moneta's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Moneta and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, agents, partners, trustees, attorneys, accountants, and employees of Moneta, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating Moneta and its assets and all other assets and property of the corporation, whether real or personal. Arnold Kilberg, Investment Advisor for Moneta shall furnish a written statement within ten (10) days after the entry of this Order, listing the identity, location and estimated value of all assets of Moneta as well as the names, addresses and amounts of claims of all known creditors of Moneta. Within thirty (30) days following the entry of this Order, Arnold Kilberg shall also furnish a written report describing all assets. All persons having control, custody or possession of any assets or property of Moneta are hereby directed to turn such property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, and partners of

Moneta, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation, debt, or distribution with respect to a partnership interest to Moneta shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if Moneta had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions, to extend credit on behalf of Moneta, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the Receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate.

6. The Receiver has the power, pursuant to the Federal Rules of Civil Procedure, to seek discovery from Moneta's past and/or present officers, directors, agents, shareholders, employees, debtors, creditors, and partners of Moneta, and other

appropriate persons (including, without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns). In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery from Moneta's past or present officers, directors, agents, shareholders, employees, debtors, creditors, and partners of Moneta and other appropriate persons (including, without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns). In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information or any other form of discovery concerning Moneta and the assets of Moneta, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due Moneta, the Receiver shall make its discovery request in compliance with the Federal Rules of Civil Procedure.

7. The parties to any and all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or any other actions of any nature involving Moneta or any assets of Moneta, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving Moneta, the Receiver or any of Moneta's past or present officers or directors sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding

or any such asset. All civil legal proceedings of any nature, including but not limited to bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving Moneta or any assets of Moneta, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving Moneta, the Receiver, or any of Moneta's past or present officers or directors sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of Moneta against a third party, any applicable statute of limitation is tolled during the period in which this injunction against the commencement of legal proceedings is in effect as to that cause of action.

8. Moneta and its past and/or present directors, officers, agents, employees and other persons acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of Moneta to the detriment of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. §107.1 et. seq. (1958).

9. The Receiver is authorized to borrow on behalf of Moneta, from SBA, up to $100,000 for the administration of the Moneta receivership estate, and is authorized to cause Moneta to issue Receiver's Certificates of Indebtedness in the principal amounts of

the sums borrowed, which certificates will bear interest at or about 10 percent *per annum* and will have a maturity date no later than 18 months after the date of issue. The Certificates of Indebtedness shall be treated as administrative expenses.

10. This Court determines and adjudicates that Moneta has violated the Act and the Regulations. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that Moneta's license be revoked.

SO ORDERED this 2nd day of February, 2000.

Mary M. Lisi
Mary M. Lisi
United States District Court Judge

ENTER: