# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MONETA CAPITAL CORPORATION,<br>Defendant. | C.A. No. 99-565 L |

## MOTION OF NANCY TROY LOVETT, THE NANCY TROY LOVETT SELF-DIRECTED INDIVIDUAL RETIREMENT ACCOUNT, AND THE RAUL LOVETT MARITAL TRUST TO AUTHORIZE PURCHASE OF PARTICIPATION INTEREST, OR, IN THE ALTERNATIVE, TRANSFER OF OWNERSHIP OF REAL PROPERTY

Nancy Troy Lovett, the Nancy Troy Lovett Self-Directed Individual Retirement Account, and the Raul Lovett Marital Trust (the "Lovetts"), through counsel, move for an order (1) authorizing the purchase by the U.S. Small Business Administration, as Receiver for Moneta Capital Corporation, of their participation interests in a loan secured by 124 acres of land in Warwick, Rhode Island (the "Rocky Point Property"), or (2) in the alternative, confirming their right to demand the immediate transfer of the Rocky Point Property to the preferred participants in the loan. In support of their motion the Lovetts rely upon the accompanying memorandum of law.

NANCY TROY LOVETT, THE NANCY TROY LOVETT SELF-DIRECTED INDIVIDUAL RETIREMENT ACCOUNT, AND THE RAUL LOVETT MARITAL TRUST

By Their Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Robert K. Taylor
Jeffrey H. Gladstone (#3286)
Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
jhg@psh.com
rkt@psh.com

DATED: July 18, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed with the Clerk of the United States District Court for the District of Rhode Island on this 18th day of July, 2008 and is available for viewing and downloading to the following ECF registered counsel of record:

Edward J. Bertozzi, Esq. / Edwards Angell Palmer & Dodge LLP
ebertozzi@eapdlaw.com

Jeffrey S. Brenner, Esq. / Nixon Peabody LLP
jbrenner@nixonpeabody.com

Peter G. Berman, Esq. / Raskin & Beman
peter@raskinberman.com

Joseph Avanzato, Esq. / Adler Pollock & Sheehan P.C.
javanzato@apslaw.com

Christopher R. Bush, Esq. / R.I. Department of Attorney General
cbush@riag.ri.gov

Frank Caprio, Esq. / Caprio & Caprio
frankcaprio@hotmail.com

Thomas E. Carlotto, Esq. / Schechtman Halperin Savage LLP
tcarlotto@shslawfirm.com

Michael W. Carroll, Esq.
mwc@carroll-law.net

William J. Delaney, Esq. / Tillinghast Licht LLP
wdelaney@tllaw.com

Joseph Michael DiOrio, Esq.
jmdiorio@dioriolaw.com

John William Dineen, Esq.
jwdineen1@yahoo.com

Christopher R. Donato, Esq. / U.S. Attorneys' Office
chris.donato@usdoj.gov

John G. Earle, Esq. / Breslin, Sweeney & Earle, LLP
jearle@bselaw.com

Arlene Embrey, Esq. / Small Business Administration
arelene.embrey@sba.gov

Douglas A. Giron, Esq. / Shechtman Halperin Savage LLP
dgiron@shslawfirm.com

William R. Grimm, Esq. / Hinckley, Allen & Snyder
wgrimm@haslaw.com

Preston W. Halperin, Esq / Shechtman Halperin Savage LLP
phalperin@shslawfirm.com

Vincent A. Indeglia, Esq. / Indeglia & Associates
vaindeglia@aol.com

Stephen A. Izzi, Esq. / Moses Afonso Jackvony, Ltd.
sizzi@mosesafonso.com

Timothy T. More, Esq.
timmore@tmorelaw.com

Everet A. Petronio, Sr., Esq. /
eapjr@loeap.com

James P. Redding, Esq. / Greenberg Traurig, LLP
reddingj@gtlw.com

Jeffrey C. Shreck, Esq.
jschreck@msn.com

H. Marc Tepper, Esq. / Buchanan Ingersoll, P.C.
marc.tepper@bipc.com

Harris K. Weiner, Esq. / Law Offices of Jeffrey B. Pine, Esq.
hkw@pinelaw.com

Robert D. Wieck, Esq. / MacAdams, Wieck DeLuca & Gemma
rwieck@mwdglaw.com

David A. Wollin, Esq. / Adler Pollock & Sheehan P.C.
dwollin@apslaw.com

and that a copy of the foregoing was sent by first class mail to the following:

Douglas J. Gervolino, Esq.
Kirby & Marullo
314 West Second Street
South Boston, MA 02127

Frank D. Kirby, Esq.
Kirby & Maruallo
314 West Second Street
South Boston, MA 02127

Andrew S. Richardson
182 Waterman Street
Providence, RI 02906

/s/ Robert K. Taylor

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MONETA CAPITAL CORPORATION,<br><br>Defendant. | C.A. No. 99-565-L |

**MEMORANDUM IN SUPPORT OF MOTION TO AUTHORIZE PURCHASE OF PARTICIPATION INTEREST, OR IN THE ALTERNATIVE, TRANSFER OF OWNERSHIP OF REAL PROPERTY**

Nancy Troy Lovett, the Nancy Troy Lovett Self-Directed Individual Retirement Account, and the Raul Lovett Marital Trust (the "Lovetts"), through counsel, submit the following memorandum of law in support of their Motion to Authorize Purchase of Participation Interest, Or In The Alternative, Transfer Of Ownership Of Real Property.

## I. INTRODUCTION

The Lovetts collectively own approximately 51% of the participation interests in a $5 million loan made by Fairway Capital Corporation in 1991 (the "Loan"). The Loan was secured by a mortgage on property formerly the site of the Rocky Point Amusement Park in Warwick, Rhode Island ("Rocky Point"). In 2002, the mortgage and Loan documents were assigned to the U.S. Small Business Administration in its capacity as receiver for Moneta Capital Corporation ("Moneta Receiver"). In July 2003, the Moneta Receiver foreclosed on Rocky Point, and purchased it on behalf of the Loan participants.

Since 2003, Rocky Point has been the subject of a series of unsuccessful purchase and sales agreements. The most recent of these agreements was terminated by the prospective

buyer on June 30, 2008. Absent action by the Court, the contingent transfer of a portion of Rocky Point to the City of Warwick in December 2007 must be unwound on or before August 4, 2008. Should that occur, the Lovetts and the other participants in the Loan face the prospect of another round of marketing and lengthy delays before Rocky Point is sold and any proceeds distributed.

During the years that the Moneta Receiver has controlled Rocky Point, it has incurred enormous carrying costs and other expenses related to the property. A recent accounting of those costs and expenses through September 30, 2008 totals over $9.3 million. At least $2.5 million of these expenses are highly questionable, and have already been challenged by the Lovetts. Nevertheless, it is clear that even if the expenses are reduced, continued control of the property by the Moneta Receiver threatens to swallow up much, if not all, of the principal and interest due to the Lovetts under their participation agreements in the Loan.

The Lovetts' participation agreements allow the Moneta Receiver to purchase the Lovetts' interests in the Loan. The Lovetts respectfully request an order authorizing the receiver to do so at an acceptable, reasonable and appropriate amount, before August 4, 2008. This may well require a hearing on the reasonableness of the administrative costs that the SBA may seek to charge under the terms of the participation agreements. If such a hearing is required it is respectfully requested that an order enter establishing the minimum amount due the Lovetts to be paid prior to August 4, 2008, with any remainder being paid following a hearing on the reasonableness of the administrative costs. In the alternative, the Lovetts respectfully request an order confirming their right to demand the immediate transfer of ownership of Rocky Point to them. As set forth more fully below, two of the Lovetts' participation agreements include preferred rights to demand such a transfer of ownership.

## II. BACKGROUND

In September 1991, Fairway Capital Corporation ("Fairway") made a $5 million term loan (the "Loan") collateralized by a mortgage on 124 acres of real property in Warwick, Rhode Island (the "Rocky Point Property"). Exhibit A (Term Loan Agreement). The original borrowers were Rocky Point Amusements, Inc., Captain Rocky, Inc., Rocky Point Amusements Corporation, Cliff House, Inc., and Kiddy-Park, Inc. ("Rocky Point Amusements"). *Id*. After the original borrowers declared bankruptcy, the debt and title to the collateral was transferred to CR Amusements, LLC. Exhibit B.

Fairway solicited other persons to participate in the Loan, including Nancy Troy Lovett ("Mrs. Lovett"), the Nancy Troy Lovett Self-Directed Individual Retirement Account ("Lovett S.D.I.R.A."), and the Raul Lovett Marital Trust. On or about November 25, 1991, Mrs. Lovett purchased a $615,000 preferred participation in the Loan. On the same date, the Lovett S.D.I.R.A. purchased a $1,385,000 preferred participation in the Loan. The Raul Lovett Marital Trust purchased a $600,000 non-preferred (or junior) participation. The Lovetts' participations are evidenced by written participation agreements (the "Participation Agreements"). Exhibits C and D.

Fairway initially serviced the Loan and took action on behalf of itself and the Loan participants, acting as lead lender pursuant to the Participation Agreements. Between 1994 and 1998, Fairway's rights and obligations as lead lender were transferred to a series of entities, the last being Acropolis Enterprises ("Acropolis"). Exhibit E.

Prior to 2000, Fairway and Acropolis were controlled by the same individual, Arnold Kilberg. Kilberg also controlled Moneta Capital Corporation ("Moneta"). By order dated February 2, 2000, this Court appointed the United States Small Business Administration

("SBA") as receiver for Moneta. Exhibit F. By order dated March 13, 2000, the Court appointed the SBA as receiver for Fairway. Exhibit G.

In March 2002, the Court entered an order requiring that Acropolis turn over the Loan, Loan documents and security to the SBA in its capacity as Receiver for Moneta. Exhibit H. Acropolis executed a General Assignment of Loan and Security Documents assigning all of its right, title and interest in the Loan and security documents to the Moneta Receiver. Exhibit I. Acropolis also assigned all of its right, title and interest in the mortgage and promissory note. Exhibit E.

On November 4, 2002, the Court entered an order granting relief from the judicial stays in the Fairway and Moneta receiverships and allowing the Moneta Receiver to petition the U.S. Bankruptcy Court for the District of Rhode Island (in which CR Amusements, LLC, the titled owner of the Rocky Point Property, had by then filed for bankruptcy protection) for relief allowing it

> as lead lender for a loan participation group that includes Fairway, (a) to institute foreclosure proceedings against certain real property, upon which the Moneta led group holds a mortgage, currently titled in the name of CR Amusements, LLC and (b) to proceed with the foreclosure of that real property without further order of this Court.

Exhibit J.

On June 2, 2003, the U.S. Bankruptcy Court for the District of Rhode Island entered an order authorizing the Moneta Receiver to "immediately exercise its non-bankruptcy rights and remedies including, without limitation, (a) taking possession of [the Rocky Point Property], (b) foreclosing its mortgage thereon or obtaining a deed in lieu of foreclosure, and (c) seeking to obtain, if necessary, eviction of the Debtor and any occupant from the Property." Exhibit K.

The Moneta Receiver foreclosed on the Rocky Point Property on July 29, 2003. At the foreclosure sale, the Moneta Receiver purchased the property on behalf of the Loan participants. Exhibit L (Foreclosure Deed and Affidavit of Sale). *See also* Affidavit of Stephen Jones, ¶ 3, attached as Exhibit A to Receiver's Memorandum in Support of its Objection to the Motion of Peter M. Scotti and Peter M. Scotti & Associates for Real Estate Commission, filed June 8, 2005 ("Title is held on Moneta's behalf and behalf of various co-investors in a syndicated loan securing a loan for which the Property was collateral."); Affidavit of Elaine Hruschka, ¶ 12, attached as Exhibit A to Memorandum in Support of Receiver's Motion for Increase in Amount of Receiver's Certificates, filed March 30, 2005 ("On July 29, 2003, the Receiver foreclosed the mortgage encumbering Rocky Point on its own behalf and on behalf of a syndicated lending group.").

In May 2004, the Moneta Receiver entered into two purchase and sale agreements for the Rocky Point Property with Vanderbilt Capital, LLC. Exhibits M and N. One purchase and sale agreement related to approximately 29 acres (the "Rocky Beach Parcel"), and the other related to the remaining area. *Id*. The purchase and sale agreements conditioned the buyer's obligation to close on various permit approvals, and allowed the buyer several years to attempt to secure such approvals. In December, 2006, the buyer gave notice that it did not intend to proceed to closing. The purchase and sales agreements were terminated by order of the court on February 13, 2007.

The Moneta Receiver thereafter remarketed the Rocky Point Property. On December 19, 2007, the court approved the sale of approximately 41 waterfront acres to the City of Warwick. Exhibit O. The sale order specified, however, that the approximately 41 acres would be reconveyed to the Moneta Receiver in the event that the remaining acreage was not sold within 120 days. The court subsequently extended to August 4, 2008 the deadline after

which the 41 acres must be reconveyed to the Moneta Receiver, absent a sale of the remaining land. Exhibit P. Since December 2007, two potential purchasers of the remaining acreage have declined to move forward to closing. The Lovetts are not aware of any purchaser in a position to close on the remaining acreage before August 4.

## III. ARGUMENT

### A. The Court Should Authorize The Receiver To Purchase The Lovetts' Interests In the Loan.

The Loan participation agreements permit the Lender to buy out the interest of any participant in the Loan, as follows:

> At any time, Lender shall have the option to repurchase from Participant its participation in the Loan at a price equal to the balance of:
>
> (i) the sum of (a) Participant's Investment then outstanding, plus (b) Participant's share of all charges or interest earned but undistributed on the Loan to such date, minus
>
> (ii) Participant's share of all outstanding expenses thereunder to such date.
>
> If Lender exercises its option as aforesaid, upon payment thereof this Participation Agreement shall terminate for all purposes and each of the parties will be relieved of any liability to the other arising from any prior transactions hereunder.

Exhibits C and D, section 6. The Moneta Receiver has stepped into the shoes of the Lender, and is therefore permitted to buy out a Loan participant. Section 3.4 of the Participation Agreements allows the Lender to recover "reasonable and customary" costs and expenses of monitoring, servicing and collecting the Loan. Id., Section 3.4.

The Moneta Receiver has recently calculated that the buy out price for the Lovetts' interests in the Loan is approximately $4.1 million as of September 30, 2008. The buy out price calculated by the Receiver is based on Loan administration expenses of approximately $9.3 million. There are several reasons, however, that these expenses are not "reasonable and customary" as required by the Participation Agreements:

- The Receiver is charging 10% interest on all of its expenses related to the property from the date incurred, a total of over $2.5 million. The basis for this appears to be that the Receiver on occasion borrowed money in the form of Receiver's Certificates, some of which accrued interest at 10%. However, not all of the Receiver's Certificates carried a 10% interest rate: for instance, Receiver's Certificate #10 (issued 9/30/02, in the principal amount of $138,599) had an interest rate of 3%. Furthermore, it is well documented in court filings that the Receiver only borrowed $3,550,000 for Rocky Point expenses. The Receiver should not be charging the participants 10% interest on money as an administrative expense when it did not borrow or incur interest charges on more than $3,550,000 in connection with Rocky Point. The 10% interest rate is well in excess of the prevailing prime rate for most of the relevant period, which is a reasonable rate to use to calculate the foregone interest on receivership funds used to pay Rocky Point expenses. Certainly, the Receiver should not profit to the detriment of the participants.

- The Moneta Receiver's accounting of expenses includes a lump sum of $972,349.33 for 2006, 2007 and 2008 real estate taxes due through September 30, 2008. These taxes, as well as the taxes for 2004 and 2005, were based on property valuations that in turn relied on the price for the property negotiated with the prospective buyers in the contingent purchase and sale contracts. Because the purchase and sale agreements were contingent on obtaining permits and other relief, and in fact never closed, these valuations were plainly excessive. Despite warnings from the City of Warwick that the taxes could not be abated unless valuation appeals were filed, the Moneta Receiver never filed or pursued any valuation appeals.

- The accounting identifies $223,110 of pre-petition expenses allegedly relating to Rocky Point. However, the Moneta Receiver has not yet provided back up to substantiate the amounts claimed, or to show that they are reasonable and customary loan administration

expenses relating to Rocky Point. In fact, some categories – for example, newspapers, and court reporting – are questionable on their face.

In light of these issues, the Lovetts request an order authorizing the Moneta Receiver to purchase their interests for a minimum price of $4.1, which the Moneta Receiver does not dispute, subject to upward adjustment if the Moneta Receiver is unable to establish to the satisfaction of the court that its expenses were reasonable and customary. The minimum purchase amount should be paid within 10 days of the date of the order.

**B. <u>In The Alternative, The Lovetts' Right To Demand Immediate Transfer Of The Property Should Be Confirmed.</u>**

In addition to the provision of the participation agreements relating to buy outs, preferred participants have additional rights. These rights include the right to demand the collateral for the Loan if it is not sold within two years after a foreclosure. More than two years have passed since the Moneta Receiver foreclosed on Rocky Point. The Lovetts hold the only two preferred participations in the Loan.

The Lovetts' preferred Participation Agreements contain the following provision:

> Any provision hereof to the contrary notwithstanding, any Collateral purchased by Lender at any foreclosure sale and not sold by Lender within two (2) years thereafter shall be transferred jointly to the Preferred Participants together with all rights of Lender remaining in the Loan Documents, including, without limitation, any deficiency claim against the Borrowers.

<u>Exhibits C and D</u>, Section 5.1(b). "Collateral" is defined as "all collateral security for the loan now or hereafter granted pursuant to and as evidenced by the Loan Documents, including but not limited to guaranties and real estate mortgages." *Id.*, Section 1.1. The Lovetts are Preferred Participants in the Loan. *Id.*, Section 2 (Lovett participation "hereby is designated as a 'Preferred Participation Amount' and shall be treated as such for all purposes hereunder") and Section 1.12 (Preferred Participant "shall mean the holder of a Preferred Participation Amount").

There are no Preferred Participants other than the Lovetts. *See id.*, Section 3.1(a) (Preferred Participation Amounts total $2,000,000).

Section 5.1(b) of the Participation Agreements entitles the Lovetts to demand the transfer of the Rocky Point Property, notwithstanding any contrary provision of the Participation Agreements. The Rocky Point Property was Collateral for the Loan, and was purchased at a foreclosure sale by the Lender on July 29, 2003. The Lovetts are Preferred Participants, and the Moneta Receiver is the Lender, having acquired all right, title and interest in the Loan and security from Acropolis in March, 2002. More than two years have passed since the foreclosure sale, and the Rocky Point Property has not been sold. *NSK Ltd. v. United States*, 115 F.3d 965, 975 (Fed. Cir. 1997) (common meaning of the term "sold" requires “both a transfer of ownership to an unrelated party and consideration”); *Belliveau v. O’Coin*, 557 A.2d 75 (R.I. 1989) (“sale” for purposes of triggering a right of first refusal involves a significant transfer of ownership or control to an unrelated third party).

The junior Loan participants (including Moneta) were on notice of the preferred participants’ superior rights when they purchased their participations. One of those superior rights was the right – notwithstanding any provision of the Participation Agreements to the contrary -- to any collateral purchased by the Lender at foreclosure and not sold for two years. The Moneta Receiver has recommended, and the Court has already approved, the enforcement of valid participation agreements in accordance with their terms. Memorandum in Support of Moneta Receiver’s Motion for Approval to Pay Participants Pursuant to Loan Participation Agreements, Moneta Docket No. 188, at 8 (recommending that participants “be treated as owners of those participation interests, with the Receiver acting as their agent with respect to the collection and distribution of the proceeds of the relevant participation loans in accordance with the terms thereof”); November 4, 2002 Order (finding that participations are “subject to the

terms of the respective participation agreements," and authorizing Receiver to administer participations in accordance with their terms). Therefore, the Lovetts' right to demand the unsold collateral should be enforced.

## IV. CONCLUSION

For all of the foregoing reasons, the Lovetts request that the Court enter an Order authorizing the Receiver to buy out the Lovetts' participation interests as provided in the Participation Agreements. In the alternative, the Lovetts request an Order confirming their right to demand an immediate transfer of ownership of the Rocky Point property.

NANCY TROY LOVETT, THE NANCY TROY LOVETT SELF-DIRECTED INDIVIDUAL RETIREMENT ACCOUNT, AND THE RAUL LOVETT MARITAL TRUST

By Their Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Robert K. Taylor
Jeffrey H. Gladstone (#3286)
Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
jhg@psh.com
rkt@psh.com

DATED: July 18, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of July, 2008 a copy of the foregoing MEMORANDUM IN SUPPORT OF MOTION TO AUTHORIZE PURCHASE OF PARTICIPATION INTEREST, OR IN THE ALTERNATIVE, TRANSFER OF OWNERSHIP OF REAL PROPERTY was filed with the Clerk of the United States District Court for the District of Rhode Island and is available for viewing and downloading to the following counsel of record:

Edward J. Bertozzi, Esq. / Edwards Angell Palmer & Dodge LLP
ebertozzi@eapdlaw.com

Jeffrey S. Brenner, Esq. / Nixon Peabody LLP
jbrenner@nixonpeabody.com

Peter G. Berman, Esq. / Raskin & Beman
peter@raskinberman.com

Joseph Avanzato, Esq. / Adler Pollock & Sheehan P.C.
javanzato@apslaw.com

Christopher R. Bush, Esq. / R.I. Department of Attorney General
cbush@riag.ri.gov

Frank Caprio, Esq. / Caprio & Caprio
frankcaprio@hotmail.com

Thomas E. Carlotto, Esq. / Schechtman Halperin Savage LLP
tcarlotto@shslawfirm.com

Michael W. Carroll, Esq.
mwc@carroll-law.net

William J. Delaney, Esq. / Tillinghast Licht LLP
wdelaney@tllaw.com

Joseph Michael DiOrio, Esq.
jmdiorio@dioriolaw.com

John William Dineen, Esq.
jwdineen1@yahoo.com

Christopher R. Donato, Esq. / U.S. Attorneys' Office
chris.donato@usdoj.gov

John G. Earle, Esq. / Breslin, Sweeney & Earle, LLP
jearle@bselaw.com

Arlene Embrey, Esq. / Small Business Administration
arelene.embrey@sba.gov

Douglas A. Giron, Esq. / Shechtman Halperin Savage LLP
dgiron@shslawfirm.com

William R. Grimm, Esq. / Hinckley, Allen & Snyder
wgrimm@haslaw.com

Preston W. Halperin, Esq / Shechtman Halperin Savage LLP
phalperin@shslawfirm.com

Vincent A. Indeglia, Esq. / Indeglia & Associates
vaindeglia@aol.com

Stephen A. Izzi, Esq. / Moses Afonso Jackvony, Ltd.
sizzi@mosesafonso.com

Timothy T. More, Esq.
timmore@tmorelaw.com

Everet A. Petronio, Sr., Esq. /
eapjr@loeap.com

James P. Redding, Esq. / Greenberg Traurig, LLP
reddingj@gtlw.com

Jeffrey C. Shreck, Esq.
jschreck@msn.com

H. Marc Tepper, Esq. / Buchanan Ingersoll, P.C.
marc.tepper@bipc.com

Harris K. Weiner, Esq. / Law Offices of Jeffrey B. Pine, Esq.
hkw@pinelaw.com

Robert D. Wieck, Esq. / MacAdams, Wieck DeLuca & Gemma
rwieck@mwdglaw.com

David A. Wollin, Esq. / Adler Pollock & Sheehan P.C.
dwollin@apslaw.com

and that a copy of same was sent by first class mail to the following:

Douglas J. Gervolino, Esq.
Kirby & Marullo
314 West Second Street
South Boston, MA 02127

Frank D. Kirby, Esq.
Kirby & Maruallo
314 West Second Street
South Boston, MA 02127

Andrew S. Richardson
182 Waterman Street
Providence, RI 02906

/s/ Robert K. Taylor

996099_1/3210-2