# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,
Plaintiff,

v.

FAIRWAY CAPITAL CORPORATION
Defendant.

C.A. No. 00-035ML

ORDER

This matter came before the Honorable Mary M. Lisi, on March 13, 2000 on Plaintiff's Motion for Permanent Injunction and Appointment of the U.S. Small Business Administration as Receiver of Fairway Capital Corporation. After hearing thereon, it is hereby:

ORDERED, ADJUDGED AND DECREED:

1. Pursuant to the provisions of 15 U.S.C. §687c, this Court takes exclusive jurisdiction of FAIRWAY CAPITAL CORPORATION ("Fairway") and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of Fairway ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshaling and liquidating all of Fairway's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers, investment advisors and other agents of Fairway under applicable state and federal law, by the Articles of Incorporation, and By-Laws of said corporation, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. §

754. The trustees, directors, officers, employees, managers, investment advisors and agents of Fairway are hereby dismissed. Such persons shall have no authority with respect to Fairway's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Fairway and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, managers, investment advisors, agents, trustees, attorneys, accountants, and employees of Fairway, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to Fairway and its assets and all other assets and property of the corporation, whether real or personal. Arnold Kilberg, President, Investment Advisor and/or other agent of Fairway, shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of Fairway as well as the names, addresses and amounts of claims of all known creditors of Fairway. Within thirty (30) days following the entry of this Order, Arnold Kilberg shall also furnish a written report describing all assets. All persons having control, custody or possession of any assets or property of Fairway are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, employees, shareholders, creditors and debtors of Fairway, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation or debt to Fairway shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if Fairway had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of Fairway, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any asset (including without limitation any claim), other than real estate.

6. The Receiver has the power, pursuant to the Federal Rules of Civil Procedure, to seek discovery from Fairway's past and/or present officers, directors, agents, accountants, managers, shareholders, employees, debtors and creditors of Fairway and other appropriate persons (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns). In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other discovery concerning the assets, property or business operations of Fairway, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to

Fairway, the Receiver shall make its discovery request(s) in compliance with the Federal Rules of Civil Procedure.

7. The parties to any and all civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving Fairway or any assets of Fairway (including without limitation assets transferred by Fairway in violation of applicable statutes or regulations governing Small Business Investment Companies), including subsidiaries, partnerships and other business combinations of Fairway, wherever located, or involving Fairway, the Receiver, or any of Fairway's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding or any such asset. All civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving Fairway or any assets of Fairway (including without limitation assets transferred by Fairway in violation of applicable statutes or regulations governing Small Business Investment Companies), including subsidiaries, partnerships and other business combinations of Fairway, wherever located, and excluding the instant proceeding, or involving Fairway, the Receiver, or any of Fairway's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or

otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. The following action is specifically exempted from the stay of proceedings in this paragraph:

> Acropolis Enterprises, Inc. v. C.R. Amusements, LLC, d/b/a/ Rocky Point Amusement Park, Case A.P. No. 99-1076, in the United States Bankruptcy Court for the District of Rhode Island;

provided, that this exemption does not otherwise apply to the matter In re: C.R. Amusements, LLC, d/b/a/ Rocky Point Amusement Park, Case. No. BK99-10154 in the United States Bankruptcy Court for the District of Rhode Island.

Further, as to a cause of action accrued or accruing in favor of Fairway against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against the commencement of legal proceedings is in effect as to that cause of action.

8. Fairway and its past and/or present directors, officers, managers, general or limited partners, agents, investment advisors, employees and other persons acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of Fairway to the detriment of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. §107.1 et. seq. (1958).

9. The Receiver is authorized to borrow on behalf of Fairway, from the SBA, up to $100,000 and is authorized to cause Fairway to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue.

Said Receiver's Certificates of Indebtedness shall be deemed to be administrative expenses of the Receivership.

10. This Court determines and adjudicates that Fairway has violated the Act and the Regulations, as alleged in the Complaint filed against Fairway in the instant action. After the foregoing activities are completed, the Receiver may submit a report to this Court recommending that Fairway's SBA license be revoked.

Mary M. Lisi 3/13/00
Mary M. Lisi
United States District Court Judge

ENTER:

Ellen M. Brunelle
Deputy Clerk