**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. 99-565L** |
| | ) | |
| **MONETA CAPITAL CORPORATION** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION[1]

The following recommended disposition has been sent to the United States Senior District Judge Ronald Lagueux. Any party in interest may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. The objection must be received in the office of the United States District Clerk no later than ten (10) days from the date of service by said Clerk of the findings and recommendations. Failure to file timely objections shall result in waiver of the right to appeal.

[1] This Magistrate Judge has adopted the "Proposed Findings and Recommended Disposition" submitted by the parties at the July 25, 2008, hearing with four changes. The title has been changed to "Report and Recommendation," the date of the hearing has been inserted in the first line of the first paragraph on page 2, the words "turn over" appearing in paragraph 8 on page 3 have been changed to "turnover," and the signature block on page 8 has been modified.

This matter came on for hearing on July 25, 2008, on the Motion (the "Motion") of Nancy Troy Lovett, the Nancy Troy Lovett Self-Directed Individual Retirement Account, and the Raul Lovett Marital Trust (the "Lovetts") To Authorize Purchase Of Participation Interest, Or, In The Alternative, Transfer Ownership Of Real Property and the Response or, in the alternative, Cross Motion of the Receiver filed by the United States Small Business Administration in its capacity as the Receiver (the "Receiver") of Moneta Capital Corporation ("Moneta") and IT IS FOUND THAT:

1. Shortly after its appointment, the Receiver was made aware that Moneta held an interest in a syndicated loan ("the Loan") made to C.R. Amusements, LLC ("C.R. Amusements"), which loan was collateralized by a mortgage on real property consisting of 124 acres in Warwick, Rhode Island that was formerly the site of the Rocky Point Amusement Park ("the Property").

2. The Moneta Receivership Estate and a number of co-investors (the "Participants") hold participation interests in the Loan which are evidenced by participation agreements (the "Participation Agreements").

3. The Receiver was appointed as the lead lender (the "Lead Lender") under the Participation Agreements and

sought to foreclose the mortgage securing the Property in 2003.

4. The Receiver became the titled owner of Property as the result of a foreclosure sale held on or about July 29, 2003.

5. Title to the Property is held for the benefit of the Moneta Receivership Estate and on behalf of the Participants.

6. The Participation Agreements provide for either a preferred participation interest or a junior participation interest.

7. Nancy Troy Lovett, the Nancy Troy Lovett Self-Directed Individual Retirement Account, and the Raul Lovett Marital Trust (the "Lovetts") hold participation interests in the Loan aggregating a 50.02% interest (the "Lovetts' Participation Interest").

8. The Lovetts hold the only preferred participation interests, which provide for additional rights in the event of liquidation of the collateral securing the Loan including a right to priority in payment pursuant to Section 5.2 of each Participation Agreement and the right to demand turnover of the collateral under the Loan after the passage of two years from the foreclosure of such collateral pursuant to Section 5.1(b).

9. The Participation Agreements provide the Lead Lender with the right to repurchase any Participant's interest at any time under Section 6.

10. By Order entered on December 14, 2007, the Court approved the conditional sale of approximately forty-one acres of the Property the ("City Parcel") to the City of Warwick for the price of $4,400,000.00. The City Parcel is now known as Assessor's Plat 380, Lot 287.

11. Subsequently on December 19, 2007, the Court approved the sale of the remaining acreage of the Property (the "Rocky Point Parcel") to Atlantic American Rocky Point Partners, LLC.

12. The City Parcel was originally subject to reconveyance in the event that a sale to Atlantic American Rocky Point Partners, LLC was not consummated on or before March 28, 2008.

13. By Order dated April 2, 2008, the Court permitted the substitution of Rocky Point Partners, LLC as the purchaser of the Rocky Point Parcel and extended the time for closing to August 4, 2008.

14. If a closing on the transaction with Rocky Point Partners, LLC does not occur by August 4, 2008, the Receiver is presently obligated to record the necessary instruments to reconvey the City Parcel back to the

Receiver and return the $4,400,000.00 purchase price to the City of Warwick together with accrued interest.

15. Rocky Point Partners, LLC terminated the agreement for the sale of the Rocky Point Parcel and no closing will occur on or before August 4, 2008.

16. As a result of the termination of the sale of the Rocky Point Parcel, the Lovetts have requested that the Court authorize the purchase of the Lovetts' Participation Interests or, alternatively, direct the Receiver to turn over the Property in accordance with the Participation Agreements.

17. The Receiver has recommended that the Court allow for a finalization of the sale to the City of Warwick and to permit use of the sale proceeds free and clear of any interests to repurchase the Lovetts Participation Interests.

18. Without the repurchase of the Lovetts' preferred participation interests, Lovett is entitled to the turn over of the Property in accordance with the Participation Agreements as two years have elapsed since the foreclosure resulting in the transfer of title to the Property to the Receiver.

19. Because Lovetts' preferred participation interests have priority in payment after satisfaction of

administrative expenses, there is a substantial likelihood that the Lovetts will sell the Property for a price that effectively divests the junior participants of any recovery.

20. It is in the best interest of the Moneta Receivership Estate as the holder of junior participation interest in the Loan to allow for the repurchase of the Lovett Participation Interests.

IT IS THEREFORE RECOMMENDED THAT:

1. The Court adopt the Receiver's recommendation to finalize the sale to the City of Warwick and permit use of the sale proceeds free and clear of any interests for the purpose of repurchasing the Lovetts' Participation Interests. Any released interest in such sale proceeds shall attach as a first-priority lien to the Rocky Point Parcel;

2. The Receiver be directed to deliver any instruments necessary to effectuate the reconveyance of the City Parcel back to the City of Warwick and that such sale shall be deemed final in all respects;

3. That the Receiver be ordered to:

a. pay to the Lovetts the sum of $4,178,528.75 based upon the Participation Agreement, representing the Lovetts outstanding participation interest after having deducted therefrom 50.02% of the administrative expenses associated with the Property calculated by the Receiver to be $9,198,211.85 through September 30, 2008 (the "Administrative Expenses");

b. establish a reserve administrative claim fund in the amount of $220,000.00 for any unliquidated or unknown administrative claims for goods, services or any other charge or expense of any kind or nature related to the Property that accrued prior to August 15, 2008, and for which application for payment has not been made and/or approved by the Receiver or the Court;

c. on or before August 30, 2008, file with the Court a Motion seeking an administrative claims bar date and procedure for goods, services or any other charge or expense of any kind or nature related to the Property that have accrued prior to August 15, 2008; and

d. pay to the Lovetts an amount equal to 50.02% of any amount that the Administrative Expenses are reduced by virtue of the determination of any unliquidated or

unknown administrative claims through a Court approved claims bar procedure;

4. That the Court authorize the Receiver to execute and deliver such documents as are necessary to comply with the terms of this recommendation and further grant leave for the Receiver to take all actions necessary to conclude and finalize the sale of the City Parcel and the Purchase of the Lovetts' Participation Interest without further order of this Court; and

5. That an Order enter in the form annexed hereto as Exhibit A.

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
July 28, 2008